FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2010 SEP -8 P 4: 27

CLERK
ALEXANDRIA

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC. ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 1:10 CV 1007 |
| ) | CMH/TRJ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| LOGMEIN, INC. ) | |
| AND ) | |
| DELL, INC. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff 01 Communique Laboratory, Inc. ("01") files this Complaint and demand for jury trial seeking relief for patent infringement against Defendants LogMeIn Inc. ("LogMeIn") and Dell Inc. ("Dell") (collectively "Defendants"). 01 states and alleges the following:

## BACKGROUND

1.  This is an action for infringement of 01's U.S. Patent No. 6,928,479 entitled "System Computer Product and Method for Providing a Private Communication Portal," ("the '479 Patent"), a true and correct copy of which is attached hereto as Exhibit A. The '479 Patent was duly and legally issued on August 9, 2005, and assigned to 01 by an assignment recorded in the United States Patent Office at Reel/Frame number 010934/0133.

2.  01 manufactures, sells, and operates, I'm InTouch, a secure, Internet-based remote access service that provides the ability to login and work on a personal computer running the I'm InTouch software from virtually any device with an Internet connection. 01's I'm InTouch service and software embodies the inventions of numerous claims of the '479 Patent

and is used by thousands of customers for remote computer access. The technology covered by the '479 Patent has garnered considerable praise in the marketplace and has won numerous awards. 01 has marked its products embodying the '479 Patent pursuant to 35 U.S.C. § 287.

3. Following the issuance of the '479 Patent, 01 filed an infringement action on February 1, 2006, against Citrix Systems, Inc. and Citrix Online, LLC ("Citrix") for infringement of 01's '479 Patent. The case was assigned to the Honorable Ann Aldrich of the United States District Court for the Northern District of Ohio, Case No. 1:06-CV-0253.

4. On December 7, 2007, Citrix filed a request for *inter partes* reexamination of the '479 Patent with the U.S. Patent and Trademark Office ("PTO").

5. On July 6, 2010, the PTO issued a Right of Appeal Notice in the '479 reexamination. This final decision rejected all of Citrix's invalidity arguments and confirmed the patentability of the 20 claims asserted in this action.

## THE PARTIES

6. 01 is a corporation organized and existing under the laws of Ontario, Canada, and has offices at two locations. Its Canadian office is located at 1450 Meyerside Drive, Suite 500, Mississauga, Ontario. Its United States office is located within this judicial district at 1100 North Glebe Road, Suite 1010, Arlington, Virginia. The United States office is responsible for marketing, licensing, and technology development, including the marketing, licensing, and development of the technology claimed by the '479 patent.

7. Upon information and belief, LogMeIn is a corporation organized and existing under the laws of Delaware with a principal place of business at 500 Unicorn Park Dr., Suite

103, Woburn, MA. LogMeIn's business includes manufacturing, importing, selling, and/or offering to sell Internet-based access, support, and collaboration software and services in this Judicial District, and throughout the United States.

8.   LogMeIn transacts business within this judicial district on a substantial and continuous basis. Upon information and belief, LogMeIn sells its products and services to individuals and other entities located within the Alexandria Division of the Eastern District of Virginia such as Quadramed, a medical information management company headquartered in Reston, Virginia, and the Prince William County Government. Further, LogMeIn has, and continues to commit the tortious act of patent infringement through its manufacture, importation, use, sale, and/or offer for sale within this judicial district of, but not limited to, LogMeIn Free, LogMeIn Pro[2], and LogMeIn Ignition.

9.   Upon information and belief, Dell is a corporation organized and existing under the laws of Texas and has a principal place of business at One Dell Way, Round Rock, TX 78682. Dell's business includes manufacturing, importing, selling, and/or offering to sell Internet-based access, support, and collaboration software and services in this Judicial District, and throughout the United States.

10.   Dell transacts business within this judicial district on a substantial and continuous basis. Upon information and belief, Dell sells its products and services to individuals and other entities within the Alexandria Division of the Eastern District of Virginia such as Best Buy and Staples. Further, Dell has, and continues to commit the tortious act of patent infringement through its manufacture, importation, use, sale, and/or offer for sale within this judicial district of, but not limited to Dell Remote Access. Further, upon information and belief, Dell does

business within the Alexandria Division of the Eastern District of Virginia through Dell Perot Systems Corporation with offices at 8270 Willow Oaks Corporate Drive, Suite 300, Fairfax, VA 22031 and 13880 Dulles Corner Lane, Herndon, VA 20171.

## JURISDICTION AND VENUE

11. This action for patent infringement arises under the Patent Act, 35 U.S.C. § 100, *et. seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over each of the Defendants under Virginia Code § 8.01-328.1 because Defendants have transacted business, contracted to supply services or things, and caused tortious injury in this judicial district. In particular, each Defendant has substantial and continuous contacts within this judicial district and has committed acts of patent infringement within this judicial district. The acts of patent infringement within this judicial district include direct sales of infringing products as well as placing infringing products into the stream of commerce under circumstances that each of the Defendants reasonably should have anticipated being subject to suit in this judicial district. This Court also has personal jurisdiction over each of the Defendants because the acts of patent infringement are aimed at this judicial district and/or have effect in this judicial district.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). Pursuant to Local Civil Rule 3(C), this matter is properly assigned to the Alexandra Division.

## COUNT I - INFRINGEMENT BY DEFENDANTS

14. The allegations of paragraphs 1 through 14 are realleged as if fully set forth herein.

15. Within this Judicial District, LogMeIn manufacturers, uses, offers for sale, and/or sells at least: (a) LogMeIn Free, a solution for basic access to a remote PC or Mac for individuals; (b) LogMeIn Pro[2], a solution for anytime, anywhere secure access to files and application on a remote PC or Mac; (c) LogMeIn Ignition, a solution for mobile access to remote computers.

16. LogMeIn manufactures, imports, uses, sells, and/or offers for sale Internet-based access, support, and collaboration software and services in this judicial district and throughout the United States that infringe one or more claims of the '479 Patent either literally or under the doctrine of equivalents. The infringing software manufactured, imported, used, sold, and/or offered for sale within this judicial district includes, but is not limited to, LogMeIn Free, LogMeIn Pro[2], and LogMeIn Ignition. By its acts, LogMeIn is also inducing others to infringe the '479 Patent and contributing to the infringement by others of the '479 Patent. On information and belief, LogMeIn has had knowledge of the '479 Patent at least as early as 2007.

17. Upon information and belief, LogMeIn has infringed, directly and/or indirectly, and literally and/or under the doctrine of equivalents, and continues to infringe one or more claims, including at least claims 1, 3-6, 20-30, and 41-45, of the '479 Patent, by making, using, importing, selling and/or offering for sale a system or a computer program product for remotely accessing a personal computer covered by one or more claims of the '479 patent, including but not limited to LogMeIn's LogMeIn Free, LogMeIn Pro, and LogMeIn Ignition.

18. Within this Judicial District, Dell manufacturers, uses, offers for sale, and/or sells at least Dell Remote Access, a solution for mobile access to remote computers.

19. Dell, through its website, manufactures, imports, uses, sells, and/or offers for sale Internet-based access, support, and collaboration software and services in this judicial district and throughout the United States that infringe one or more claims of the '479 Patent either literally or under the doctrine of equivalents. The infringing software manufactured, imported, used, sold, and/or offered for sale within this judicial district includes, but is not limited to Dell's Dell Remote Access service available for download on Dell's website at http://www.dellremoteaccess.com/. By its acts, Dell is also inducing others to infringe the '479 Patent and contributing to the infringement by others of the '479 Patent. On information and belief, Dell has had knowledge of the '479 Patent at least as early as 2007.

20. Upon information and belief, Dell has infringed, directly and/or indirectly, and literally and/or under the doctrine of equivalents, and continues to infringe one or more claims, including at least claims 1, 3-6, 20-30, and 41-45, of the '479 Patent, by making, using, importing, selling and/or offering for sale a system or a computer program product for remotely accessing a personal computer covered by one or more claims of the '479 patent, including but not limited to Dell's Dell Remote Access.

21. O1 has been and continues to be irreparably harmed and monetarily damaged by Defendants' infringement of the '479 Patent. The irreparable harm and monetary damages as a result of Defendants' infringement include, but are not limited to, lost profits, price erosion, and lost sales relating to affiliated products. If Defendants' infringement of the '479 Patent is not enjoined, O1 will continue to be irreparably and monetarily damaged.

22.     Each of the Defendants' infringement of the '479 Patent is willful. This is an exceptional case warranting an award of treble damages to 01 under 35 U.S.C. § 284 and an award of its attorney fees under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff 01 respectfully requests the following relief:

A.     Judgment that Defendants have infringed the '479 Patent;

B.     Judgment that Defendants' infringement of the '479 Patent is willful;

C.     Damages for infringement of the '479 Patent in an amount sufficient to compensate it for Defendants' infringement of the '479 Patent, together with pre- and post-judgment interest and costs under 35 U.S.C. § 284;

D.     Treble damages for willful infringement of the '479 Patent under 35 U.S.C. § 284;

E.     Both a preliminary and a permanent injunction against Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with them, prohibiting infringement of the '479 Patent;

F.     Judgment that this is an exceptional case under 35 U.S.C. § 285 warranting an award of 01's attorneys fees;

G.     Costs for this lawsuit; and

H.     Any other relief deemed just by the Court.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Date: September 8, 2010

Respectfully submitted,

/s/ A. Neal Seth

BAKER & HOSTETLER LLP

A. Neal Seth (VSB 47394)
Elizabeth A. Scully (VSB 65920)

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
(202) 861-1500
(202) 861-1783 (facsimile)
nseth@bakerlaw.com
escully@bakerlaw.com

*Attorneys for Plaintiff, 01 Communique Laboratory, Inc.*