**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LOGMEIN, INC. AND DELL, INC., <br><br> Defendants. | Civil Action No. 1:10-cv-01007-CMH-TRJ |

**DEFENDANT LOGMEIN, INC.'S ANSWER TO THE COMPLAINT**

Defendant LogMeIn, Inc. ("LogMeIn") answers the allegations of 01 Communique Laboratory, Inc.'s ("01") Complaint as follows:

**BACKGROUND**

1.  LogMeIn admits that 01 has alleged patent infringement in this action. LogMeIn further admits that U.S. Patent No. 6,928,479 ("the '479 Patent") was issued on August 9, 2005, and assigned to 01 at Reel/Frame number 010934/0133. LogMeIn denies that it has infringed the '479 Patent and further denies any implication that the '479 Patent is valid.

2.  LogMeIn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.  LogMeIn admits the allegations in paragraph 3 of the Complaint.

4.  LogMeIn admits the allegations in paragraph 4 of the Complaint.

5.  LogMeIn admits that the PTO issued a Right of Appeal Notice in the '479 reexamination on July 6, 2010. LogMeIn denies that the PTO's determination was a "final

decision" because Citrix has appealed the decision to the Board of Patent Appeals and Interferences and the reexamination of the '479 Patent is ongoing.

## THE PARTIES

6. LogMeIn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. LogMeIn admits the allegations in paragraph 7 of the Complaint.

8. LogMeIn admits that it transacts business in the Eastern District of Virginia on a substantial and continuous basis, including sales of the specific LogMeIn products to the specific customers identified in paragraph 8 of the Complaint. LogMeIn expressly denies that it has committed or is committing "the tortious act of patent infringement" by engaging in such business activities in this judicial district.

9. No answer is required to the allegations in paragraph 9 because they are entirely directed to a defendant other than LogMeIn. To the extent an answer is required, LogMeIn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. No answer is required to the allegations in paragraph 10 because they are entirely directed to a defendant other than LogMeIn. To the extent an answer is required, LogMeIn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11. LogMeIn admits that this action arises under the federal patent laws identified in paragraph 11 of the Complaint and that this Court has subject matter jurisdiction over this action.

- 3 -

12. LogMeIn admits that it has "transacted business" and "contracted to supply services or things" in this judicial district, but denies that it has "caused tortious injury" in this judicial district. LogMeIn denies that it has committed acts of patent infringement within this judicial district and that it reasonably should have anticipated being subject to suit in this judicial district. LogMeIn further denies that has committed acts of patent infringement aimed at or having effect in this judicial district. No answer is required to the remaining allegations of paragraph 12 of the Complaint because they merely state conclusions of law. Furthermore, no response is required to the allegations in paragraph 12 of the Complaint to the extent they are directed to a defendant other than LogMeIn.

13. No response is required to the allegation in paragraph 13 of the Complaint because it merely states a conclusion of law.

### COUNT I – INFRINGEMENT BY DEFENDANTS

14. LogMeIn incorporates paragraphs 1 through 13 herein.

15. LogMeIn admits the allegations in paragraph 15 of the Complaint.

16. LogMeIn denies the allegations in paragraph 16 of the Complaint.

17. LogMeIn denies the allegations in paragraph 17 of the Complaint.

18. No answer is required to the allegations in paragraph 18 because they are entirely directed to a defendant other than LogMeIn. To the extent an answer is required, LogMeIn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. No answer is required to the allegations in paragraph 19 because they are entirely directed to a defendant other than LogMeIn. To the extent an answer is required, LogMeIn lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.   No answer is required to the allegations in paragraph 19 because they are entirely directed to a defendant other than LogMeIn.  To the extent an answer is required, LogMeIn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.   LogMeIn denies the allegations in paragraph 21 of the Complaint to the extent they are directed to LogMeIn.  No answer is required to the allegations in paragraph 21 to the extent they are directed to a defendant other than LogMeIn.

22.   LogMeIn denies the allegations in paragraph 22 of the Complaint to the extent they are directed to LogMeIn.  No answer is required to the allegations in paragraph 22 to the extent they are directed to a defendant other than LogMeIn.

## DEFENSES

On information and belief, LogMeIn asserts the following defenses to 01's Complaint:

## FIRST DEFENSE

23.   01 is not entitled to any relief against LogMeIn because LogMeIn has not directly or indirectly infringed any claim of the '479 Patent.

## SECOND DEFENSE

24.   One or more of the claims of the '479 Patent are invalid for failing to meet one or more of the statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code §§ 101 et seq., including without limitation §§ 102, 103, and/or 112.

## THIRD DEFENSE

25.     01's claims are barred, in whole or in part, by laches, estoppel, and/or other equitable doctrines.

## RESERVATION OF DEFENSES

26.     LogMeIn presently lacks knowledge or information sufficient to form a belief as to whether it may have additional yet understated defenses.  Accordingly, LogMeIn reserves the right to assert additional defenses in the event that investigation and/or discovery reveal that additional defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, LogMeIn requests that the Court enter a judgment in its favor and against 01 as follows:

        A.     Dismissing the Complaint in its entirety, with prejudice;

        B.     Finding that LogMeIn has not infringed, and is not infringing, the '479 patent;

        C.     Finding that one or more of the claims of the '479 patent are invalid, void, and/or unenforceable against LogMeIn;

        D.     Awarding LogMeIn its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

        E.     Granting such further relief as this Court deems to be just and proper.

- 6 -

Dated:  October 15, 2010                         Respectfully submitted,

      /S/
Philip R. Seybold (VSB# 73596)
*Attorney for Defendant LogMeIn, Inc.*
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.:  (202) 663-6000
Fax:  (202) 663-6363
Email: randy.seybold@wilmerhale.com

OF COUNSEL:

WILMER CUTLER PICKERING HALE
AND DORR LLP

Wayne L. Stoner (*pro hac vice* application pending)
Joel Cavanaugh (*pro hac vice* application pending)
*Attorneys for Defendant LogMeIn, Inc.*
60 State Street
Boston, MA 02109
Tel.:  (617) 526-6000
Fax:  (202) 526-5000
Email:  wayne.stoner@wilmerhale.com
Email:  joel.cavanaugh@wilmerhale.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 15, 2010, a true and correct copy of the above and foregoing document was served via the Court's ECF system upon all counsel designated to receive such notices, as identified below:

| | |
|---|---|
| A. Neal Seth<br>Adam Jay Smith<br>BAKER & HOSTETLER LLP<br>1050 Connecticut Ave. NW<br>Suite 1100<br>Washington, DC 20036<br>Tel.: (202) 861-1500<br>Email: nseth@bakerlaw.com<br>Email: ajsmith@bakerlaw.com<br><br>*Attorneys for Plaintiff 01*<br>*Communique Laboratory, Inc.* | Charles Bennett Molster , III<br>WINSTON & STRAWN LLP<br>1700 K St. NW<br>Washington, DC 20006<br>Tel.: (202) 282-5000<br>Email: cmolster@winston.com<br><br>*Attorney for Defendant Dell, Inc.* |

                                                          /S/
                                      Philip R. Seybold (VSB# 73596)
                                      *Attorney for Defendant LogMeIn, Inc.*
                                      WILMER CUTLER PICKERING HALE
                                      AND DORR LLP
                                      1875 Pennsylvania Avenue NW
                                      Washington, DC 20006
                                      Tel.:  (202) 663-6000
                                      Fax:  (202) 663-6363
                                      Email: randy.seybold@wilmerhale.com