**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

---

01 COMMUNIQUE LABORATORY, INC.            )
                                          )
Plaintiff,                                )
                                          )
v.                                        )   Case No. 1:10-cv-01007-CMH-TRJ
                                          )
LOGMEIN, INC.                             )   JURY TRIAL DEMANDED
                                          )
Defendant.                                )

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION
FOR SUMMARY JUDGMENT OF NONINFRINGEMENT
IN LIGHT OF U.S. COURT OF APPEALS RULING**

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................ 1

II.     BACKGROUND ......................................................................................... 2

III.    LEGAL STANDARDS ............................................................................... 4

        A.    The Law Of The Case Doctrine Prohibits Reconsideration Of Issues
              Decided On Appeal ........................................................................... 4

        B.    Summary Judgment Is Precluded Where Genuine Issues of Material Fact
              Remain ............................................................................................... 5

IV.     THE FEDERAL CIRCUIT AWARDED 01 ITS REQUESTED CLAIM
        CONSTRUCTION ...................................................................................... 5

V.      LOGMEIN'S MOTION SHOULD BE DENIED IN VIEW OF THE FEDERAL
        CIRCUIT'S CLAIM CONSTRUCTION ................................................... 6

        A.    LogMeIn's Proposed Re-Construction Of "Location Facility" Contradicts
              The Ruling Of The Federal Circuit And Highlights An Outstanding
              Genuine Issue Of Material Fact ........................................................ 6

              1.    LogMeIn Improperly Seeks To Have This Court Apply A Claim
                    Construction Of "Location Facility" In Conflict With That Of The
                    Federal Circuit ......................................................................... 6

              2.    Genuine Issues of Material Fact Exist Regarding Infringement Of
                    The "Location Facility" Element Of The Claims Of The '479
                    Patent Under The Federal Circuit's Claim Construction ............. 9

        B.    LogMeIn's Argument Regarding "Static IP Address" Would At Best
              Result Only In Partial Summary Judgment, Is Directly Contradicted By
              The Federal Circuit's Claim Construction, And Highlights An Outstanding
              Genuine Issue Of Material Fact ........................................................ 10

              1.    Even If Correct, LogMeIn's "Static IP Address" Argument Would
                    Not Dispose Of This Case ........................................................ 10

              2.    LogMeIn's "Static IP Address" Argument Conflicts With The
                    Federal Circuit's Claim Construction ....................................... 11

              3.    Genuine Issues of Material Fact Exist Regarding Whether
                    LogMeIn's Locator Server Has A Location On The Internet
                    Defined By A Static IP Address ............................................... 12

VI.     LOGMEIN HAS NOT PRODUCED EVIDENCE TO SUPPORT THE FACTS
        UNDERLYING ANY ARGUMENT THAT ITS WITHHELD SYSTEM
        ARCHITECTURE DOES NOT INFRINGE .............................................. 13

VII.    STATEMENT OF DISPUTED MATERIAL FACTS ................................. 15

VIII.   CONCLUSION ........................................................................................... 24

## I.       INTRODUCTION

Plaintiff 01 Communique Laboratory, Inc. ("01") opposes Defendant LogMeIn, Inc.'s Renewed Motion for Summary Judgment of Noninfringement in Light of U.S. Court of Appeals Ruling (the "Motion").  In its renewed Motion, LogMeIn, Inc. ("LogMeIn") mischaracterizes the ruling of the United States Court of Appeals for the Federal Circuit ("Federal Circuit") and seeks a summary judgment which would require this Court to contradict that controlling mandate.

**First**, the Federal Circuit agreed with 01 in construing "location facility" to be "***software*** on a locator server computer [. . .]." 01 Communique Laboratory, Inc. v. LogMeIn, Inc., 687 F.3d 1299-1300 (Fed. Cir. 2012).  In providing this construction, the Federal Circuit used the word "software" which, by its ordinary meaning and the explicit teaching of the '479 patent, encompasses a set of multiple computer programs.  LogMeIn now argues that the claimed "location facility" functions are not practiced by its products because they are not performed by "one big software program," written in a single language or built on a single coding platform.  The Federal Circuit's decision, however, uses the word "software" in its ordinary sense of comprising more than one computer program, and does not constrain "software" to being "one big program" nor prohibits those programs from being "written in more than one language," or "built on multiple coding platforms."   LogMeIn's attempt to have this Court apply a construction contrary to that of the Federal Circuit is improper as a matter of law and is unsupportable as a matter of fact.

**Second**, the functions recited in the Federal Circuit construction of "location facility" are themselves requirements of the locator server.  The Federal Circuit held that these functions ***can be distributed*** among "multiple physical computers."  Thus, the Federal Circuit has already ruled that each individual computer comprising the locator server computer need not meet all the requirements of the composite locator server.  Likewise, it is only the collective group of

1

programs that make up the "location facility" that, as a whole, needs to meet the requirements of the location facility. LogMeIn misrepresents the Federal Circuit's holding to this Court and argues that, in holding that the "locator server may comprise multiple computers," the Federal Circuit required that *each* of the parts of the locator server computer individually satisfy *all* requirements for the composite locator server computer. In particular, LogMeIn argues that each computer comprising the locator server must have a separate static IP address. The Federal Circuit's holding does not permit such a reading of the claims and, in fact, is directly contrary to that holding.

The Federal Circuit has spoken definitively with regard to the claim construction applicable to 01's U.S. Patent No. 6,928,479 ("the '479 Patent") and has determined that summary judgment for defendant is inappropriate. It is time for the matter to be set for trial.

## II.   BACKGROUND

On May 4, 2011, this Court granted summary judgment to LogMeIn based on the Court's construction of the term "location facility" in the '479 Patent.[1]  (*See* ECF 137 (Order)). This Court construed the term "location facility" as:

> a component of a locator server computer that *itself*: 1) creates communication sessions between a remote computer and personal computer; 2) receives a request for communication with the personal computer from the remote computer; 3) locates the personal computer (and "determines the then location of the personal computer"); and 4) creates a communication channel between a remote computer and the personal computer.

(ECF 137 at 8) (emphasis added). Summary judgment of noninfringement was granted because "[t]he LogMeIn system does not contain any component that *itself* performs all the four

---

[1] "Location facility" is the phrase used in the '479 Patent for "software."  See, e.g., 01 Communique, 687 F.3d at 1296.

functions required of the location facility under the Court's construction of the term." (Id. at 13) (emphasis added).

01 appealed the summary judgment ruling and, in a decision dated July 31, 2012, the Federal Circuit defined "the issue upon which this appeal turns – whether the location facility must be contained entirely on a single locator server computer as held by the district court and asserted by LogMeIn, or whether it may be *distributed among multiple locator server computers* as asserted by 01 Communique." 01 Communique, 687 F.3d at 1296 (emphasis added). As requested by 01, the Federal Circuit vacated the summary judgment and held that "the location facility may be distributed among multiple physical computers," 01 Communique, 687 F.3d at 1297. The Federal Circuit expressly incorporated this provision into its claim construction for the term "location facility":

> Software on a locator server computer that: (1) receives a request for communication with the personal computer from the remote computer; (2) determines the then current location of the personal computer; (3) creates a communication channel between the remote computer and the personal computer; and (4) creates one or more communication sessions between the remote computer and the personal computer. *The locator server computer may comprise one or more computers, and the location facility may be distributed among one or more locator server computers.*

01 Communique, 687 F.3d at 1299-1300 (emphasis added).

In adding the last sentence to its construction, the Federal Circuit made clear that the locator server can be one or more computers and the location facility may be distributed among one or more of these locator server computers. Also as requested by 01, the Federal Circuit removed the word "itself" from the first line of this Court's claim construction, with the Federal Circuit explaining that the "use of a singular pronoun might suggest misleadingly that all of the functions of the location facility must be performed on a single computer, *despite our explicit construction to the contrary*." 01 Communique, 687 F.3d at 1299 n.4 (emphasis added). The

appellate court also affirmed that the patent specification's teaching that "facilities [*i.e.,* *software*] may be subdivided" should be given effect and was not "trumped" by remarks made by the patent applicant during reexamination. 01 Communique, 687 F.3d at 1297.

On October 15, 2012, LogMeIn filed its "renewed" motion for summary judgment. LogMeIn seeks to have this Court improperly modify the Federal Circuit's holding in support of its argument that it does not infringe under the Federal Circuit's claim construction.

## III.  LEGAL STANDARDS

### A.  The Law Of The Case Doctrine Prohibits Reconsideration Of Issues Decided On Appeal

The law of the case doctrine prohibits parties from seeking reconsideration of issues already decided on appeal. "[W]hen a decision of an appellate court establishes the law of the case, it must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal [. . .] the doctrine applies both to questions actually decided *as well as to those decided by necessary implication* [. . .]." Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 68-69 (4th Cir. 1988) (internal citations and quotation marks removed) (emphasis added). "Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.'" United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939)).

The Federal Circuit has recognized that an appellate court's claim construction is an issue that generally may not be modified by a lower court on rehearing. AFG Indus., Inc. v. Cardinal IG Co., Inc., 375 F.3d 1367, 1372 (Fed. Cir. 2004) ("Claim construction is the law of the case, which generally bars retrial of issues that were previously resolved.") (internal citations omitted). Exceptions to the law of the case doctrine are limited. Intergraph Corp. v. Intel Corp., 253 F.3d 695, 698 (Fed. Cir. 2001) (Exceptions to the law of the case are "the discovery of new and different material evidence that was not presented in the prior action, or an intervening change of

controlling legal authority, or when the prior decision is clearly incorrect and its preservation would work a manifest injustice.").

 **B. Summary Judgment Is Precluded Where Genuine Issues of Material Fact Remain**

  LogMeIn must demonstrate that there are no genuine issues of material fact at issue and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp., 149 F.3d 1309, 1315 (Fed. Cir. 1998). In evaluating whether summary judgment is appropriate, this Court views the evidence in a light most favorable to 01, with doubts as to issues of material fact resolved in 01's favor. Ethicon, 149 F.3d at 1315; Phoenix Savings & Loan, Inc. v. Aetna Cas. & Surety Co., 381 F.2d 245, 249 (4th Cir. 1967). This Court must regard 01's evidence as true, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324.

## IV. THE FEDERAL CIRCUIT AWARDED 01 ITS REQUESTED CLAIM CONSTRUCTION

  The Federal Circuit held that the claimed "location facility" can be distributed over multiple computers and expressly rejected inclusion of "itself" in the construction of that term— exactly as requested by 01 below. Pl. Opp'n to LogMeIn's Mot. for Claim Construction and Summ. J. at 24 (ECF 93) (Feb. 11, 2011) ("2011 Summ. J. Opp'n"). While 01's proposed construction did not include the four enumerated functions, the Federal Circuit decision correctly noted that "*[t]he parties do agree* that the location facility performs the four functions enumerated in the district court's claim construction," and accurately described 01's position not as contrary to this point but only as an objection regarding redundancy. 01 Communique, 687 F.3d at 1296 (emphasis added) ("01 Communique argues that because those functions are set forth expressly in the claim, it would be 'redundant and unnecessary' to incorporate them into

the construction of 'location facility.'"").  Thus, 01 never argued that including the four functions in the definition was wrong—it simply argued that it was redundant.

LogMeIn's motion ignores this language from the Federal Circuit opinion to argue that 01's claim construction was "explicitly rejected."  See, e.g., Motion at 1, 16. That language from the opinion not only undermines the visceral support LogMeIn seeks to gain for its Motion but also exposes the flaw in its argument that 01 cannot prove that the LogMeIn location facility performs all four functions identified in the claim construction.  LogMeIn's products include a sub-divided location facility that performs all four functions identified in the claim construction, and 01's experts have already so opined.  See, e.g., 2011 Summ. J. Opp'n, Ex. B at 4 (ECF 93-2); Ex. 1 at 44 (Expert Report of Dr. Andrew S. Grimshaw (Jan. 21, 2011)); Ex. 2 at 7-8 (Rebuttal Expert Report of Dr. Jack W. Davidson (Feb. 28, 2011)).  The truth is that 01's construction was adopted by the Federal Circuit, and LogMeIn's proposed construction and argument were soundly defeated on appeal.

## V.   LOGMEIN'S MOTION SHOULD BE DENIED IN VIEW OF THE FEDERAL CIRCUIT'S CLAIM CONSTRUCTION

### A.   LogMeIn's Proposed Re-Construction Of "Location Facility" Contradicts The Ruling Of The Federal Circuit And Highlights An Outstanding Genuine Issue Of Material Fact

#### 1.   LogMeIn Improperly Seeks To Have This Court Apply A Claim Construction Of "Location Facility" In Conflict With That Of The Federal Circuit

The Federal Circuit construed "location facility" as a synonym for "software," particularly, "[s]oftware on a locator server computer [. . .]." 01 Communique, 687 F.3d at 1299-1300. As noted in the Federal Circuit's decision, the functions of the location facility may be sub-divided among one or more of the computers that comprise the locator server. See, e.g., 01 Communique, 687 F.3d at 1299 n.4 (all of the functions of the locator server need not be

performed on "a single computer"); id. at 1297 ("the location facility may be distributed among multiple physical computers.").

LogMeIn argues that its products do not satisfy this construction of "location facility" by the Federal Circuit because "the LogMeIn system uses at least three separate and different software programs, written in an array of different languages and built on different coding platforms." Motion at 16 (internal citations removed). LogMeIn also argues that "LogMeIn's different software programs in different languages performing separate and distinct functions are not merely 'pieces' of one big software program that is distributed among different server computers." *Id.* As none of the foregoing requirements appear in, or are required by, the Federal Circuit's construction of "location facility," LogMeIn is unquestionably asking this Court to re-construe "location facility" to be: (1) one big software program, (2) written in a single language, and (3) built on a single coding platform.

Nothing in the Federal Circuit's decision invites such a modification to the construction of "location facility," and such a divergence from the Federal Circuit's claim construction is not permitted under the law of the case doctrine. AFG Indus., 375 F.3d at 1372 (Fed. Cir. 2004) ("This court's remand did not invite further refinements in the meaning of the term 'layer,' as Cardinal argues. Rather, this court requested the trial court to apply the established claim construction to the accused products.").

None of the exceptions to the law of the case are present but even if the Court were permitted to consider such a modification there is no legitimate basis to do so. The ordinary meaning of the word "software" in the Federal Circuit's construction of "location facility" is a "set of programs." For example, the Merriam-Webster dictionary definition of "software" is "the entire *set of programs*, procedures, and related documentation associated with a system and especially a computer system." http://www.merriam-webster.com/dictionary/software (last

7

visited 10/28/2012) (emphasis added). The ordinary meaning makes clear that software is not a "single program" but is a word that applies to "an entire set of programs," specifically "computer programs."

This ordinary meaning of "software" as encompassing a "set of programs" is also supported by the intrinsic record of the '479 Patent. As held by the Federal Circuit, the specification explicitly teaches that the "location facility" software "can be sub-divided into separate facilities," and the Federal Circuit noted this language with approval. 01 Communique, 687 F.3d at 1297 (citing '479 Patent at col.10 lines 11-16.) Keeping in mind that "facility" is a synonym for "software" or "program," the "location facility" of the claims may indeed be a number of different programs that work together.

By allowing the location facility functions to be ***distributed*** among "one or more locator server computers," the Federal Circuit has already determined that the location facility functions ***do not need to be consolidated*** in a single software program as LogMeIn now asserts. 01 Communique, 687 F.3d at 1297. In fact, the Federal Circuit expressly rejected LogMeIn's argument that "because 'its' and 'the' are singular terms, the claimed 'location facility' must be a software component that is included within a single locator server computer." 01 Communique, 687 F.3d at 1296. Rejecting LogMeIn's argument, the Federal Circuit explained:

> LogMeIn contends that this language [of the patent] is not sufficiently particular to show how the location facility would operate on more than one computer. The specification discloses that "a number of computer program facilities are described in this invention as separate facilities for the sake of describing the invention. However, it should be understood that . . . such facilities can be sub-divided into separate facilities." '479 Patent col. 10 ll. 11-16. ***Read together, the disclosures that facilities may be subdivided and that the locator server computer may comprise multiple computers support a construction that the location facility may be distributed among multiple physical computers***.

01 Communique, 687 F.3d at 1297 (emphasis added).

The only constraints the Federal Circuit has placed on the claimed "location facility" are that (1) it is software; (2) distributed over one or more computers comprising the locator server; (3) that performs four enumerated functions.  Notably, LogMeIn does not argue that its products do not fulfill these requirements.  Rather, LogMeIn asks this Court to impose a number of **new** constraints on the construction of "location facility"—constraints contrary to the Federal Circuit's construction—and seeks summary judgment based on this fabricated construction.  LogMeIn's arguments should be rejected based on the law of the case.

> **2.     Genuine Issues of Material Fact Exist Regarding Infringement Of The "Location Facility" Element Of The Claims Of The '479 Patent Under The Federal Circuit's Claim Construction**

The Federal Circuit could not have been more clear that the '479 Patent permits the location facility to be sub-divided among multiple computers, providing for the exact type of architecture underlying LogMeIn's products. 01's expert witness, Dr. Andrew S. Grimshaw, has previously provided his opinion in this case regarding the operation of the LogMeIn products that is consistent with the construction of "location facility" by the Federal Circuit.

Dr. Grimshaw's previous declaration explained that "the [LogMeIn] 'location facility' is comprised of (at least) three pieces of software **working together as one**," and that "[o]ne of ordinary skill in the art would know that server functionality is commonly distributed among several computers and that software running on those computers [. . .] would also be distributed on those computers."  2011 Summ. J. Opp'n, Ex. B at 2-4 (ECF-93-2) (emphasis added).  He also explained that "the fact that [LogMeIn]'s locator server functionality (hardware and software) is distributed among several devices [. . .] is entirely contemplated by the '479 patent, and indeed, is how large scale servers normally operate." Id. at 2.  Moreover, Dr. Grimshaw opined that LogMeIn's location facility is comprised of several pieces of software working together as one to i) receive a request from the remote computer, ii) locate the personal

computer, iii) create a communication channel, and, iv) create a communication session.  See, e.g., id. at 4; Ex. 1 at 44 (Expert Report of Dr. Andrew S. Grimshaw (Jan. 21, 2011)).

Also, another 01 expert witness, Dr. Jack W. Davidson, explained to LogMeIn in February 2011,

> The number of LogMeIn servers, their different names and functions, their different locations, and even the different programming languages used for software modules within the various servers [. . .] are irrelevant to the fact that the LogMeIn servers collectively implement the functionality claimed in the '479 patent, particularly the locator server functionality and facilities.

See Ex. 2 at 8 (Rebuttal Expert Report of Dr. Jack W. Davidson (Feb. 28, 2011)).

Thus, the accused LogMeIn products satisfy the location facility element of the claims as construed by the Federal Circuit.  To the extent LogMeIn asserts that its products do not meet this element, viewing the foregoing evidence in a light most favorable to 01 and resolving any doubts as to issues of material fact in 01's favor, genuine issues of material fact remain to be decided by the jury.   See Ethicon, 149 F.3d at 1315; Phoenix Savings, 381 F.2d at 249.  LogMeIn's Motion therefore should be denied.

**B.**     **LogMeIn's Argument Regarding "Static IP Address" Would At Best Result Only In Partial Summary Judgment, Is Directly Contradicted By The Federal Circuit's Claim Construction, And Highlights An Outstanding Genuine Issue Of Material Fact**

**1.**     **Even If Correct, LogMeIn's "Static IP Address" Argument Would Not Dispose Of This Case**

LogMeIn concedes that its second argument does not apply to asserted claim 26 and its dependent claims, i.e., 27-30. Motion at 20 n.3.  Additionally, the "static IP address" element appears only in the preamble of claim 24 and, therefore, to grant summary judgment on this argument with respect to claim 24 and dependent claim 25, this Court must "determine whether the preamble breathes life and meaning into th[ose] claim[s]."  Gen. Elec. Co. v. Nintendo Co.,

179 F.3d 1350, 1361 (Fed. Cir. 1999). 01 contends that these words in the preamble of claims 24 and 25 do not create limitations in those claims, and thus any judgment in LogMeIn's favor on this issue would leave those claims untouched as well.[2]

Thus, even if LogMeIn's second argument were found to be correct it would not be case dispositive because this Court would still be required to address asserted claim 26 and its dependent claims. The Court would also have to determine the limiting effect, if any, of the preamble to claim 24.

### 2. LogMeIn's "Static IP Address" Argument Conflicts With The Federal Circuit's Claim Construction

The Federal Circuit has already found that *each* individual computer that comprises the locator server computer need not satisfy *every* requirement set out in the definition of "location facility"—only the group of computers as a whole need do so. In particular, the Federal Circuit held that the four individual functions set forth in its construction of the location facility do not have to be "performed on a single computer." 01 Communique, 687 F.3d at 1299 n.4. Accordingly, the Federal Circuit has spoken and—while the composite locator server as a whole must satisfy all of the requirements of the locator server claim element—the individual parts comprising that locator server need not individually satisfy all these requirements.

Notwithstanding the foregoing, LogMeIn argues that the Federal Circuit's construction, providing that the locator server computer may be comprised of one or more computers, demands that each of "the multiple computers in an accused system must meet *all* of the '479 patent claim requirements of the locator server computer." Motion at 18-19. LogMeIn then

_____

[2] Each of claims 24-30 were included in the list of infringed claims in the Complaint, in the list of infringed claims provided by 01 in response to LogMeIn's interrogatories, and were separately addressed in the infringement expert reports. LogMeIn's assertion that any of these claims were not separately asserted has no merit.

identifies one of these features, *i.e.*, that the "locator server computer have its location on the internet defined by a static IP address," as being a requirement for ***each individual computer*** comprising the locator server computer.  Id. at 19 (internal citations and emphasis removed).  Under the Federal Circuit construction, however, the combination of numerous computers can collectively constitute the LogMeIn locator server computer.  Thus, so long as one of the computers comprising the locator server satisfies the feature of a "location on the Internet […] defined by a static IP address," for use as described in the claims, such a location exists for the combination and this element is satisfied.[3]  Importantly, LogMeIn never denies that its location facility as a whole satisfies this feature of the claims in which it appears.

### 3. Genuine Issues of Material Fact Exist Regarding Whether LogMeIn's Locator Server Has A Location On The Internet Defined By A Static IP Address

The purpose of the "location on the internet defined by a static IP address," in those claims in which this feature appears, is to enable one or more communications to be sent to the locator server computer.  See, e.g., '479 Patent col.10 lines 61-65 ("wherein the data communication facility includes data corresponding to the static IP address of the locator server computer, thereby enabling the data communication facility to create and send on an intermittent basis one or more communications to the locator server computer [. . .].").

Host computers using LogMeIn's products are configured to send communications to at least one of the computers comprising LogMeIn's server having "a location on the Internet defined by a static IP address."  Ex. 3 at 13 (Expert Report of Dr. Jack W. Davidson (Jan. 21, 2011)).  Moreover, as Dr. Grimshaw previously testified, and LogMeIn concedes, "a server may

---

[3] As addressed *infra* at section VI, LogMeIn has recently revealed that it modified its system architecture with regard to the use of static IP addresses.  To the extent LogMeIn is permitted to introduce evidence regarding its changed system architecture, 01 reserves its right to argue infringement under the doctrine of equivalents.

be realized with many different physical machines, all reachable using a single IP address." Ex. 1 at 12 (Expert Report of Dr. Andrew S. Grimshaw (Jan. 21, 2011)).

Thus, as the claims have been construed by the Federal Circuit, LogMeIn's system satisfies the "location on the internet defined by a static IP address" feature of the claims in which it appears. To the extent LogMeIn asserts that its system does not meet this feature, viewing the foregoing evidence in a light most favorable to 01 and resolving any doubts as to issues of material fact in 01's favor, LogMeIn's Motion should therefore be denied. See Ethicon, 149 F.3d at 1315; Phoenix Savings, 381 F.2d at 249.

## VI.   LOGMEIN HAS NOT PRODUCED EVIDENCE TO SUPPORT THE FACTS UNDERLYING ANY ARGUMENT THAT ITS WITHHELD SYSTEM ARCHITECTURE DOES NOT INFRINGE

LogMeIn's counsel recently revealed that LogMeIn changed its system architecture at the close of discovery in this case, changed that system architecture back to its original form following this Court's grant of summary judgment, and then changed the system architecture yet again following the oral argument at the Federal Circuit during the appeal of the grant of summary judgment. See Ex. 4 (Letter from Wayne L. Stoner to Thomas H. Shunk (Sept. 20, 2012)). Thus, as understood by 01, LogMeIn is currently using a changed system architecture but it has not produced any discovery in this case to support an assertion that this changed architecture does not infringe.

Federal Rule of Civil Procedure 56(c) requires that "[a] party asserting that a fact cannot be [. . .] genuinely disputed must support the assertion by [. . .] showing that the materials cited do not establish the [. . .] presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(B). LogMeIn withheld discovery regarding this changed architecture despite its obligation to supplement its responses to 01's discovery requests seeking this information. Further, LogMeIn refused to allow its expert witness to testify at his deposition regarding these changes to the architecture

when questioned on that subject, spuriously citing attorney work product immunity.[4]   LogMeIn

presents no evidence or argument in its Motion regarding this changed system architecture.

The change to LogMeIn's system architecture relates to the use of static IP addresses and

thus, is directly relevant to at least one of the arguments raised in LogMeIn's Motion.[5]   See Ex. 4

(Letter from Wayne L. Stoner to Thomas H. Shunk (Sept. 20, 2012)).   As raised at the October

19, 2012 hearing in the context of its bearing on the present motion, *if LogMeIn will not rely on*

*its changed architecture for any purpose in this case*, then this issue is moot:

> THE COURT: Did I understand that their summary judgment
> motion goes simply to the record as it is and that nothing ought to
> change?
>
> MR. SHUNK: That's true, Your Honor. And so if they're prepared
> to stand on the description of their product that they gave us during
> discovery, all the way through trial and so forth, I guess we'd be
> fine to not get the source code, but then they couldn't introduce that
> new source code to make some new argument about
> noninfringement.  You see what I –
>
> THE COURT: Yeah, of course. Of course.

Tr. of Hr'g at 4:10-19, 01 Communique Laboratory, Inc. v. LogMeIn, Inc., 1:10-cv-1007 (E.D.

Va. Oct. 19, 2012).

To the extent LogMeIn intends to raise this changed architecture in any way in this case,

however, such as in the context of an injunction hearing following a finding of infringement by

---

[4] "Q. Okay. Do they presently have static IP addresses? MR. COVIELLO: Objection. Calls
for work product. I instruct the witness not to answer. MR. BERGMANN: Excuse me? MR.
COVIELLO: I instruct the witness not to answer on the grounds of work product privilege.  MR.
BERGMANN: You are not going to let him testify whether the current LogMeIn system Web
servers have static IP addresses? MR. COVIELLO: Yes. MR. BERGMANN: Why would that
be work product? It's just a fact. MR. COVIELLO: I've stated my objection." Dep. Tr. Dr.
Bhattacharjee at 74:18-75:10 (Mar. 23, 2011).

[5] Because this changed architecture has not yet been revealed 01 cannot yet determine whether it
has any relevance to LogMeIn's first argument in its present motion for summary judgment.

the disclosed system architecture, then LogMeIn has failed to fulfill the necessary requirements of Rule 56(c) to support this Motion, and it should be denied.

## VII.    STATEMENT OF DISPUTED MATERIAL FACTS

The following statements of material disputed facts tracks LogMeIn's statement by numbered paragraphs.

### A.    The '479 Patent

1.    01 does not dispute this general statement, but further adds that it has expressly accused LogMeIn of infringing claims 1, 3-6, 20-30, and 42-45 of the '479 patent. Compl. at ¶ 17 (ECF 1).

2.    01 disputes the asserted characterization of the claims of the '479 patent. The claims of the '479 patent are directed to the systems, methods, and computer programs specified in the claims. 01 also disputes LogMeIn's citation of the Field of the Invention section of the specification in characterizing the claims. Motion at 6 (citing '479 Patent at col.1 lines 7-13).

3.    01 disputes that claim 1 of the '479 patent is "representative" of the asserted claims. Claim 1 contains limitations not found in all of the asserted claims. For example, as discussed *supra* at section V.B.1, and conceded by LogMeIn, "[c]laim 26, of the '479 patent does not contain an express requirement of a static IP address." Motion at 20 n.3.

4.    01 does not dispute that while the asserted claims recite a "locator server computer" and "includes a location facility" it is incorrect to characterize the claims as "having" those elements. For example, claim 21 is directed to a method and claims 24 and claims 26 are directed to computer programs. '479 Patent col.12, line 66; col.13, line 48; col.14, line 21.

5.    01 does not dispute the Federal Circuit's claim construction, which adopted the claim construction 01 proposed. 01 disputes LogMeIn's characterization of the claim construction to the extent LogMeIn claims that the Federal Circuit's claim construction requires

that the location facility is a singular software program. This is contradicted by plain wording of the claim construction, which omits the article "a" preceding the word "software," taken together with the Federal Circuit's admonition that the words "a" or "an" carry the meaning of "more than one." 01 Communique, 687 F.3d at 1297, 1299-1300 ("location facility may be distributed among multiple physical computers"). Further, the Federal Circuit's claim construction does not include the word "program." Id. at 1299-1300.

6.      As set forth *supra* at section IV, 01 disputes that the Federal Circuit rejected its proposed claim construction of "location facility."

7.      As set forth *supra* at section V.B.2, 01 disputes that "the location facility must perform all of the functions enumerated in the claim." 01 also disputes LogMeIn's statement to the extent LogMeIn claims that the "location facility software" is a singular software program, *i.e.*, Federal Circuit held that the same piece of software need not "receive[ ] a request for communication," and also "create[ ] the communication channel." The Federal Circuit held that the "location facility may be distributed among multiple physical computers." 01 Communique, 687 F.3d at 1297.

In addition, LogMeIn has mischaracterized Dr. Ganger's use of the word "component." The Federal Circuit made clear that Dr. Ganger's use of the word "component" and related comments referred to one of the locator server, remote computer, or personal computer. 01 Communique, 687 F.3d at 1298. In this statement and throughout its brief, however, LogMeIn uses the word "component" to refer to its gateway servers, web servers, or database. The gateway servers, web servers and database servers are simply computers comprising the locator server. Thus, LogMeIn has taken Dr. Ganger's use of the term "component" out of context to support its arguments improperly.

16

## B.    The Reexamination Of The '479 Patent

As a preliminary matter, LogMeIn's alleged facts regarding the reexamination were addressed by the Federal Circuit in providing its construction of "location facility." LogMeIn's attempt to reassert these facts in support of a request that this Court modify the Federal Circuit's construction is improper.

8.     01 does not dispute this fact.

9.     01 disputes this alleged fact. The United States Patent and Trademark Office ("PTO") did not reject "all of the claims of the '479 patent as unpatentable in light of the prior art." Br. In Supp. Of Def. LogMeIn, Inc.'s Mot. For Claim Construction and Summ. J. of Noninfringement ("LogMeIn's 2011 Mot. for Summ. J."), Ex. 8 at 4 (ECF 83-10) (Jan. 31, 2011).

10.     01 disputes this alleged fact because it is unclear as to what LogMeIn refers to as "this rejection." In view of the claims indicated by the PTO to be allowable in the Final Office Action, and the claims that were not included in the reexamination, 01 disputes that it had "one final opportunity to overcome the rejection before the patent was held invalid." Id. at 6.

11.     01 disputes this alleged fact because it is unclear as to what LogMeIn refers to as "this rejection." 01 disputes this alleged fact because it is unclear as to what LogMeIn refers to as "the '479 claims did not cover certain subject matter and had a certain, limited meaning to persons skilled in the art." During prosecution of the reexamination of the '479 patent, 01 submitted declarations from Dr. Ganger to distinguish the claimed inventions from the prior art. Ex. 5 (Declaration of Gregory R. Ganger In the Reexamination of '479 Patent (Sept. 3, 2008)); LogMeIn's 2011 Mot. for Summ. J., Ex. 2 (ECF 83-4) (Jan. 31, 2011). The Federal Circuit concluded that "[n]othing in the record suggests a disclaimer based upon Dr. Ganger's statements." 01 Communique, 687 F.3d at 1299.

17

12.      01 disputes this alleged fact to the extent it implies that all the claims were rejected.  As explained in paragraphs 9 and 10, *supra*, not all of the claims were rejected.

13.      01 disputes that it made the asserted statements to the PTO.  The asserted statements are contained in a declaration of Dr. Ganger, which was submitted by 01 as an exhibit to a separate submission provided to the PTO on this issue.  2011 Summ. J. Opp'n, Ex. 7 at 6-7 (ECF 94-5) (Feb. 11, 2011).  01 disputes this alleged fact to the extent the Federal Circuit addressed this statement in its opinion, finding that Dr. Ganger's statement "differentiat[ed] between technology in which the location facility itself creates the communication channel and technology in which some other component other than the location facility creates the communication channel."  01 Communique, 687 F.3d at 1298.  01 disputes LogMeIn's statement to the extent LogMeIn claims that the "location facility software" is a singular software program, *i.e.*, Federal Circuit held that the same piece of software need not "receive[ ] a request for communication," and also "create[ ] the communication channel."  Rather, the Federal Circuit held that the "location facility may be distributed among multiple physical computers."  01 Communique, 687 F.3d at 1297.

14.      01 disputes that it made the asserted statements to the PTO.  Rather, the statements are contained in a declaration of Dr. Ganger which was submitted by 01 as an exhibit to a separate submission provided to the PTO on this issue.  2011 Summ. J. Opp'n, Ex. 7 at 6-7 (ECF 94-5) (Feb. 11, 2011).  01 disputes this alleged fact to the extent the Federal Circuit addressed this statement in its opinion, finding that Dr. Ganger "distinguished the patented invention—in which the location facility creates the communication channel—from prior art in which another component, such as the remote computer or personal computer, uses the location facility to create the communication channel."  01 Communique, 687 F.3d at 1298.  01 disputes LogMeIn's statement to the extent LogMeIn claims that the "location facility software" is a

18

singular software program, *i.e.*, Federal Circuit held that the same piece of software need not "receive[ ] a request for communication," and also "create[ ] the communication channel." Rather, the Federal Circuit held that the "location facility may be distributed among multiple physical computers." 01 Communique, 687 F.3d at 1297.

15.     Paragraph 15 is missing from LogMeIn's list of statement of disputed facts.

16.     01 disputes that it made the asserted statements to the PTO. The asserted statements are contained in a declaration of Dr. Ganger which was submitted by 01 as an exhibit to a separate submission provided to the PTO on this issue. 2011 Summ. J. Opp'n, Ex. 7 at 6-7 (ECF 94-5) (Feb. 11, 2011).

17.     01 disputes that it made the asserted statements to the PTO. The asserted statements are contained in a declaration of Dr. Ganger which was submitted by 01 as an exhibit to a separate submission provided to the PTO on this issue. 2011 Summ. J. Opp'n, Ex. 7 at 6-7 (ECF 94-5) (Feb. 11, 2011). 01 disputes this alleged fact because it is unclear as to what LogMeIn refers to as "these representations about the limited scope of its claims to overcome the PTO's rejection of those claims in light of the prior art." During prosecution of the '479 patent reexamination, 01 offered an explanation, supported by declarations of Dr. Ganger, as to why the claimed inventions are distinguished from the prior art.

18.     01 disputes that it made the asserted statements to the PTO. The asserted statements are contained in a declaration of Dr. Ganger which was submitted by 01 as an exhibit to a separate submission provided to the PTO on this issue. 2011 Summ. J. Opp'n, Ex. 7 at 6-7 (ECF 94-5) (Feb. 11, 2011). During prosecution of the '479 patent reexamination, 01 offered an explanation, supported by declarations of Dr. Ganger, as to why the claimed inventions are distinguished from the prior art.

19. As set forth *supra* at ¶¶ 13-18, 01 disputes that it made the asserted statements to the

PTO. 01 disputes this alleged fact because it is unclear as to what LogMeIn refers as "these representations by 01, the PTO withdrew its rejections of the claims of the '479 patent." During prosecution of the '479 patent reexamination, 01 offered an explanation, supported by declarations of Dr. Ganger, as to why the claimed inventions are distinguished from the prior art. Ex. 6 (Amendment in Response to the Office Action dated June 16, 2008 (Sept. 3, 2008)); 2011 Summ. J. Opp'n, Ex. 7 (ECF 94-5) (Feb. 11, 2011).

C.       The Accused LogMeIn Products

20.      01 disputes this alleged fact noting that LogMeIn Pro and IT Reach have been combined into the LogMeIn Pro$^2$ service, which has also been accused of infringing. Ex. 7 at 113:12-114:19 (Dep. Tr. of Marton Anka (Jan. 26, 2011)). Further, LogMeIn Ignition is offered for several operating systems, all which have also been accused of infringing.

21.      01 disputes that "LogMeIn's products run on a proprietary architecture," to the extent that is an issue to be resolved in this litigation. In view of LogMeIn's recent disclosure that it is using a new system architecture, see supra at section IV, it is unclear as to which architecture LogMeIn is referring.

22.      01 does not dispute this fact.

23.      01 disputes this alleged fact to the extent that LogMeIn's three types of servers work together as one, and the software running on them work together as one. "[F]acilities may be subdivided and [. . .] the locator server computer may comprise multiple computers [. . .] the location facility may be distributed among multiple physical computers." 01 Communique, 687 F.3d at 1297. The Federal Circuit emphasized that "use of a singular pronoun might suggest misleadingly that all of the functions of the location facility must be performed on a single computer, despite our explicit construction to the contrary." 01 Communique, 687 F.3d at 1299 n.4.

24.     01 disputes this statement to the extent that LogMeIn's three types of servers work together as one, and the software running on them work together as one. "[F]acilities may be subdivided and [. . .] the locator server computer may comprise multiple computers [. . .] the location facility may be distributed among multiple physical computers." 01 Communique, 687 F.3d at 1297. The Federal Circuit emphasized that "use of a singular pronoun might suggest misleadingly that all of the functions of the location facility must be performed on a single computer, despite our explicit construction to the contrary." 01 Communique, 687 F.3d at 1299 n.4. The Federal Circuit thus has made clear that the various "software programs" to which LogMeIn refers are collectively the "software" as that word is contained in the claim construction of "location facility."

25.     01 disputes this statement because each of the database, web, and gateway servers communicate, whether directly or indirectly, with each other. Motion at 14. LogMeIn admits that the host computer contacts the gateway servers as step 1. Id. Host computers using LogMeIn's products are configured to send communications to at least one of the computers comprising LogMeIn's server having "a location on the Internet defined by a static IP address." Ex. 3 at (Expert Report of Dr. Jack W. Davidson (Jan. 21, 2011)). Moreover, as Dr. Grimshaw previously testified, and LogMeIn concedes, "a server may be realized with many different physical machines, all reachable using a single IP address." Ex. 1 at 42 (Expert Report of Dr. Andrew S. Grimshaw (Jan. 21, 2011)).

26.     01 disputes this statement. As 01's expert witness, Dr. Jack W. Davidson, explained to LogMeIn in February 2011,

> The number of LogMeIn servers, their different names and functions, their different locations, and even the different programming languages used for software modules within the various servers [. . .] are irrelevant to the fact that the LogMeIn servers collectively implement the functionality claimed in the

'479 patent, particularly the locator server functionality and facilities.

See Ex. 2 at 8 (Rebuttal Expert Report of Dr. Jack W. Davidson (Feb. 28, 2011)).

27-29. LogMeIn has incorrectly used the word "component" as it has been considered by the Federal Circuit. The Federal Circuit made clear that Dr. Ganger's use of the word "component" and related comments referred to one of the locator server, remote computer, or personal computer. 01 Communique, 687 F.3d at 1298. In this statement and throughout its brief, however, LogMeIn uses the word "component" to refer to its gateway servers, web servers, or database servers. The gateway servers, web servers and database servers are simply computers comprising the locator server. Ex. 8 at 2-3 (Rebuttal Expert Report of Dr. Andrew S. Grimshaw (Feb. 28, 2011)). Thus, LogMeIn has taken Dr. Ganger's use of the term "component" out of context to support its arguments improperly. The software running on each of the LogMeIn web, database, and gateway servers are not considered to be separate software programs, but collectively considered the "software" as that term is used by the Federal Circuit in its claim construction of "location facility." 01 Communique, 687 F.3d at 1299-1300; see also id. at 1297.

30. 01 disputes this statement to the extent it is intended to mean that LogMeIn does not have "software" that performs all four of the claimed location facility functions enumerated in the Federal Circuit's claim construction. The software running on each of the LogMeIn web, database, and gateway servers are collectively considered the "software" as that term is used by the Federal Circuit in its claim construction of "location facility." 01 Communique, 687 F.3d at 1299-1300; see also id. at 1297. This software performs all of the location facility functions in the Federal Circuit's claim construction.

31. 01 disputes this statement to the extent it is intended to mean that LogMeIn does not have "software" that receives a request for communication and creates a communication channel

between a remote computer and the personal computer. The software running on each of the LogMeIn web, database, and gateway servers are collectively considered the "software" as that term is used by the Federal Circuit in its claim construction of "location facility." 01 Communique, 687 F.3d at 1299-1300; see also id. at 1297. This software performs the enumerated functions.

32.    01 disputes this statement to the extent it conflates the usage of the word "component" by Dr. Grimshaw with the usage of the same word by Dr. Ganger and considered by the Federal Circuit. The Federal Circuit made clear that Dr. Ganger's use of the word "component" and related comments referred to one of the locator server, remote computer, or personal computer. 01 Communique, 687 F.3d at 1298. In this statement and throughout its brief, however, LogMeIn uses the word "component" to refer to its gateway servers, web servers, or database servers. The gateway servers, web servers and database servers are simply pieces of the locator server. Ex. 8 at 2-3 (Rebuttal Expert Report of Dr. Andrew S. Grimshaw (Feb. 28, 2011)). Thus, LogMeIn has taken Dr. Grimshaw's use of the term "component" out of context to support its arguments improperly.

33.    01 disputes this statement to the extent it conflates the usage of the word "component" by Dr. Grimshaw with the usage of the same word by Dr. Ganger and considered by the Federal Circuit. The Federal Circuit made clear that Dr. Ganger's use of the word "component" and related comments referred to one of the locator server, remote computer, or personal computer. 01 Communique, 687 F.3d at 1298. In this statement and throughout its brief, however, LogMeIn uses the word "component" to refer to its gateway servers, web servers, or database servers. The gateway servers, web servers and database servers are simply pieces of the locator server. Ex. 8 at 2-3 (Rebuttal Expert Report of Dr. Andrew S. Grimshaw (Feb. 28, 2011)). Thus, LogMeIn has taken Dr. Grimshaw's use of the term "component" out of context

23

to support its arguments improperly.  In view of LogMeIn's recent disclosure that it is using a new system architecture, <u>see</u> *supra* at section IV, it is unclear as to which architecture LogMeIn is referring.

34.     In view of LogMeIn's recent disclosure that it is using a new system architecture, <u>see</u> *supra* at section VI, it is unclear as to which architecture LogMeIn's diagram refers.  To the extent it represents the original architecture, Dr. Grimshaw and Dr. Davidson have both already opined that this architecture satisfies the location facility element of the claims of the '479 patent.  2011 Summ. J. Opp'n, Ex. B at 4 (ECF 93-2); Ex. 2 at 7-8 (Rebuttal Expert Report of Dr. Jack W. Davidson (Feb. 28, 2011)).

## VIII.   CONCLUSION

For at least the foregoing reasons, 01 respectfully requests that the Court deny LogMeIn's Renewed Motion for Summary Judgment of Noninfringement in Light of U.S. Court of Appeals Ruling.

Date: October 29, 2012                                   /s/

BAKER & HOSTETLER LLP

A. Neal Seth (VSB 47394)
Katherine L. McKnight (VSB 81482)

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
(202) 861-1500
(202) 861-1783 (facsimile)
nseth@bakerlaw.com
kmcknight@bakerlaw.com

Thomas H. Shunk (pro hac vice)
Christina J. Moser (pro hac vice)

PNC Building, Suite 3200
1900 E. 9th Street
Cleveland, Ohio 44114
(216) 861-7592
(216) 696-0740 (facsimile)
tshunk@bakerlaw.com
cmoser@bakerlaw.com

*Attorneys for Plaintiff,*
*01 Communique Laboratory, Inc.*

25

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff's Opposition to Defendant's Renewed

Motion for Summary Judgment of Noninfringement in Light of U.S. Court of Appeals Ruling

has been served electronically, on October 29, 2012, to the following counsel of record:

Philip R. Seybold
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
randy.seybold@wilmerhale.com
Attorney for LogMeIn, Inc.

And a courtesy copy followed thereafter to:

Charles B. Molster III
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100
cmolster@winston.com


   /s/ Katherine L. McKnight

*Attorney for Plaintiff,*
*01 Communique Laboratory, Inc.*