# EXHIBIT 2

**HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC., | ) |
| Plaintiff, | ) Case No. 1:10-cv-01007CMH-TRJ |
| vs. | ) |
| LOGMEIN, INC. | ) |
| Defendant. | ) |

**REBUTTAL EXPERT REPORT OF DR. JACK W. DAVIDSON**

FEBRUARY 28, 2011

In summary, the LogMeIn architecture is not "virtually identical" to the ILS+PhonePatch architecture, as incorrectly asserted in paragraph 100 of Dr. Bhattacharjee's report and discussed in the paragraphs that follow.

**6.  LogMeIn Servers Use Static IP Addresses**

- Paragraphs 117-120 of Dr. Bhattacharjee's report address the language of the '479 patent that refers to the locator server having a static IP address. Paragraph 117 discusses the functions allegedly associated with this static IP address, while paragraph 118 asserts that the '479 patent claims should be read as requiring a single server computer.  Dr. Bhattacharjee notes that the LogMeIn servers are not a single computer with a single static IP address, and concludes that the LogMeIn servers do not satisfy this element of the patent claims on this basis.

The '479 patent describes a variety of ways in which a system might be designed to implement the patented invention.  For example, column 10, lines 10-16, describe combinations or subdivisions of the facilities described in the patent.  It is common for the functionality of one computer server to become distributed over several computer servers as a company increases its customer base, or for the company to begin its implementation with multiple computer servers in anticipation of a large customer base. The '479 patent would not be interpreted by one of ordinary skill in the art as only applying to a particular number of servers, and no longer applying when the number of servers is scaled up to meet demand.  The '479 patent explicitly states that the locator server functionality "may comprise one or more computers, as is well known."  Column 5, lines 24-25.

The LogMeIn service has one well known web address, www.logmein.com, that a client accesses.  That URL may be redirected and resolved via a Domain Name System (DNS) in a number of ways but is ultimately redirected to servers with locations on the

7

internet defined by static IP addresses.  The LogMeIn servers occupy multiple static IP addresses in the Internet domain in order to scale up to a large number of customers.

Dr. Bhattacharjee's report also includes much discussion of the number of LogMeIn servers, their different names and functions, their different locations, and even the different programming languages used for software modules within various servers (see e.g., paragraphs 75, 81, 86, 90, 91, 92, 93, 94, 95, 96, and 97).  These aspects of the LogMeIn servers are irrelevant to the fact that the LogMeIn servers collectively implement the functionality claimed in the '479 patent, particularly the locator server functionality and facilities.

### 7.  LogMeIn Infringes Claim 26 of the '479 Patent

- Paragraphs 126-127 of Dr. Bhattacharjee's report claim that the LogMeIn product does not infringe claim 26 of the '479 patent. Those paragraphs acknowledge that claim 26 does not require a static IP address for the locator server.
- Paragraph 126 asserts that claim 26 is not infringed because the LogMeIn servers do not constitute a locator server computer. This claim has already been rebutted in previous discussion. The LogMeIn servers, collectively, perform all of the functions of the locator server computer described in the '479 patent.
- Paragraph 127 quotes claim 26 as requiring that the host computer have "a data communication program . . . operable to communicate with the remote computer."  The assertion is then made that "in the LogMeIn Remote Access Architecture, the host software does not communicate directly with the client in the process of establishing access to the host from the client."

Dr. Bhattacharjee has added the word "directly" as a limitation to claim 26 in making this assertion.  Claim 26 does not use the word "directly" in describing the communication between the host and client.  The '479 patent clearly describes an architecture in which the locator server computer acts as an intermediary between the host and client, in contrast to the prior art.

8