**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC., ) ) Plaintiff, ) ) vs. ) ) LOGMEIN, INC. ) ) Defendant. ) ) | Civil Action No. 1:10-cv-01007-CMH-TRJ |

**REPLY BRIEF IN SUPPORT OF DEFENDANT LOGMEIN, INC.'S
RENEWED MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT IN
<u>LIGHT OF U.S. COURT OF APPEALS RULING</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................1

II.  ARGUMENT................................................................................................................2
     A.   The Federal Circuit Did Not Agree With Or Adopt 01 Communique's Claim
          Construction....................................................................................................2
     B.   Unlike 01 Communique, LogMeIn Is Not Trying to Change the Federal Circuit's
          Construction But Rather To Implement It .............................................................4
     C.   The Federal Circuit Decision Also Creates Another Ground for Summary
          Judgment ........................................................................................................8
     D.   LogMeIn's Newly Redesigned Server Architecture Is Irrelevant to This Motion,
          Which Is Based on the Record Already Before the Court .....................................11

III. CONCLUSION...........................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Advanced Fiber Techs. (AFT) Trust v. J & L Fiber Servs.*,
　674 F.3d 1365 (Fed. Cir. 2012)..................................................................................................9

*Doe v. Chao*,
　511 F.3d 461 (4th Cir. 2007) ................................................................................................1, 6

*E-Pass Techs., Inc., v. 3Com Corp.*,
　473 F.3d 1213 (Fed. Cir. 2007)..................................................................................................2

*Jamesbury Corp. v. Litton Indus. Prod., Inc.*,
　839 F.2d 1544 (Fed. Cir. 1988)..................................................................................................1

*U.S. v. Bell*,
　5 F.3d 64 (4th Cir. 1993) ......................................................................................................1, 6

**I.        INTRODUCTION**

01 Communique's Opposition brief consists mainly of incorrect arguments about what the Federal Circuit said in its decision. This issue continues to be a legal matter for the Court to decide and not a factual matter requiring a trial. The Federal Circuit's decision, which only slightly revised this Court's patent claim construction, requires the same result of summary judgment of noninfringement based on the same record already before the Court. This Court made extensive factual determinations about the LogMeIn system in its original summary judgment opinion (*see* Dkt. 137 (Memorandum Opinion) at 12-16), including that the LogMeIn server architecture uses separate and different software components to perform different functions and that one of the LogMeIn servers—the Database server—is not on the internet at all. (*Id.* at 13-14.) These factual determinations were not disturbed or even challenged on appeal, so they are the law of the case. *See Jamesbury Corp. v. Litton Indus. Prod., Inc.*, 839 F.2d 1544, 1550 (Fed. Cir. 1988) (the law of the case doctrine "is a judicially created doctrine, the purposes of which are to prevent the relitigation of issues that have been decided and to ensure that trial courts follow the decisions of appellate courts") (overruled on other grounds); *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (pursuant to the mandate rule, a party waives "any issue that could have been but was not raised" on appeal); *U.S. v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) ("the [mandate] rule forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court"). The undisputed record already before the Court leads to summary judgment of noninfringement based both on the original ground for summary judgment—that the LogMeIn products lack the claimed "location facility"—but also on an additional ground created by the Federal Circuit's revised claim construction: that the collection of multiple LogMeIn computers that 01 Communique says are the "locator server" do not have a "location on the internet."

## II.   ARGUMENT

### A.   The Federal Circuit Did Not Agree With Or Adopt 01 Communique's Claim Construction

01 Communique repeatedly asserts that the Federal Circuit "adopted the claim construction 01 proposed" (Opposition ("Opp.") at 15) and even asserts that the Federal Circuit "***has determined that summary judgment for defendant is inappropriate***," citing the "law of the case" doctrine. (*Id.* at 2 (emphasis added); *see also id.* at 4-9.)  None of this is true.  The Federal Circuit did not adopt 01 Communique's claim construction, or ever say, or even suggest, that summary judgment was not appropriate under the Federal Circuit's revised claim construction, and 01 has not referenced any such statement in its filings.  Therefore, the law is well-settled that this Court may consider the issue again in light of the revised claim construction:

> By vacating, we signaled that, although the district court's prior decision rested upon erroneous grounds, a proper claim construction might support a judgment (summary or otherwise) in favor of either party . . . Accordingly, the district court correctly concluded that it had the authority to entertain the defendants' motions for summary judgment on remand.

*E-Pass Techs., Inc., v. 3Com Corp.*, 473 F.3d 1213, 1218 (Fed. Cir. 2007).

01 Communique repeatedly asserts that the Federal Circuit "agreed with," "awarded," or "adopted" 01 Communique's proposed claim construction. (*See* Opp. at 1, 5-6, 15; *see also* Dkt. 171 (10/19/12 Hearing Trans.) at 2 (representing to the Court that "[W]e feel as though our claim construction was approved above.").)  This is not true.  01 Communique's proposed construction of "location facility" on appeal was:

> computer software associated with the locator server, which may comprise one or more computers.

(Ex. 1 (01 Appellate Br.) at 30.)  But the Federal Circuit construed the term "location facility" as follows:

> Software on a locator server computer that: (1) receives a request for communication with the personal computer from the remote computer; (2) determines the then current location of the personal computer; (3) creates a communication channel between the remote computer and the personal computer; and (4) creates one or more communication sessions between the remote computer and the personal computer. The locator server computer may comprise one or more computers, and the location facility may be distributed among one or more locator server computers.

(Dkt. 153 (Slip Op.) at 13-14.)

In construing the term, the Federal Circuit also rejected 01 Communique's argument that "[a] construction of 'locator facility' [sic] that merely repeats the limitations set out explicitly elsewhere in the claim is improper," (Ex. 1 (01 Appellate Br.) at 30), ruling instead that:

> 01 Communique has not cited, and we have not discovered, any authority for the proposition that construction of a particular claim term may not incorporate claim language circumscribing the meaning of the term. The claim language makes clear that the location facility in fact does perform the functions in question. The district court correctly incorporated those functions into its claim construction.

(Dkt. 153 (Slip Op.) at 7.) The Federal Circuit held, contrary to 01 Communique's position, that this Court's claim construction **correctly** incorporated language specifying that the location facility must perform all of the four functions enumerated in the claim.

01 Communique's Opposition also ignores entirely the Federal Circuit's ruling on how 01 Communique distinguished "the patented invention" from the prior art technology during reexamination. As the Federal Circuit explained:

> [01's expert in reexamination] Dr. Ganger then distinguished the patented invention – in which the location facility creates the communication channel – from prior art in which **_another component_**, *such as the remote computer or personal computer,* **_uses the location facility to create the communication channel_**.

(Dkt. 153 (Slip Op.) at 10-11 (emphasis added).) As the Federal Circuit observed, 01 Communique (through Dr. Ganger) told the PTO that the location facility limitation would not be "satisfied by an alleged *location facility that is simply _used_ by some other component* that

- 3 -

creates the communication channel." (Dkt. 94-4 (Second Ganger Decl.) at ¶ 6 (emphasis added).)[1]

### B. Unlike 01 Communique, LogMeIn Is Not Trying to Change the Federal Circuit's Construction But Rather To Implement It

01 Communique also repeatedly asserts that LogMeIn is attempting to change the Federal Circuit's claim construction. (*See, e.g.,* Opp. at 1, 3-4, 6-9, 15-16.) Once again, this is not true; it is only 01 Communique that is trying to change the Federal Circuit's opinion.

Contrary to 01 Communique's suggestion, the Federal Circuit never stated that the location facility could be multiple *different* software components that perform *different* location facility functions. Indeed, such a construction would be contrary to the distinction that the Federal Circuit explicitly recognized that 01 Communique made between "the patented invention," where one software component performed all four of the location facility functions, and technology in which "another component" performed the one of the location facility functions.

01 Communique told the PTO clearly and unambiguously that the location facility (software) must perform all four functions enumerated in the Federal Circuit's construction and

---

[1]   01 Communique has also been misstating the Court of Appeals decision to other district courts. In the Northern District of Ohio, where 01 Communique has asserted the '479 Patent against yet another company, 01 made the following representation to the court: "The Federal Circuit's opinion reversed and remanded the case to the district court for trial on the merits, finding that there was no disclaimer of claim scope during the *inter partes* reexamination. Further, the Federal Circuit provided a construction of the disputed term 'location facility' consistent with the construction requested by 01." (Ex. 2, Letter from 01 Communique to Judge Lioi in N.D. Ohio Case No. 1:06-cv-00253-SL, Dkt. No. 234 (Aug. 21, 2012), at 2.)

This statement is wrong in at least 4 ways. *First,* the Federal Circuit did not "reverse" this Court's decision, but only vacated it in light of a slightly revised claim construction. *Second,* the Federal Circuit said nothing about a trial. *Third,* the Federal Circuit *did* say that 01 had disclaimed claim scope in reexamination, just that the nature of this disclaimer was different than this Court had originally ruled. (*See* Dkt. 153 (Slip Op.) at 10-11.) *Fourth*, as discussed *supra,* the Federal Circuit did *not* adopt 01's proposed construction and indeed expressly rejected certain of its claim construction arguments.

that "some other component" (software) cannot do so.  This narrowing distinction (which saved 01 Communique's patent claims from being invalidated) must mean something, and, as discussed above, was expressly acknowledged by the Federal Circuit.  But now, in a continued effort to renege on its prior representations and make its narrowed patent claims broad enough to cover the accused products, 01 Communique asserts that the location facility software is simply any collection of different software components, wherever located and implemented and however collected, that is used to perform the relevant functions.  This argument makes 01 Communique's representation to the PTO that "some other component" could not perform one of the location facility functions meaningless, because if the "location facility" includes whatever software components perform the functions, there could be no "some other component" to do so.

Also, contrary to 01 Communique's suggestion, requiring the "location facility" software to perform all four of the functions included in the Federal Circuit's construction does not preclude distributing that software that performs all four functions over multiple computers (which the Federal Circuit held was encompassed by the claims).  But that (merely distributing a piece of software that performs all four functions) is not what LogMeIn does, and 01 Communique never asserts that.  As the District Court's earlier determinations establish, LogMeIn's accused products indisputably do not contain *any* software component that performs all four of the required functions.  Indeed, 01 Communique's own expert witness, Dr. Grimshaw, admitted that the LogMeIn system has three different software components (*see* Dkt. 162-3 (Grimshaw Rebuttal Report) at 1-3 ("LogMeIn locator server components (gateway, database, and web servers)"; "all three components")), just as this Court previously ruled.  (*See* Dkt. 137 at 13 ("LogMeIn's remote access system uses separate and distinct components-having different IP addresses, different software code, and different physical locations in multiple data centers

across two continents-to allow its users to remotely access host computers."); *see also* Dkt. 160 (LogMeIn's Memo. ISO Summ. J.) at 11-13). In fact, 01 Communique even agrees again in its Opposition that the alleged LogMeIn "location facility" is "several pieces of software." (*See* Opp. at 9.) 01 Communique's failure to appeal these factual determinations forecloses any such challenge now. *See Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (pursuant to the mandate rule, a party waives "any issue that could have been but was not raised" on appeal); *U.S. v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) ("the [mandate] rule forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court").

01 Communique's expert Dr. Grimshaw further concedes that the LogMeIn Gateway Server, the part of the alleged location facility that purportedly creates the communication channel and session, "can be *used* to establish one or more communication sessions." (Dkt. 162-2 (Grimshaw Report) at ¶¶ 55-56 (emphasis added).) But the Federal Circuit recognized that, in order to maintain the '479 Patent, 01Communique told the PTO that the location facility requirement ***cannot be*** "satisfied by an alleged *location facility that is **simply used by some other component*** that creates the communication channel." (Dkt. 94-4 (Second Ganger Decl.) at ¶ 6 (emphasis added); *see also* Dkt. 153 (Slip Op.) at 11.) This statement by Dr. Grimshaw is a further admission that the Gateway Server cannot meet the location facility requirement because it is at best only alleged to be "simply used by some other component" to create the communication channel.

01 Communique tries to change the Federal Circuit's opinion in other ways as well.

01 Communique "disputes that claim 1 . . . is 'representative' of the asserted claims." (Opp. at 15.) But the Federal Circuit itself specifically stated that claim 1 was "representative." (Dkt. 153 (Slip Op.) at 3.)

01 Communique contends that the Court of Appeals "made clear that Dr. Ganger's use of the word 'component' and related comments referred to one of the locator server, remote computer, or personal computer." (Opp. at 16.) The Federal Circuit never said this. It merely mentioned "another component" besides the location facility "**such as**" the remote or personal computers could not perform the location facility functions; they are merely examples. (Dkt. 153 (Slip Op.) at 10-11 (emphasis added).) While 01 Communique complains that "throughout its brief . . . LogMeIn uses the word 'component' to refer to its gateway servers, web servers or database," (Opp. at 16), this is precisely how 01 Communique's own expert witness, Dr. Grimshaw, refers to them. (*See* Dkt. 162-3 (Grimshaw Rebuttal Report) at 1-3 ("LogMeIn locator server components (gateway, database, and web servers)"; "all three components").)

Finally, 01 Communique suggests that the Federal Circuit ruled that there was no disclaimer in reexamination, citing a statement on page 11 of the opinion about disclaimer in a certain context. (*See* Opp. at 17 (citing Dkt. 153 (Slip Op.) at 11).) 01 Communique neglects to point out that this statement only refers to Dr. Ganger's statements regarding whether a discussion of the Crichton reference "disclaimed distribution of the location facility *among multiple computers*" (Dkt. 153 (Slip Op.) at 11) (emphasis added)—which was the issue on appeal but is not the issue here at all. 01 Communique wholly ignores the Federal Circuit's ruling that 01 Communique distinguished "the patented invention" from technology in which "another component" (software) performs one of the claimed location facility functions. *See supra* at II(A).

### C. The Federal Circuit Decision Also Creates Another Ground for Summary Judgment

In addition to making summary judgment appropriate again based on the absence of the claimed "location facility" in the LogMeIn system, the Federal Circuit's decision also creates an additional ground for granting summary judgment of noninfringement to LogMeIn: the "collection" of different LogMeIn computers that 01 Communique alleges constitute the "locator server computer" do not satisfy the requirement that the locator server computer must have "its location on the Internet defined by a static IP address." This second basis for noninfringement is separate and independent from LogMeIn's renewed motion that the accused products do not satisfy the "location facility" requirement.

This additional basis for noninfringement was created by 01 Communique's own arguments to the Federal Circuit that the "locator server computer" could be multiple computers. (*See* Dkt. 167 (Memo ISO Summ. J.) at 2, 18-20.) Having prevailed on that argument, 01 Communique must now prove that those multiple computers meet all the claim requirements of a locator server, including having "its location on the internet defined by a static IP address." As this Court has already ruled (Dkt. 137 (Memorandum Opinion) at 14), the LogMeIn Database servers—one of the alleged locator server computers—"do not have a location on the internet at all." 01 Communique never challenged this undisputed fact on appeal, nor does it do so now.

Having realized this consequence of its claim construction position, 01 Communique is yet again trying to back away from its prior representations. 01 Communique now argues that *only* "at least one" of the locator server computers must meet the claim requirements and that "individually" they do not need do so. (Opp. at 11-12.) This not what the claims say at all. The claims say that the locator server computer, which the Federal Circuit said could be multiple

computers, must have "its location on the internet defined by a static IP address." (Dkt. 162-1 ('479 Patent) at col. 10:51-52.)

In addition, 01 Communique's current argument concerning the "location on the internet" limitation is precluded by a narrowing claim amendment that 01 Communique made to obtain the patent during its original prosecution. (This disclaimer is distinct from the separate "some other component" disclaimer that arose during the '479 Patent reexamination proceeding.) The patent application originally contained a broader limitation that only required the locator server computer(s) to be "associated with a static IP address." (Ex. 3 (Request for Continued Examination, dated June 10, 2004), at 2.) But, in response to a rejection, 01 Communique amended and narrowed the claims to require that the locator server computer(s) must have "its *location in the Internet defined by* a static IP address." (Ex. 3 (Request for Continued Examination, dated June 10, 2004), at 2 (emphasis added).) 01 Communique's amendment was as follows (deletions bracketed; insertions underlined):

> a [second] locator server computer linked to the Internet, [associated with a static IP address, and including a location facility for locating the first] its location on the Internet being defined by a static IP address, and including a location facility for locating the personal computer; and

(*Id.*) 01 Communique represented to the PTO that the purpose of this amendment was to "clarify the claimed subject matter" in light of the Patent Examiner's prior art rejections. (*Id.* at 12.)

Now, after having made this narrowing amendment to obtain the original claims, 01 Communique argues to this Court that it is sufficient if the locator server computer(s) are merely associated with a static IP address on the internet. This interpretation is exactly the opposite of 01 Communique's amendment to obtain the patent claims, and thus should be rejected. *See, e.g.*, *Advanced Fiber Techs. (AFT) Trust v. J & L Fiber Servs.*, 674 F.3d 1365, 1372-73 (Fed. Cir. 2012) ("[I]f a patentee makes a clear and unambiguous disavowal of claim scope during

prosecution, that disclaimer informs the claim construction analysis by narrowing the ordinary meaning of the claim congruent with the scope of the surrender." (citations and quotations omitted)).

Finally, 01 Communique asserts that this additional ground for summary judgment would not be case dispositive because it allegedly does not apply to claims 24 and 26. This is not true; the ground applies equally to claim 24, and 01 Communique's expert concedes that claim 26 is not infringed in the first place for other reasons. Like claims 1 and 20 (and their dependent claims) requiring that the locator server be "on the internet," Claim 24 expressly requires in its preamble that the server computer be "linked to the internet." (*See* Dkt. 162-1 ('479 Patent) at col. 10:51; col. 12:34; col. 13:49.) This preamble provides multiple antecedents for elements found later in the claim, which refer back to those elements (*e.g.*, "a server computer," "a personal computer"). In this circumstance, the preamble is a limitation. *See, e.g., Highmark, Inc. v. Allcare Health Mgmt. Sys.*, Inc., 687 F.3d 1300, 1311 (Fed. Cir. 2012) ("The preamble of claim 102 clearly falls within those cases where the preamble is held to be limiting because the 'limitations in the body of the claim rely upon and derive antecedent basis from the preamble.'").

Claim 26 is not infringed in the first place for yet another undisputed reason, according to 01's Communique's own expert witness. Claim 26 requires that the LogMeIn system provides "a data communication program on the personal computer [host]" that is "operable to communicate with the remote computer [client]." (*See* Dkt. 162-1 ('479 Patent) at col. 14:32-33; col. 14:39-40.) However, 01 Communique's own expert witness, Dr. Davidson, admits that this is not true in the LogMeIn system: "[In the LogMeIn system], neither the client computer nor the host computer nor the client and host computers collectively have the ability to create a communication channel or session that connects the client computer all the way to the host

computer. Each of the client computer and host computer only has the ability to create a channel to the LogMeIn Gateway Server . . . ." (Dkt. 132-3 (Davidson Rebuttal Report) at 4-5.)

### D. LogMeIn's Newly Redesigned Server Architecture Is Irrelevant to This Motion, Which Is Based on the Record Already Before the Court

As LogMeIn told 01 Communique several weeks ago, LogMeIn redesigned its server architecture to eliminate yet another element of the '479 Patent claims—a "static" server IP address. (*See* Dkt. 174-5 (Ltr. from W. Stoner to T. Shunk dated September 20, 2012) at 1.) LogMeIn redesigned the IP addresses used by the LogMeIn Web Servers from "static" IP addresses to "dynamic" IP addresses. This design change provides yet another reason why LogMeIn does not infringe, because the '479 Patent claims require the server to have a "static" IP address. However, this design change has nothing to do with this motion, which is based on the factual record already before the Court and the absence in the LogMeIn system of the "location facility" and locator server "on the internet" requirements of the claims. These grounds for summary judgment apply to *both* the accused *and* redesigned products. In short, this new server design redesign makes LogMeIn's products noninfringing for yet another reason but is and was not the basis for, and has no effect on, the Court's prior ruling or this motion.

### III. CONCLUSION

For the foregoing reasons, and those enumerated in its Opening Brief (*see* Dkt. 167), LogMeIn respectfully requests that this Court enter summary judgment of noninfringement against 01 Communique's claims.

Dated:  October 31, 2012  Respectfully submitted,

WINSTON & STRAWN LLP

_____/S/_____
Philip R. Seybold
(VSB# 73596)
Attorney for Defendant LogMeIn, Inc.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Tel.:  (202) 663-6000
Fax:  (202) 663-6363
Email: randy.seybold@wilmerhale.com

Wayne L. Stoner (admitted *pro hac vice*)
Vinita Ferrera (admitted *pro hac vice*)
Attorneys for Defendant LogMeIn, Inc.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel.:  (617) 526-6000
Fax:  (617) 526-5000
Email: wayne.stoner@wilmerhale.com
Email: vinita.ferrera@wilmerhale.com

Arthur W. Coviello (admitted *pro hac vice*)
Attorney for Defendant LogMeIn, Inc.
Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  94303
Tel.: (650) 858-6000
Fax: (650) 858-6100
Email: arthur.coviello@wilmerhale.com

Charles B. Molster, III
(VSB# 23613)
Attorney for Defendant LogMeIn, Inc.
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C.  20006
Tel.: (202) 282-5000
Fax:  (202) 282-5100
Email: cmolster@winston.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2012, I electronically filed the foregoing using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

A. Neal Seth
BAKER & HOSTETLER LLP
1050 Connecticut Ave, N.W.
Suite 1100
Washington, D.C. 20036
Tel.: 202-861-1500
Fax: 202-861-1783
Email: nseth@bakerlaw.com

/s/

Philip R. Seybold
(VSB# 73596)
Attorney for Defendant LogMeIn, Inc.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
Email: randy.seybold@wilmerhale.com