Case 1:10-cv-01007-CMH-TRJ   Document 175-3   Filed 10/31/12   Page 1 of 3 PageID# 4181

# Exhibit 2

# Baker Hostetler

Baker&Hostetler LLP

PNC Center
1900 East 9th Street, Suite 3200
Cleveland, OH 44114-3482

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

August 16, 2012

Thomas H. Shunk
direct dial: 216.861.7592
TShunk@bakerlaw.com

Honorable Sara Lioi
United States District Court
John F. Seiberling Federal Building and U.S. Courthouse
Two South Main Street, Room 526
Akron, Ohio 44308-1813

Re: *01 Communique Laboratory, Inc. v. Citrix Systems, Inc., et al.*
U.S.D.C., N.D. Ohio Case No. 1:06-CV-0253

Dear Judge Lioi:

In connection with Plaintiff's pending Motion to Lift Stay and Set Order for Trial, plaintiff 01 Communique Laboratory, Inc. ("01"), writes to notify the Court of the recently-issued decision by the United States Court of Appeals for the Federal Circuit in the case of *01 Communique Laboratory, Inc. v. LogMeIn, Inc.*, Case No. 2011-1403. A copy of the decision is included with this letter. In 01's view, the decision by the Federal Circuit confirms the propriety of lifting the stay in the above-referenced case. 01 therefore respectfully asks the Court to take up and grant the motion to lift the stay, setting the matter for a scheduling conference at its earliest convenience.

Over the four years that the stay of this matter has been pending, defendant Citrix Systems, Inc. ("Citrix") has advanced two primary reasons to maintain the stay: initially, that the patent in question was being reexamined by the Patent Office (at Citrix's request); and, later, that – even though the reexamination had concluded with the Patent Examiner in 01's favor – action by this Court should await Citrix' <u>appeal</u> of the Patent Office decision. Citrix argued that this litigation should await the reexamination appeal because 01's statements during the reexamination were themselves of consequence in construing relevant patent terms.

The recent decision of the Federal Circuit concludes that 01's statements during reexamination <u>did not</u> narrow claim scope as has been alleged by Citrix. The appeal was the result of a summary judgment against 01 on the same patent in the related case of *01 Communique v. LogMeIn*.[1] As Citrix explained to this Court in its Notice of Judgment in Related Case dated June 3, 2011, LogMeIn made the same argument regarding 01's reexamination comments that Citrix has advanced in the present case,

---

[1] *01 Communique Laboratory, Inc. v. LogMeIn, Inc.*, No. 1:10-CV-1007 (E.D.Va.).

Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa
Denver   Houston   Los Angeles   New York   Orlando   Washington, DC

obtaining summary judgment of no infringement on that basis. The Federal Circuit's opinion reversed and remanded the case to the district court for trial on the merits, finding that there was no disclaimer of claim scope during the *inter partes* reexamination. Further, the Federal Circuit provided a construction of the disputed term "location facility" consistent with the construction requested by 01. The Federal Circuit's construction is, by the way, consistent with the construction given to that term by Judge Aldrich in her Markman Order issued in <u>this</u> case on March 13, 2007, more than five years ago.

As to the reexamination proceeding instituted by Citrix against the patent at the Patent Office after this litigation was filed, that proceeding resulted in the confirmation of the patent claims at issue in a Right of Appeal Notice (RAN) issued July 6, 2010. In response to Citrix's September 29, 2010 brief appealing the RAN to the Board of Patent Appeals and Interferences (BPAI), an Examiner's Answer issued on August 15, 2012, in which the Examiner reaffirmed his previous confirmation of the patent claims at issue. Nevertheless, the current reexamination, including the present appeal to the BPAI and any appeal to the Federal Circuit, would not be completed for another 2 to 4 years. The Federal Circuit's recent decision in *Bettcher Industries, Inc. v. Bunzl USA, Inc.*, 661 F. 3d 629, 647 (Fed. Cir. 2011) makes it clear, however, that reexamination proceedings and federal district litigation are parallel proceedings that do not and <u>should not affect each other</u> until one of them has finally concluded, including all possible appeals.

The fact that the *LogMeIn* case was not stayed during the appeal of the reexamination decision, that it moved through discovery and dispositive motions during that time, and that it then was considered by the Federal Circuit, with no reference to the utility of a stay pending the reexamination appeal, all strongly suggest that both the Eastern District of Virginia and the Federal Circuit do not see the pendency of the appeal of the reexamination as an impediment to the forward movement of 01's claims of infringement of the patent. The remote possibility that, years from now, an appellate court might overturn the Patent Office's conclusion that the 01 patent is valid should no longer delay the movement of this case.

For the foregoing reasons, as well as the reasons stated in its motion and reply brief, 01 respectfully requests that the stay be lifted and an order for trial be set.

Very truly yours,

**BAKER & HOSTETLER LLP**

*/s/ Thomas H. Shunk*

Thomas H. Shunk

Enclosure
cc:   Mr. Douglas J. Kline