**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| 01 COMMUNIQUE LABORATORY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:10-cv-01007-CMH-TRJ |
| | ) | |
| LOGMEIN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LOGMEIN'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION
TO SUPPLEMENT INVALIDITY CONTENTIONS IN LIGHT OF
THE NEW FEDERAL CIRCUIT CLAIM CONSTRUCTION**

01 Communiqué Laboratory, Inc.'s ("01") Opposition to Defendant's Motion to Supplement (Dkt. No. 217) ("Opp.") provides no valid reason why LogMeIn, Inc. ("LogMeIn") should not be allowed to supplement two key invalidity defenses that arise from the Federal Circuit's new construction of "location facility." The basis for these defenses has already been the subject of discovery in this case, and there is absolutely no unfair prejudice to 01 from adding these defenses at this time. LogMeIn's supplemental defenses can and should be tried on the merits.

**I.      LogMeIn Should Be Allowed to Supplement Its Invalidity Defenses in Light of the New Claim Construction**

LogMeIn's reason for supplementing its invalidity defenses is simple. Before the Federal Circuit's construction of "location facility," this Court had adopted LogMeIn's construction that the "location facility" was required to be on a single "locator server computer." The Federal Circuit's new construction, however, allows the location facility to be distributed on more than one locator server computer. That change in the construction means that invalidity defenses directed to distributed locator server computers exist now that did not before. Accordingly,

LogMeIn has agreed to drop many of its invalidity defenses that focused on single server implementations of the locator server computer and now seeks to add only two defenses that focus on multiple server implementations of the locator server computer.

## II. LogMeIn Has Significantly Narrowed Its Invalidity Defenses for Trial

01 misstates the facts in asserting to the Court that LogMeIn is "now seeking to pile on arguments and defenses." Opp. at 1. In reality, LogMeIn has significantly reduced the number of invalidity defenses that it will present at trial. LogMeIn's initial invalidity contentions addressed more than 15 prior art references, including 5 anticipatory references and 6 obviousness combinations. LogMeIn has now reduced the number of prior art references to only 7, including 2 anticipatory references and 3 obviousness combinations, and one non-enablement defense. Thus, in total, LogMeIn only has six invalidity defenses and 01 should not be heard to complain that *six invalidity defenses* is too many when 01 intends to litigate *six asserted claims* at trial.

## III. 01 Provides No Valid Basis to Preclude Consideration of LogMeIn's Two Supplemental Invalidity Defenses on the Merits

01 still has failed to cite a single case in which a party was denied the right to supplement its invalidity contentions in light of a new of claim construction, whether handed down on remand or otherwise. The only case that 01 cites to support its position is *East West LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 4105129 (E. D. Va. Sept. 17, 2012). However, *Rahman* is completely inapposite to the facts here. First, *Rahman* was not a patent case and thus did not involve a change in claim construction, either on remand or otherwise. *Id.* at *7. Second, the defendant sought to supplement an expert report more than six weeks after expert discovery had concluded (and after several extensions had been granted). *Id.* Moreover, the supplemental report was served only five weeks before trial was to begin. *Id.*

By contrast, in the present case, there has been a change in claim construction (by the Federal Circuit), expert discovery is ongoing, and trial has not even been scheduled.  In similar circumstances, the Federal Circuit has held that supplementation of expert reports in light of claim construction is appropriate.  *See Asyst Techs., Inc. v. Emtrak, Inc.*, 544 F.3d 1310, 1317 (Fed. Cir. 2008) (affirming decision allowing defendant to supplement invalidity contentions in view of claim construction); *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1357 (Fed. Cir. 1998) (reversing decision precluding defendant from supplementing invalidity contentions in view of claim construction).

### A.    01 Has Identified No Unfair Prejudice

01 provides no support for its assertion that allowing these two amendments will be unfairly prejudicial.  In fact, 01 fails to identify any reason at all why there would be any unfair prejudice, given that 01 has long known of the prior art reference and nonenablement problem at issue, that expert discovery is still ongoing and that 01 will have the opportunity to depose LogMeIn's invalidity expert on the two amendments at issue.

Moreover, 01 does not address any of the reasons that LogMeIn raised in its opening brief to show the lack of unfair prejudice 01.  In particular, 01 does not deny that:

- LogMeIn's motion requires no adjustment to the pretrial schedule;

- Expert discovery is ongoing – indeed, LogMeIn has not yet deposed either of 01's infringement experts;

- The parties have agreed to supplemental expert reports and depositions;

- 01 will have the opportunity to depose LogMeIn's invalidity expert regarding new information included in his supplemental report;

- The Crichton reference that LogMeIn seeks to add to its defenses was a central part of the patent prosecution process, the subject of significant discussion between 01 and the Examiner/PTO, and thus there is no unfair surprise to 01; and

- The record already contains declarations from 01's invalidity rebuttal expert that Crichton does not invalidate the asserted claims. *See, e.g.*, Dkt. 83-4 (Second Declaration of Gregory Ganger at ¶ 17).

## IV.   CONCLUSION

LogMeIn respectfully requests that the Court grant LogMeIn's motion for leave to supplement its invalidity contentions to add Crichton as an invalidating prior art reference under 35 U.S.C. § 103 and to assert non-enablement under  35 U.S.C. § 112.

Dated:  December 13, 2012          Respectfully submitted,

WINSTON & STRAWN LLP

/S/ _____
Charles B. Molster, III
(VSB No. 23613)
Attorney for Defendant LogMeIn, Inc.
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel : (202) 282-5988
Fax : (202) 282-5100
Email: cmolster@winston.com

WILMER CUTLER PICKERING HALE
AND DORR LLP

Philip R. Seybold
(VSB#73596)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.:  (202) 663-6000
Fax:  (202) 663-6363
Email: randy.seybold@wilmerhale.com

Wayne L. Stoner (admitted *pro hac vice*)
Vinita Ferrera (admitted *pro hac vice*)
Rachel Gurvich (admitted *pro hac vice*)
Silena Paik (admitted *pro hac vice*)
Alexandra Amrhein (admitted *pro hac vice*)
Leslie Pearlson (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Tel.:  (617) 526-6000
Fax:  (617) 526-5000
Email: Wayne.Stoner@wilmerhale.com
Email: Vinita.Ferrera@wilmerhale.com
Email: Rachel.gurvich@wilmerhale.com
Email: Silena.Paik@wilmerhale.com
Email: Alexandra. Amrhein@wilmerhale.com
Email: Leslie.Pearlson@wilmerhale.com

Nathan Walker (admitted *pro hac vice*)
Arthur W. Coviello (admitted *pro hac vice*)
950 Page Mill Road
Palo Alto, CA 94304
Tel.:  (650) 858-6000

Fax:  (650) 858-6100
Email: Nathan.Walker@wilmerhale.com
Email: Arthur.Coviello@wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2012, the foregoing document was served electronically upon the following counsel of record:


A. Neal Seth
Adam Jay Smith
John P. Corrado
Katherine Lea McKnight
BAKER & HOSTETLER LLP
1050 Connecticut Ave. NW
Suite 1100
Washington, DC 20036
Tel.: (202) 861-1500
Email: nseth@bakerlaw.com
Email: ajsmith@bakerlaw.com
Email: jcorrado@bakerlaw.com
Email: kmcknightbakerlaw.com

*Attorneys for Plaintiff 01*
*Communique Laboratory, Inc.*


WINSTON & STRAWN LLP

/S/_____
Charles B. Molster, III
(VSB No. 23613)
Attorney for Defendant LogMeIn, Inc.
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel : (202) 282-5988
Fax : (202) 282-5100
Email: cmolster@winston.com