**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOGMEIN, INC. ) <br> ) <br> Defendant. ) | Case No. 1:10-cv-01007-CMH-TRJ |

**REPLY IN SUPPORT OF PLAINTIFF'S RENEWED
MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE
CONDUCT IN LIGHT OF FEDERAL CIRCUIT'S *THERASENSE* DECISION**

**I.      INTRODUCTION**

To survive this motion, LogMeIn must offer clear and convincing evidence that the individuals it accuses of inequitable conduct *knew* the '888 patent was material to the allowance of the '479 patent and intentionally withheld it with intent to deceive the PTO. That must be the "single most reasonable inference able to be drawn from the evidence." *Therasense Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011). "When there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Id.* at 1290-91.

Here, the evidence presented does not support a "single most reasonable inference" that the individuals LogMeIn accuses of inequitable conduct believed the '888 patent to be material, much less that they *knew* it to be material. The jury could not properly find, on the evidence presented, that 01's lead inventor, Andrew Cheung, and counsel during patent prosecution, Kenneth Sheehan, subjectively knew the patent was material and intentionally withheld it.

Indeed, LogMeIn hangs its entire opposition to this motion on a single piece of evidence: their retention of an expert witness willing to say that the '888 patent is invalidating prior art, and therefore material, to the '479 patent. There is nothing else. That of course is not "evidence" at all, but simply the self-serving opinion of a paid expert witness.

Lacking any real evidence to support their claims, LogMeIn resorts to a series of baseless conclusory statements presented as if they were substantiated facts supported by the record. LogMeIn's unsupported assertions include:

- "Mr. Cheung and Mr. Sheehan knew that the '888 patent was a highly material prior art reference"
- "they were expressly told it was by Accolade"
- "and agreed that it was with Accolade."

Def.'s Opp. Summ. J. 13.

Yet, LogMeIn makes these statements without any evidentiary citation. In point of fact, both Mr. Cheung and Mr. Sheehan testified repeatedly—under oath at their depositions—not only that the '888 patent was not material, but why it was not. There is no countervailing evidence on this point. No witness offered any factual testimony that would tend to contradict those statements. Accolade never "told" anyone representing 01 that the '888 patent was material to the '479 patent. No Accolade witness was ever called to substantiate it, and LogMeIn offers no other testimonial or documentary evidence as support. Also, Mr. Cheung and Mr. Sheehan never "agreed" with Accolade that the '888 patent was material because, again, Accolade never said it was. LogMeIn offers no evidence to support that claim either.

Instead, these unsubstantiated statements, which LogMeIn needs to be true if it has any hope of defeating 01's motion, are merely self-serving conclusions based on nothing more than the fact that Accolade previously sued 01 for infringement of its '888 patent and, to resolve that

suit, an impecunious 01 agreed to pay Accolade $35,000 plus an additional $25,000 if 01 was successful in its litigation with Citrix.

LogMeIn's reliance on the mere filing and settlement of this prior suit to support its bald assertion that Accolade "told" 01 that the '888 patent was material prior art to the '479 patent, or that 01 "agreed" with Accolade that it was material, is such an egregious misstatement and distortion of the evidence that it defies comprehension.

## II.     ARGUMENT

### A.     Every Case LogMeIn Cites For Standards Of Materiality And Intent To Deceive Predates *Therasense*.

In its section on the standards for determining materiality and intent to deceive, every single case cited by LogMeIn predates the *Therasense* decision, sometimes by as many as 65 years. Not a single case cited in that section deals with the new standards for materiality and intent to deceive set out by the Federal Circuit in *Therasense*.

This is not surprising given that under the new standards, LogMeIn's claims must be dismissed. Before *Therasense*, "where [a patentee] knew, or *should have known*, that the withheld reference would be material to the PTO's consideration, their failure to disclose the reference is sufficient proof of the existence of intent to mislead the PTO." 649 F.3d at 1288 (emphasis added) (quoting *Driscoll v. Cebalo*, 731 F.2d 878, 885 (Fed. Cir. 1984)). Now, however, the Federal Circuit has held in *Therasense* that "[a] finding that the misrepresentation or omission amounts to gross negligence or negligence under a 'should have known' standard does not satisfy this intent requirement." *Id.* at 1290 (citation omitted). Rather, "clear and convincing evidence must show that the applicant *made a deliberate decision* to withhold a *known* material reference." *Id.* (emphasis in original) (citation omitted). "Proving that the

applicant knew of a reference, s*hould have known* of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." *Id.* (emphasis added) (citation omitted).

LogMeIn avoids addressing this new standard because, as applied to the evidence LogMeIn has presented, LogMeIn cannot sustain its claim of inequitable conduct.  As the Federal Circuit made clear, even if circumstantial evidence of intent is relied on,

> to meet the clear and convincing evidence standard, the specific intent to deceive must be the 'single most reasonable inference able to be drawn from the evidence.'  Indeed the evidence must be sufficient to *require* a finding of deceitful intent in the light of all the circumstances. Hence, when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found. Whenever evidence proffered to show either materiality or intent is susceptible of multiple reasonable inferences, a district court clearly errs in overlooking one inference in favor of another equally reasonable inference.

*Id.* at 1290-91 (emphasis in original) (citations omitted).

LogMeIn's attempt to meet the standards of (1) clear and convincing evidence of materiality, and (2) intent to deceive, from the mere fact that an expert witness for LogMeIn opines that the '888 reference *may* be invalidating prior art flatly contradicts the Federal Circuit's holding in *Therasense*.  LogMeIn raises the same claims on the same inadequate evidence that the Federal Circuit has now firmly held to be improper.

### B. LogMeIn's "Facts" Are Purposely Contorted And Entirely Unsubstantiated Conclusions.

A careful review of LogMeIn's prolix fact section demonstrates that LogMeIn's entire case rests upon only 2 uncontested facts:

1. LogMeIn has an expert witness willing to say that the '888 patent invalidates the '479 patent.

2. Messrs. Cheung and Sheehan were aware of the '888 patent because Accolade sued 01 for infringement of the '888 patent several years ago.

4

On this basis alone, LogMeIn has the temerity to assert the following as though they were facts supported by the record:

- "The '888 patent is directly anticipatory of many claims of the '479 patent (and renders other claims obvious) and but for its being withheld from the PTO, those claims would have been held invalid and have not been confirmed." Def.'s Opp. Summ. J. 2.

- "Messrs. Cheung and Sheehan actually knew that the '888 patent was and is material." *Id.*

- "Messrs. Cheung and Sheehan subsequently *agreed* that the '888 patent was material." *Id.*

- "Cheung and Sheehan thus agreed and actually knew that the '888 patent was material to the '479 patent." *Id.*

- "Cheung and Sheehan [had] express knowledge of, and agree[d] to the materiality of the '888 patent." *Id.* at 3.

- "Because the '888 patent is anticipatory the PTO examiner would not have allowed all of the original claims at issue of the '479 patent." *Id.* at 11.

- "Mr. Cheung and Mr. Sheehan knew that the '888 patent was a highly material prior art reference." *Id.* at 13.

- "They were expressly told that [the '888 patent] was [material] by Accolade and agreed that it was with Accolade." *Id.*

The Court should view these "facts" for what they truly are: not facts at all, but simply invented, self-serving conclusions that are not independently supported, but clearly concocted by LogMeIn in an effort to show what it must in order to survive this motion.

### 1. The Bhattarcharjee Expert Report

With respect to the first of the two facts above, LogMeIn's expert, Dr. Bhattarcharjee, has opined that the '888 patent is material to the '479 patent. 01's expert, Dr. Ganger, disagrees with that opinion, and has testified not only that the '888 patent is not material, but also why it is not:

> Two important aspects of the inventions claimed by the '479 patent is that they locate and create communication sessions with a computer on the Internet even if

5

>that computer has a dynamic IP address or a publicly unaddressable IP address. The '888 patent fails to address either issue, and, for at least these reasons, would not be important to a reasonable examiner in deciding whether to allow the '479 application to issue as a patent. Therefore the '888 patent is not material to patentability to the asserted claims of the '479 patent under the third test discussed above.

Expert report of Dr. Gregory Ganger ¶ 325.

As made clear by the Federal Circuit in *Therasense*, LogMeIn must demonstrate by clear and convincing evidence that (1) Mr. Cheung and Mr. Sheehan "knew" the '888 reference to be material, and (2) that must be the "single most reasonable inference" from the evidence. *See Therasense*, 649 F.3d at 1290.  Yet, there is no clear and convincing evidence for such a finding.  While Dr. Bhattarcharjee's opinion is that the '888 is material, Dr. Ganger's opinion is that the '888 is not material because it, *inter alia*, does not solve the problem of dynamic IP addresses or publicly unaddressable IP addresses.  Mr. Sheehan's uncontradicted testimony is that he did not believe it to be material because it lacked at least those two elements.  Mr. Cheung's uncontradicted testimony is that it was not material for the same reason.  Based on the above, the "single most reasonable inference" from that "evidence" cannot be that Mr. Cheung and Mr. Sheehan knew the '888 to be material.

## 2. The Accolade Suit Against 01 In 2007

The second piece of evidence from which LogMeIn wishes the Court to believe that Mr. Cheung and Mr. Sheehan "knew" the '888 patent to be material is merely this: Accolade, an unrelated third party, sued 01 in 2007 for alleged infringement of its '888 patent.  01 denied infringement, and the matter was resolved for a nominal sum, with 01 to pay Accolade an additional $25,000 if the litigation against Citrix was successful.

That is the totality of the evidence—an infringement claim by Accolade against 01 that was settled before an answer was filed.  There was no discussion with Accolade about the

materiality of the '888 patent to the '479 patent and certainly no agreement among the parties that it was material. LogMein offers no evidence whatsoever to support those claims.

The mere fact that a party is sued by another party for infringing a patent does not show that the asserted patent is material prior art to every patent the alleged infringer owns. By way of simple example, a patent on the microphone for a cell phone is not material prior art to every patent the cell phone maker owns, even if it admits that it practices its own patents. Nor does the fact of that suit show, or even tend to show, that the cell phone maker knew that the microphone patent was material prior art to its own patents. If the owner of a patent claiming that 2 tin cans and a string constitutes a communications channel sues a cell phone manufacturer on that patent, it does not follow from that fact that the cell phone manufacturer knew that the string-and-can patent was material prior art to its patents dealing with modern electronic communication channels.

    **C.**    **LogMeIn Mis-Cites Cases Denying Summary Judgment Of No Inequitable Conduct, And Omits Cases That Granted Summary Judgment.**

LogMeIn cites five cases purporting to show that "district courts have repeatedly refused to grant summary judgment of no inequitable conduct where there are genuine issues of material fact." Def.'s Opp. Summ. J. 15. In each of those cases, the court was presented with instances of actual affirmative conduct—not just subjective beliefs about materiality—that were in dispute.

Of the five cases cited by LogMeIn for the proposition that district courts "repeatedly" deny summary judgment motions on inequitable conduct, three of those dealt with affirmative acts of misrepresentation to the PTO, which is covered by an express exception for such affirmative conduct carved out in *Therasense*. "Although but-for materiality generally must be proved to satisfy the materiality prong of inequitable conduct, this court recognizes an exception in cases of affirmative egregious misconduct." 649 F.3d at 1292. "When the patentee has

7

engaged in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit, the misconduct is material." *Id.* (citation omitted).

In *Pure Fishing, Inc. v. Normark Corp.*, the patentee made an affirmative statement to the PTO regarding his sole inventorship of the patent, without identifying others who were involved, while in *Kathrein-Werke KG v. Radiacion y Microondas S.A.*, the patentee gave an incorrect translation of the German application to the PTO, making it impossible for the PTO to raise a new matter objection. *Pure Fishing, Inc. v. Normark Corp.*, No. 10-cv-2140, 2012 WL 6138216 (D.S.C. Dec. 11, 2012); *Kathrein-Werke KG v. Radiacion y Microondas S.A.*, No. 07-cv-2921, 2011 WL 4460393 (N.D. Ill. Sept. 26, 2011). Similarly, in *Safco Prods. Co. v. Welcom Prods., Inc.*, the patentee made false statements about the true inventorship of the patent at issue. 799 F. Supp. 2d 967, 999 (D. Minn. 2011).

In each of these cases, there was an affirmative act of egregious conduct in dealings with the PTO, to which the *Therasense* exception applied. As the Federal Circuit has explained, "because neither mere nondisclosure of prior art references to the PTO nor failure to mention prior art references in an affidavit constitutes affirmative egregious misconduct, claims of inequitable conduct that are based on such omissions require proof of but-for materiality." *Therasense*, 649 F.3d at 1292-93. None of these three cases stand for the proposition that where, as in this case, there is no allegation of affirmative acts of misrepresentation but simply the alleged withholding of a prior art reference, summary judgment claims are "repeatedly denied."

The remaining two cases cited by LogMeIn also do not support its proposition that "District Courts have repeatedly refused to grant summary judgment of no inequitable conduct [. . .]." Def.'s Opp. Summ. J. 15. The first, *TV Interactive Data Corp. v. Sony Corp.*, involved hotly contested and fact-intensive cross motions for summary judgment of inequitable conduct.

8

No. 10-cv-0475, 2012 WL 6020113 (N.D. Cal. Dec. 3, 2012).  In *Avocent Redmond Corp. v. Raritan Americas, Inc.*, the materiality of a reference was admitted, but the movant claimed that the failure to disclose that known materiality reference was due to bureaucratic error, a clear question of fact.  No. 10-cv-6100, 2012 WL 3114855 (S.D.N.Y. July 31, 2012).

Not only are the few cases relied upon by LogMeIn inapposite, but LogMeIn fails to direct the court to the legion of cases in which summary judgment of no inequitable conduct was granted by district courts, including a prominent case from this Court[1]:

- *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, No. 09–C–0916, 2012 WL 5931790 (E.D. Wis. Nov. 27, 2012);

- *Ohio Willow Wood Co. v. ALPS South, LLC*, No. 2:04–cv–1223, 2012 WL 3283437 (S.D. Ohio Aug. 10, 2012);

- *BASF Corp. v. Aristo, Inc.*, 872 F. Supp. 2d 758 (N.D. Ind. 2012);

- *CSB-Sys. Intern. Inc. v. SAP Am., Inc.*, No. 10–2156, 2012 WL 1645582 (E.D. Pa. May 10, 2012);

- *Bayer Schering Pharma AG v. Watson Pharm., Inc.*, Nos. 2:07–CV–01472–KJD–GWF, 2:08–CV–00995–KJD–GWF, 2012 WL 1079574 (D. Nev. Mar. 30, 2012);

- *Bone Care Int'l, LLC v. Pentech Pharm., Inc.*, 862 F. Supp. 2d 790 (N.D. Ill. 2012);

- *WesternGeco L.L.C. v. ION Geophysical Corp.*, No. 4:09–CV–1827, 2012 WL 567430 (S.D. Tex. Feb. 21, 2012);

- *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, No. 1:09–CV–1685, 2012 WL 529827 (M.D. Pa. Feb. 17, 2012);

- *Mformation Techs., Inc. v. Research in Motion Ltd.*, 830 F. Supp. 2d 815 (N.D. Cal. 2011);

- *Carl Zeiss Vision Intern. GMBH v. Signet Armorlite, Inc.*, No. 07cv0894 DMS (POR), 2011 WL 6372785 (S.D. Cal. Dec. 19, 2011); and,

- *MeadWestvaco Corp. v. Rexam PLC*, 809 F.Supp.2d 463 (E.D. Va. 2011).

---

[1] These cases were addressed in detail in Plaintiff's opening brief.  Mem. in Supp. Of Pl.'s Renewed Mot. For Summ. J. at 11-12 (Dec. 27, 2012).

In addition, in *Pfizer v. Teva Pharm. USA, Inc.*, this Court found that "Teva's counterclaim was rendered objectively baseless by the Federal Circuit's opinion in *Therasense*, such that no reasonable litigant could have expected it to succeed. Moreover, given the clear directive in *Therasense*, and Teva's failure to present any evidence supporting its claim of inequitable conduct as discussed above, Teva's unabated pursuit of the claim was 'exceptional.'" 820 F. Supp. 2d 751, 761 (E.D. Va. 2011).

Remarkably, when LogMeIn cites *Bristol-Myers Squibb Co. v. TiVo Pharm. USA, Inc.*, for the proposition that the court denied summary judgment because "it could not accept plaintiff's testimony regarding intent because 'it would require that I find the testimony of the inventor and the attorneys to be credible,'" Def.'s Opp. Summ. J. 14, LogMeIn conveniently omits the very next sentence in the quote:

> while uncontradicted sworn testimony may be accepted on summary judgment, there is evidence in [that]record that cautions against accepting the testimony without giving the opportunity for a full hearing.

*Bristol-Myers Squibb Co.*, No. 10- 805-RGA, 2012 WL 2951965, *2 (D. Del. July 19, 2012).

The other contradicting evidence in *Bristol-Meyers* was that one of the inventors, who asserted the dissimilarity of the reference from his invention, published an article in which he identified "structural similarity" between the omitted reference and his patent. *Id.* In this case, of course, there is no such evidence. The Court can, and should, accept the uncontradicted sworn testimony of Mr. Cheung and Mr. Sheehan.

### D.    If Not Dismissed, The Inequitable Conduct Issue Should Be Tried Separately, After Determining The Patent's Validity.

The Federal Circuit has instructed that "[i]n assessing the materiality of a withheld reference, the court must determine whether the PTO would have allowed a claim if it had been aware of the undisclosed reference." *Therasense*, 649 F.3d at 1291. Moreover, "whenever

10

evidence proffered to show either materiality or intent is susceptible of multiple reasonable inferences, a district court clearly errs in overlooking one inference in favor of another equally reasonable inference." *Id.* (citation omitted). In addition, "because the party alleging inequitable conduct bears the burden of proof, the 'patentee need not offer any good faith explanation unless the accused infringer first . . . prove[s] a threshold level of intent to deceive by clear and convincing evidence.'" *Id.* (citation omitted).

Taken together, these instructions clearly point to the appropriate way of resolving inequitable conduct cases that survive dispositive motions. LogMeIn has the burden of proving materiality and intent to deceive by clear and convincing evidence. If there is a determination by the Court or jury that the patent is valid, that is the end of the matter. It would be incongruous for the Court to find that PTO would not have issued the patent over the reference even though the jury found the reference does not invalidate the patent.

For these reasons, 01 has suggested that the appropriate way to resolve this matter is to withhold any evidence of inequitable conduct from presentation to the jury unless and until the jury determines that the patent is invalid over the asserted reference. In response, LogMeIn points to two cases for the proposition that the invalidity and inequitable conduct issues should be tried together to a jury: *Abbott Point of Care, Inc. v. Epocal, Inc.*, 868 F. Supp. 2d 1310 (N.D. Ala. 2012), and *Medtronic Xomed, Inc. v. Gyrus ENT, LLC*, 440 F. Supp. 2d 1333 (M.D. Fla. 2006). However, *Medtronic* was decided five years before *Therasense*, and thus, gives no guidance on the appropriate way of resolving inequitable conduct cases after *Therasense*. *See* 440 F. Supp. 2d 1333. In *Abbott*, there was no issue of inequitable conduct presented at all. *See* 868 F. Supp. 2d 1310. Thus, there is no support for LogMeIn's position that these issues should be tried together.

There is, of course, no mystery as to why LogMeIn wants to try the issues together: it hopes to infect the jury with prejudice against 01 by charging Mr. Cheung and Mr. Sheehan with fraud on the patent office. These are the very same ills that the Federal Circuit intended to halt through *Therasense*:  Using the defense as "a significant litigation strategy . . . cast[ing] a dark cloud over the patent's validity and paint[ing] the patentee as a bad actor" and "focus[ing] on the moral turpitude of the patentee with ruinous consequences for the reputation of his patent attorney."  649 F.3d at 1288.  If LogMeIn's inadequately supported defense of inequitable conduct survives summary judgment, it should be tried separately from the main case to achieve these very clear objectives of the Federal Circuit.

## III. CONCLUSION

LogMeIn has failed to come forward with any evidence that Mr. Cheung and Mr. Sheehan *knew* the '888 patent was material to the allowance of the '479 patent and intentionally withheld it with intent to deceive the PTO.  Moreover, LogMeIn has failed to counter the clear evidence in the record that Mr. Cheung and Mr. Sheehan *did not believe* the '888 patent to be material.  LogMeIn has not raised any genuine issue of material fact, and because the evidence it presented does not support the "single most reasonable inference" that the individuals LogMeIn accuses of inequitable conduct believed the '888 patent to be material—much less that they knew it to be material—*Therasense* directs that summary judgment should be granted for 01 on the issue of inequitable conduct.

Date: January 10, 2013                                  /s/

BAKER & HOSTETLER LLP

John P. Corrado (VSB 20247)
Marc Antonetti (*pro hac vice*)
A. Neal Seth (VSB 47394)
Katherine L. McKnight (VSB 81482)

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
(202) 861-1500
(202) 861-1783 (facsimile)
jcorrado@bakerlaw.com
mantonetti@bakerlaw.com
nseth@bakerlaw.com
kmcknight@bakerlaw.com

Thomas H. Shunk (*pro hac vice*)

PNC Building, Suite 3200
1900 E. 9th Street
Cleveland, Ohio 44114
(216) 861-7592
(216) 696-0740 (facsimile)
tshunk@bakerlaw.com

*Attorneys for Plaintiff,*
*01 Communique Laboratory, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Reply In Further Support Of Plaintiff's Renewed Motion For Summary Judgment Of No Inequitable Conduct In Light Of Federal Circuit's Therasense Decision has been served by e-mail, on January 10, 2013, to the following counsel of record:

Philip R. Seybold
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
randy.seybold@wilmerhale.com

Charles B. Molster III
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100
cmolster@winston.com

Attorneys for LogMeIn, Inc.

                                              */s/ A. Neal Seth*
                                              Attorney for Plaintiff