**PUBLIC VERSION**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-01007-CMH-TRJ |
| ) | |
| LOGMEIN, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION
TO DEFENDANT LOGMEIN, INC.'S MOTION TO DISMISS FOR
FAILURE TO JOIN AN INDISPENSABLE PARTY**

**PUBLIC VERSION**

I. **INTRODUCTION**

LogMeIn Inc.'s ("LogMeIn") most recent effort to sidetrack this case—its motion to dismiss for lack of an allegedly necessary party, the Canadian company Wi-LAN, Inc. ("Wi-LAN")—fails because Wi-LAN has no rights against LogMeIn related to this case.



---

[1] The '479 Patent is the patent-in-suit, U.S. Patent No. 6,928,479 ("'479 patent").

**PUBLIC VERSION**



There is nothing open for adjudication between Wi-LAN and LogMeIn in this case. On these facts, LogMeIn cannot meet its heavy burden of proving that Wi-LAN is a "required party" for purposes of Rule 19 of the Federal Rules of Civil Procedure, or that the failure to join Wi-LAN requires the drastic remedy of dismissal. The motion should be denied.

## II. RELEVANT FACTS





While 01's appeal to the Federal Circuit in this action was pending, on January 4, 2012, 01 and Wi-LAN filed suit against Bomgar Corporation ("Bomgar") in this Court—Case No. 1:12-cv-00003—for infringement of the '479 patent ("Bomgar Action"). This action was brought by 01 with Wi-LAN because Bomgar, the defendant, was one of the Subject Companies

defined in the Agreement, and against whom Wi-LAN had been given certain rights. (*See* Def.'s Mem.,[2] Ex. B, pp. 2-3.) The action has since settled.

## III. ARGUMENT

### A. Federal Rule 19 Requires That A Party Be Necessary And Indispensable

Under Rule 19,[3] a party must be joined if in that person's absence, the court cannot accord complete relief among existing parties or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (1) as a practical matter impair or impede the person's ability to protect the interest; or (2) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a).

Rule 19 sets forth a two-step inquiry for a district court to determine whether a party should be joined in an action. "First, the district court must determine whether the party is 'necessary' to the action under Rule 19(a). If the court determines that the party is 'necessary,' it

---

[2] LogMeIn's Memorandum in Support of Its Motion to Dismiss for Failure to Join an Indispensable Party Unless Wi-LAN Is Joined as a Plaintiff ("Def.'s Mem.") is filed at Docket No. 242.

[3] In 2007, Rule 19 was amended, removing the terms "necessary" and "indispensable." Despite the changed language, the analysis under the Rule remains the same. *See* Fed. R. Civ. P. 19 advisory committee's note ("The language of Rule 19 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only. . . . 'Indispensable' was used only to express a conclusion reached by applying the tests of Rule 19(b). It has been discarded as redundant." Because most of the case uses the language of the rule prior to the amendments, 01 will continue in this Memorandum to refer to "necessary" and "indispensable" parties rather than the much longer description under the current formulation of the Rule.

5

must then determine whether the party is 'indispensable' to the action under Rule 19(b)." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 249 (4th Cir. 2000) (citing *Teamsters Local Union No. 171 v. Keal Driveaway*, 173 F.3d 915, 917-18 (4th Cir. 1999)).

LogMeIn bears the burden of showing *both* that Wi-LAN must be joined and that if joinder is not feasible, the action should be dismissed. *Am. Gen. Life and Acc. Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005); *Topiwala v. Wessell,* No. WDQ-11-0543, 2012 WL 122411, *4 (D. Md. Jan. 12, 2012) (citing *R-Delight Holding LLC v. Anders*, 246 F.R.D. 496, 499 (D. Md. 2007)). A vague possibility that unjoined parties may have an interest affected by the litigation is insufficient to invoke dismissal: "Courts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered *only* when the resulting defect cannot be remedied and prejudice or inefficiency will *certainly* result." *Owens-Illinois Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999) (emphasis added); *see also Keal Driveaway Co.*, 173 F.3d at 918 ("Dismissal of a case is a drastic remedy . . . which should be employed only sparingly.").

## B.    None Of The Concerns Contemplated By Rule 19(a) Are Present Here

### 1.    Complete Relief Can Be Accorded Between 01 And LogMeIn Because Wi-LAN Has No Standing In This Case.

The Patent Act provides that standing to sue for infringement is expressly conferred on owners and assignees of patents. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) (citing 35 U.S.C. §§ 100(d), 281). A party who holds all rights or "all substantial rights" under a patent has standing to bring suit in its own name. *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998).

**PUBLIC VERSION**

Exclusionary rights and the right to sue are considered hallmarks of standing in a patent suit. *See WiAV Solutions LLC v. Motorola, Inc.*, 679 F. Supp. 2d 639, 645 n.14 (E.D. Va. 2009) (noting that "a plaintiff in a patent suit must have both the right to sue and the right to exclude [. . . .]" (citing *Morrow*, 499 F.3d at 1341)), *rev'd on other grounds*, 631 F.3d 1257, 1267 (Fed. Cir. 2010). "In determining ownership for purposes of standing, labels given by the parties do not control. Rather, the court must determine whether the [licensee] has in fact received all substantial rights from the patent owner." *A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1218 (Fed. Cir. 2010) (citing *Waterman v. Mackenzie*, 138 U.S. 252, 256 (1891)).

From this statutory grant, the Federal Circuit has identified three categories of plaintiffs in an infringement action: (1) those that can sue in their own name; (2) those that can sue as long as the patent owner is also joined in the suit; and (3) those that cannot even participate as a party to an infringement suit. *Morrow*, 499 F.3d at 1339. Owners and assignees who hold "all substantial rights" to the patent, like 01, fall into the first category of plaintiffs and have standing to bring a suit for infringement in their own name alone. *See id.* at 1339-40. The second category of plaintiffs embraces those plaintiffs who hold exclusionary rights and interest created by the patent statutes, but not all substantial rights to the patents. *See id.* at 1340. The third category, with no rights even to participate in a patent suit, includes those that hold less than all substantial rights to the patents and lack exclusionary rights (such as nonexclusive licensees and licensing agents). *See id.* ■■■■■■■■■■■■■.

As the Federal Circuit recognized in *Sicom Systems Ltd. v. Agilent Technologies, Inc.*, "[a] nonexclusive license confers no constitutional standing on the licensee to bring suit or even to join a suit with the patentee because a nonexclusive licensee suffers no legal injury from

7

infringement." 427 F.3d 971, 976 (Fed. Cir. 2005). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The Supreme Court stated:

> [T]he grant of an exclusive right under the patent within a certain district, ***which does not include the right to make, and the right to use, and the right to sell***, is not a grant of a title in the whole patent right within the district, and is therefore only a license.

*Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 37-38 (1923) (emphasis added)

(quoting *Waterman*, 138 U.S. at 256).

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

> [I]t is not enough that the [agreement at issue] grant[s a party] certain exclusive rights. It is also necessary that the infringement have occurred within [the party]'s 'stated area of exclusivity.' In other words, to be an exclusive licensee *for purposes of this infringement action against [a defendant]*, [the defendant's] adjudicated act of infringement must have infringed on one of [the party]'s exclusive rights.

*Amgen, Inc. v. Chugai Pharm. Co.*, 808 F. Supp. 894, 901 (D. Mass. 1992) (emphasis in original).

Here, LogMeIn's infringement falls outside of any interest conveyed to Wi-LAN in the

Agreement, and the Federal Circuit has instructed:

> [T]he key question in determining whether [a party] has standing to assert the . . . Patents against the Defendants is not, as the Defendants would have it, whether [the party] has established that it has the right to exclude *all* others from practicing the patent. The question is whether [the party] has shown that it has the right under the patents to exclude *the Defendants* from engaging in the alleged infringing activity and therefore is injured by the Defendants' conduct.

*WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1267 (Fed. Cir. 2010) (emphasis in

original).

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████

████████████████████████████████ *See Sicom*, 427 F.3d at 976 (a licensee who suffers no legal injury from infringement has "no constitutional standing . . . to bring suit or even to join a suit with the patentee").

### 2. LogMeIn Does Not Face Multiple Infringement Suits Under The '479 Patent.

███████████████████████████████████

███████████████████████████████████████████

████████████████████████████ As a result, LogMeIn is not at risk of being sued again by Wi-LAN for infringement of the '479 patent. ████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████

Indeed, the Federal Circuit has instructed that "[a] licensee cannot stand by until a patentee's suit is concluded and then seek to vindicate its rights in a second suit." *Ortho Pharm.*, 52 F.3d at 1035 ("[W]hen a suit in equity has been brought and prosecuted, in the name of the

patentee alone, *with the licensee's consent and concurrence*, to final judgment . . . we should hesitate to say merely because the licensee was not a formal plaintiff in that suit, that a new suit could be brought to recover damages against the same defendant for the same infringement.") (emphasis added) (quoting *Birdsell v. Shaliol*, 112 U.S. 485, 486-87 (1884)). Thus, LogMeIn's professed concern about multiple infringement suits in conjunction with the '479 patent is not supported by the facts.

### 3. LogMeIn's Other Arguments Are Without Merit.

[redacted]

10



LogMeIn's contention that these provisions may have "direct ramifications" on settlement or license agreements between 01 and LogMeIn is without merit.

LogMeIn also makes the astounding statement that the fact that it is excluded from the Subject Companies listed in the Agreement "is of no moment." (Def.'s Mem. at 6.) The cases upon which LogMeIn relies to support this proposition are unhelpful to LogMeIn. In *Sicom*, for example, the issue was whether the licensee—here, Wi-LAN—could bring suit on its own, without joining the licensor—here, 01. There, the Federal Circuit affirmed the lower court's ruling that the licensor had to be joined, because the exclusive licensee had less than all substantial rights. *See Sicom*, 427 F.3d at 979-80. That situation is the opposite of the situation in this case, where 01, the patent holder with all substantial rights, is the plaintiff.

Similarly, in *Alfred E. Mann Foundation for Scientific Research v. Cochlear Corp.*, the licensee was granted the first right to sue to enforce the patents though the licensor retained a secondary right to sue should the licensee decline to sue. 604 F.3d 1354, 1358 (Fed. Cir. 2010). When the licensee declined to sue, the licensor filed suit on its own. *See id.* The Federal Circuit found that once the licensor's right to sue was activated, the licensor retained standing to sue.

*See id.* at 1362. Thus, the case has no applicability to the facts here because 01 always retained all substantial rights in the '479 patent in connection with suing LogMeIn.

Similarly, in *Joint Marketing International, Inc. v. L & N Sales and Marketing, Inc.*, the issue was not whether the licensee was an indispensable party to litigation brought by the licensor, but rather, whether when the *licensee* brought suit on its own, the licensor needed to be joined. No. 05-CV-4818, 2006 WL 1995130 (E.D.N.Y. July 14, 2006). The court concluded that the *licensors* did need to be joined. *See id.* at *5. Again, this is the opposite of the facts in this case, where the licensor, 01, holding all substantial rights with respect to LogMeIn, is the plaintiff.

Finally, LogMeIn misconstrues statements made by 01 in the Bomgar Action, in which both 01 and Wi-LAN joined in a suit against Bomgar, a ***Subject Company*** under the Agreement against whom Wi-LAN ***did*** have rights that it does not have against LogMeIn. Specifically, LogMeIn alleges that in that case 01 represented itself as no longer holding all substantial rights to the '479 patent and that it "is required by prudential standing rules to join its exclusive licensee, Wi-LAN." (Def.'s Mem. at 1-2, 6.) That statement, however, was directed to Bomgar—a Subject Company—as a defendant. LogMeIn fails to explain that under the Agreement, Wi-LAN had the authority to commence litigation against, and grant a license to, Bomgar which is not the case with respect to LogMeIn.[4] As the Federal Circuit has noted,

---

[4] Tellingly, attached as Exhibit B to LogMeIn's opening brief is Plaintiff's Brief in Opposition to Bomgar's Motion to Dismiss for Lack of Standing, which states that Wi-LAN was granted the exclusive right to license the '479 patent "to Bomgar and other companies identified on a list of

*continued on next page...*

"selective quotes from a prior litigation do not show that [a party] had acquired all substantial rights" where such quotes "are consistent with a field-of-use license." *A123*, 626 F.3d at 1217. Nor do such statements "affect or diminish . . . actual retained rights in the patents." *Id.* LogMeIn's contention that these statements are pertinent here because this case involves the same patent and the same Agreement is without merit and wholly distinguishable: as to Bomgar, Wi-LAN has rights it does not have against LogMeIn.

### C. LogMeIn Cannot Show That Without Wi-LAN This Action Should Be Dismissed

Even if LogMeIn were able to prove that Wi-LAN should be joined under Rule 19(a), LogMeIn has not shown that the case should be dismissed in Wi-LAN's absence, as contemplated by Rule 19(b). This court has stated that "[a] necessary party that cannot be joined can be declared indispensable only after applying the four factor test articulated by Rule 19(b), a test which must be applied *strictly*, as '[c]ourts are loath to dismiss cases based on nonjoinder of a party.'" *S. Co. Energy Mktg., L.P. v. Va. Elec. and Power Co.*, 190 F.R.D. 182, 189 (E.D. Va. 1999) (emphasis added) (quoting *Owens–Illinois*, 186 F.3d at 441). The four factors are:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

---

*…continued from previous page*

Subject Companies." (Def.'s Mem., Ex. B, p. 2.) Thus, LogMeIn omits the critical fact, revealed in its exhibits to its motion, that the Bomgar Action, unlike the case here, was brought against a Subject Company, Bomgar, as delineated in the Agreement.

 (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;

 (3) whether a judgment rendered in the person's absence would be adequate; and

 (4) *whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder*.

Fed. R. Civ. P. 19(b) (emphasis added).



LogMeIn mischaracterizes the relevance of *Schwarz Pharma, Inc. v. Paddock Labs., Inc.*, asserting that it states "[t]he presence of [an indispensable party] in most cases enable[s] the alleged infringer to respond in one action to all claims of infringement for his act." 504 F.3d 1371 (Fed. Cir. 2007) (Def.'s Mem. at 10.) However, the actual quote from *Schwarz Pharma* states that "'[t]he presence of *the owner of the patent as a party is indispensable* . . . in most cases to enable the alleged infringer to respond in one action to all claims of infringement for his

act.'" 504 F.3d at 1374 (emphasis added) (quoting *Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 468 (1926)). But Wi-LAN is not the owner of the patent, thus rendering *Schwarz Pharma* irrelevant.

The equities of this matter favor proceeding without Wi-LAN as a party. 

Further, the fourth factor of Rule 19(b)(4) weighs heavily in favor of denying this motion. 01 would not have an adequate remedy if the action were dismissed for nonjoinder.

The balance of the factors articulated in Rule 19(b) favors the denial of LogMeIn's motion over the dismissal of 01's case.

## IV. CONCLUSION

Wi-LAN does not have standing as a plaintiff to sue LogMeIn, and 01 has full standing to sue LogMeIn in its own right. Nor does Wi-LAN's absence warrant the dismissal of this case. Requiring Wi-LAN's joinder would not only be legally improper, but unfair to Wi-LAN. Joining Wi-LAN would add nothing to the case except delay, expense, and an unwilling party plaintiff who would have nothing to say at the trial of this matter. For at least the reasons stated above, 01 respectfully requests that the Court deny LogMeIn's Motion to Dismiss for Failure to Join an Indispensable Party.

**PUBLIC VERSION**

| | |
|---|---|
| Date: January 14, 2013 | /s/ *A. Neal Seth* |

BAKER & HOSTETLER LLP

A. Neal Seth (VSB 47394)
John P. Corrado (VSB 20247)
Marc A. Antonetti (pro hac vice)
Katherine L. McKnight (VSB 81482)

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
(202) 861-1500
(202) 861-1783 (facsimile)
nseth@bakerlaw.com
jcorrado@bakerlaw.com
mantonetti@bakerlaw.com
kmcknight@bakerlaw.com

Thomas H. Shunk (pro hac vice)

PNC Building, Suite 3200
1900 E. 9th Street
Cleveland, Ohio 44114
(216) 861-7592
(216) 696-0740 (facsimile)
tshunk@bakerlaw.com

*Attorneys for Plaintiff,*
*01 Communique Laboratory, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff's Memorandum in Support of Its Opposition to Defendant LogMeIn, Inc.'s Motion to Dismiss For Failure to Join An Indispensable Party has been served electronically, on January 14, 2013, to the following counsel of record:

Philip R. Seybold
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
randy.seybold@wilmerhale.com

And a courtesy copy followed thereafter to:

Charles B. Molster III
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100
cmolster@winston.com

*Attorneys for LogMeIn, Inc.*

/s/ A. Neal Seth

*Attorney for Plaintiff,*
*01 Communique Laboratory, Inc.*