IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:10-cv-01007-CMH-TRJ |
| ) | |
| LOGMEIN, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LOGMEIN'S REBUTTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY UNLESS WI-LAN IS JOINED AS A PLAINTIFF**

Defendant LogMeIn, Inc. ("LogMeIn") submits this rebuttal brief in support of its Motion to Dismiss for Failure to Join an Indispensable Party Unless Wi-LAN is Joined as a Plaintiff. (Dkt. No. 241.)

**I.    INTRODUCTION**

Just a few months ago, 01 Communique Laboratory, Inc. ("01") admitted that it no longer has all substantial rights in the patent, and (along with Wi-LAN, Inc. ("Wi-LAN")) represented to this Court (Trenga, J.) that "[o]nly a plaintiff having all sticks in the bundle [of patent rights] has standing to sue by itself." (Dkt. No. 242, Ex. B at 6.)[1] Accordingly, in that case, 01 and Wi-LAN joined together as plaintiffs as they told the Court they were required to do. Now, however, they refuse.

---

[1]    Contrary to 01's assertion, this is not a "selective quote from a prior litigation" (Opp. at 13) taken out of context; rather, this is an accurate statement of the law. *Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354, 1360 (Fed. Cir. 2010) ("When a plaintiff lacking a sufficiently large portion of rights brings suit, that plaintiff does not have standing to sue on its own, and the suit must be dismissed, or additional holders of rights under the patent must be joined as parties to the suit. . .").

1

## II. ARGUMENT

### A. Wi-LAN Has Substantial Rights Relevant To This Litigation.

01 would have this Court believe that because Wi-LAN claims to waive particular rights with regards to LogMeIn, it somehow has waived (or never had) *all* remaining rights which make Wi-LAN necessary to this litigation. This simply is not the case. ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████

　　　■ ████████████████████████████████████

　　　■ ████████████████████████████████████

　　　■ ██████████████████████████████

　　　■ ████████████████████████████████████

　　　■ ████████████████████████████████████

　　　■ ████████████████████████████

　　　■ ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

2

██████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████

         ████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████ *See Waterman v. MacKenzie,* 138 U.S. 252, 256 (1891) (rights granted under an agreement "do not depend upon the name by which [a party] calls itself, but upon legal effect of its provisions") (cited by *A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1218 (Fed. Cir. 2010)).

      ████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████ *See A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1222 (Fed. Cir. 2010) (nonjoinder of both licensee and patent owner

3

"created risk of multiple lawsuits and of inconsistent relief"); *Superguide Corp. v. DirectTV Enterprises, Inc.*, 202 F.R.D. 460, 462-63 (W.D.N.C. 2001) ("absent the presence of the licensee . . . the licensee might relitigate the issue of validity in another forum.").



In sum, the License Agreement confirms what 01 itself represented (and the Court accepted) just months ago—that "[P]laintiffs 01 Communique and Wi-LAN *together* own all the sticks in the bundle of patent rights." (Dkt. No. 242, Ex. B at 7). Neither 01's characterizations of the License Agreement nor Wi-LAN's purported representations can change that fact.

### B. Like 01 Was In *Bomgar*, Wi-LAN Is A Necessary Party Here.

01 hangs its entire argument on the grounds that the License Agreement does not grant Wi-LAN the right to sue or grant a license to LogMeIn. However, in the *Bomgar* litigation, it was 01 that had no right to sue or license to Bomgar—it had given that right exclusively to Wi-LAN. (*See* Opp. at p. 12-13.) Nevertheless, and by its own admission, 01 was a necessary party to that action because it held other substantial rights in the '479 patent. Here, it is 01 that has the right to sue and/or license, and Wi-LAN that is nevertheless a necessary party because it holds other substantial rights.

4

Joining 01 in the *Bomgar* litigation satisfied well-settled prudential standing requirements set forth by the Federal Circuit. *See Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000) ("[A] patentee should be joined, either voluntarily or involuntarily, in any infringement suit brought by an exclusive licensee . . . ***[We recognize] this general rule as being prudential rather than constitutional in nature.***") (citations omitted).[2] Joining Wi-LAN here satisfies the same requirement. *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1344 (Fed. Cir. 2006) (***"For the same policy reasons that a patentee must be joined in any lawsuit involving his or her patent, there must be joinder of any exclusive licensee."***).

01 focuses on only one of the policy reasons underlying this prudential standing requirement, the avoidance of multiple lawsuits and liabilities. However, another policy reason recognized by the Federal Circuit is to ensure the patent is not invalidated, held unenforceable, or construed in a manner that narrows its scope without the participation of all interested parties. *Id.* at 1343 (citing *Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310, 1314 (Fed. Cir. 2005)). Having all parties holding substantial rights in the patent joined in the same action ensures that each party's interests are protected, regardless of how the parties characterize those interests. 01's attempt to distinguish cases based on the labels held by 01 ("licensor/owner/patentee") and Wi-LAN ("licensee") is therefore inapposite.[3] As 01 itself recognizes, "[i]n determining ownership for purposes of standing, labels given by the parties do not control." (Opp. at 7 (citing *A123 Sys.*, 626 F.3d at 1218.))

Accordingly, this case must be dismissed, or in the alternative, Wi-LAN must be joined in this litigation as a necessary and indispensable party.

---

[2] These prudential standing requirements serve as the basis for Rule 19. *See Prima-Tek II*, 222 F.3d at 1377.

[3] Notably, 01's opposition does not discuss or even mention *Aspex Eyewear*, 434 F.3d 1336 (Fed. Cir. 2006).

Dated: January 16, 2013

Respectfully submitted,

WILMER CUTLER PICKERING HALE
AND DORR LLP

/S/
Philip R. Seybold
(VSB No. 73596)
Attorney for Defendant LogMeIn, Inc.
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
Email: randy.seybold@wilmerhale.com

Wayne L. Stoner (admitted *pro hac vice*)
Vinita Ferrera (admitted *pro hac vice*)
Rachel Gurvich (admitted *pro hac vice*)
Silena Paik (admitted *pro hac vice*)
Alexandra Amrhein (admitted *pro hac vice*)
Leslie Pearlson (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
Fax: (617) 526-5000
Email: Wayne.Stoner@wilmerhale.com
Email: Vinita.Ferrera@wilmerhale.com
Email: Rachel.Gurvich@wilmerhale.com
Email: Silena.Paik@wilmerhale.com
Email: Alexandra.Amrhein@wilmerhale.com
Email: Leslie.Pearlson@wilmerhale.com

Nathan Walker (admitted *pro hac vice*)
Arthur W. Coviello (admitted *pro hac vice*)
950 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 858-6000
Fax: (650) 858-6100
Email: Nathan.Walker@wilmerhale.com
Email: Arthur.Coviello@wilmerhale.com

Charles B. Molster, III
(VSB No. 23613)
WINSTON & STRAWN LLP
1700 K Street NW
Washington, D.C. 20006
Tel : (202) 282-5988
Fax : (202) 282-5100
Email: cmolster@winston.com

*Attorneys for Defendant LogMeIn, Inc.*

PUBLIC VERSION

## CERTIFICATE OF SERVICE

   I hereby certify that on this January 16, 2013, the foregoing document was served electronically upon the following counsel of record:

A. Neal Seth
John P. Corrado
Katherine Lea McKnight
BAKER & HOSTETLER LLP
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
Tel.: (202) 861-1500
Email: nseth@bakerlaw.com
Email: ajsmith@bakerlaw.com
Email: jcorrado@bakerlaw.com
Email: kmcknightbakerlaw.com

*Attorneys for Plaintiff 01*
*Communique Laboratory, Inc.*

                  _____/S/_____
                  Philip R. Seybold
                  (VSB# 73596)
                  Attorney for Defendant LogMeIn, Inc.
                  WILMER CUTLER PICKERING HALE
                  AND DORR LLP
                  1875 Pennsylvania Avenue NW
                  Washington, DC 2006
                  Tel.: (202) 663-6000
                  Fax: (202) 663-6363
                  Email: randy.seybold@wilmerhale.com

ActiveUS 104828904v.1