**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC., ) | |
| Plaintiff, ) | |
| vs. ) | Civil Action No. 1:10-cv-01007-CMH-TRJ |
| LOGMEIN, INC., ) | |
| Defendant. ) | |

**LOGMEIN, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE #5
TO PRECLUDE TESTIMONY BY 01'S EXPERT REGARDING
LOGMEIN'S SOURCE CODE**

**I.   INTRODUCTION**

Dr. Grimshaw's testimony about infringement should be excluded altogether (*see* LogMeIn's *Daubert* motion filed herewith), but in any event he should be precluded from testifying about LogMeIn's source code at trial. His expert reports do not identify any specific portion of LogMeIn's source code that he supposedly relies upon when analyzing the asserted claims. His reports also fail to disclose any analysis or explanation of how his claimed review of LogMeIn's source code has confirmed his opinions. As such, pursuant to Fed. R. Civ. P. 26 and 37, Dr. Grimshaw should be precluded from offering any testimony at trial regarding LogMeIn's source code.

**II.   DR. GRIMSHAW'S EXPERT REPORTS**

Dr. Grimshaw has submitted four expert reports in this case pertaining to LogMeIn's alleged infringement of the '479 patent. In his first report, after his discussion of nearly every asserted claim, Dr. Grimshaw states, "I have reviewed the pertinent LogMeIn source code, which confirms my opinions above." (*See, e.g.,* Ex. 1 (1/21/11 Expert Report of Dr. Grimshaw), ¶¶ 57,

63, 67, 71, 76, 106, 127, 132, 134, 146, 169, 176, 180, and 184.)[1]  However, Dr. Grimshaw never identifies any specific portion (*e.g.*, by file or by line) of LogMeIn's source code that he relies on when making these statements, nor does he ever explain in any fashion how the (unidentified) source code confirms his opinions.

This failure to explain or disclose his analysis of LogMeIn's source code persists in Dr. Grimshaw's other reports.  In his one-page supplemental report dated February 10, 2011, Dr. Grimshaw alleges that LogMeIn's IT Reach product also infringes the asserted claims.  (*See* Ex. 2 (2/10/11 Supplemental Expert Report of Dr. Grimshaw), ¶ 2.)  However, he makes this statement again without citation to or analysis of any specific portion of LogMeIn's source code.  Instead, he says that he finds infringement "for the reasons set forth in [his] January 21, 2011 expert report."  (*See id.*)

Similarly, in his February 28, 2011, rebuttal expert report he only mentions LogMeIn's source code once:  he states that he has seen "communication channel data structures" in LogMeIn's source code.  (*See* Ex. 3 (2/28/11 Rebuttal Expert Report of Dr. Grimshaw), p. 6.)  As before, he does not explain where in LogMeIn's source code these structures may be found or how he concluded that LogMeIn's source code contains these structures.

Finally, in his supplemental report dated December 14, 2012, he states that the Gateway source code has changed through the addition of a "CDNSUpdater file," but he nevertheless concludes that the changes to LogMeIn's source code do "not affect [his] infringement analysis as provided in [his] prior reports."  (*See* Ex. 4 (12/14/12 Supplemental Expert Report of Dr. Grimshaw), ¶ 4.)  Again, although giving Bates numbers for LogMeIn's updated source code, he

---

[1]  Herein, "Ex." refers to exhibits attached to the Declaration of Leslie Pearlson In Support of LogMeIn, Inc.'s Motion in Limine #5, attached hereto.

does not provide any additional information regarding the source code he purportedly reviewed for his prior reports. (*See id*. ¶¶ 2, 4.)

**III.   ARGUMENT**

As this Court has held previously, "Federal Rule of Civil Procedure 26, which is incorporated into Local Rule 26, provides that expert reports shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor[.]")  *See Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d 721, 724 (E.D. Va. 2001) (Payne, J.) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(a)(2)(B)(i).  Here, Dr. Grimshaw's reports fail to comply with Fed. R. Civ. P. 26 because he fails to identify any specific portion of LogMeIn's source code that he relies on in his infringement analysis.  Further, he does not even attempt to disclose how or explain why he believes the source code confirms his opinions.  Thus, for these two reasons, he has failed to disclose the basis for his opinions as required under the Federal Rules. *See, e.g., Sharpe v. United States*, 230 F.R.D. 452, 458 (E.D. Va. 2005) (Friedman, J.) (excluding testimony of plaintiff's medical experts because "the doctors do not set forth what data or information that they relied upon in making these opinions"); *Elder v. Tanner*, 205 F.R.D. 190, 194 (E.D. Tex 2001) ("The reports of Plaintiff's experts are conclusory.  They state the experts' ultimate opinions regarding infringement . . . and, generally, the authorities and evidence upon which they rely, but without any elaboration or reasoning.  It is not sufficient simply to list the resources they utilized and then state an ultimate opinion without some discussion of their thought process."); *see also United States v. GC Quality Lubricants, Inc.*, Civil Action No. 5:01-CV-323-3 (HL), 2002 WL 34376587 at *2 (M.D. Ga. Sept. 27, 2002) ("An expert report must contain some discussion of the reasoning and thought process that led to the ultimate conclusion") (citations omitted); *Upsher-Smith Lab., Inc. v. Mylan Lab., Inc.*, 944 F.

Supp. 1411, 1440 (D. Minn. 1996) (excluding expert opinion in part because the expert's reports failed to disclose "the facts and rationale which underlie the opinions expressed").

When a party's expert has failed to disclose the basis and reasons for his or her opinions as required by Fed. R. Civ. P. 26, an appropriate remedy is the exclusion of the undisclosed matters at trial. *See* Fed. R. Civ. P. 37(c)(1). Courts have consistently applied this remedy to prevent unfair prejudice and to maintain an orderly progression of the litigation. *See Sharpe*, 230 F.R.D. at 458-59 (granting summary judgment in part because the reports of plaintiff's experts were not "sufficiently detailed and complete enough to enable adequate preparation by the defendant"); *see also Thomas v. Wash. Indus. Med. Ctr.*, No. 98-1652, 1999 WL 507150 at *8 (4th Cir. July 19, 1999) (affirming the district court's decision to bar expert testimony not previously disclosed in an expert report to avoid "unfair surprise" at trial).

Here, in light of the proximity to trial, the preclusion of Dr. Grimshaw's testimony regarding LogMeIn's source code is appropriate, if he is allowed to testify at all. If Dr. Grimshaw were now permitted to elaborate on or "supplement" his undisclosed citations to and reliance upon unidentified source code, LogMeIn would suffer severe and unfair prejudice because it would be the first time that these opinions were ever disclosed to LogMeIn.

## IV.    CONCLUSION

For the foregoing reasons, if Dr. Grimshaw is permitted to testify on infringement at all, he should be precluded from offering any testimony about LogMeIn's source code.

Dated: February 22, 2013

Respectfully submitted,

WILMER CUTLER PICKERING HALE
AND DORR LLP

/S/
Philip R. Seybold
(VSB No. 73596)
Attorney for Defendant LogMeIn, Inc.
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
Email: randy.seybold@wilmerhale.com


Wayne L. Stoner (admitted *pro hac vice*)
Vinita Ferrera (admitted *pro hac vice*)
Rachel Gurvich (admitted *pro hac vice*)
Silena Paik (admitted *pro hac vice*)
Alexandra Amrhein (admitted *pro hac vice*)
Leslie Pearlson (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
Fax: (617) 526-5000
Email: Wayne.Stoner@wilmerhale.com
Email: Vinita.Ferrera@wilmerhale.com
Email: Rachel.Gurvich@wilmerhale.com
Email: Silena.Paik@wilmerhale.com
Email: Alexandra.Amrhein@wilmerhale.com
Email: Leslie.Pearlson@wilmerhale.com

Nathan Walker (admitted *pro hac vice*)
Arthur W. Coviello (admitted *pro hac vice*)
950 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 858-6000
Fax: (650) 858-6100
Email: Nathan.Walker@wilmerhale.com
Email: Arthur.Coviello@wilmerhale.com

>Charles B. Molster, III
>(VSB No. 23613)
>Attorney for Defendant LogMeIn, Inc.
>WINSTON & STRAWN LLP
>1700 K Street NW
>Washington, D.C. 20006
>Tel : (202) 282-5988
>Fax : (202) 282-5100
>Email: cmolster@winston.com
>
>*Attorneys for Defendant LogMeIn, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this February 22, 2013, the foregoing document was served electronically upon the following counsel of record:

A. Neal Seth
John P. Corrado
Katherine Lea McKnight
BAKER & HOSTETLER LLP
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
Tel.: (202) 861-1500
Email: nseth@bakerlaw.com
Email: ajsmith@bakerlaw.com
Email: jcorrado@bakerlaw.com
Email: kmcknightbakerlaw.com

*Attorneys for Plaintiff 01*
*Communique Laboratory, Inc.*

               _____/S/_____
               Philip R. Seybold
               (VSB# 73596)
               Attorney for Defendant LogMeIn, Inc.
               WILMER CUTLER PICKERING HALE
               AND DORR LLP
               1875 Pennsylvania Avenue NW
               Washington, DC 2006
               Tel.: (202) 663-6000
               Fax: (202) 663-6363
               Email: randy.seybold@wilmerhale.com