**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC., ) ) Plaintiff, ) ) vs. ) ) LOGMEIN, INC., ) ) Defendant. ) | Civil Action No. 1:10-cv-01007-CMH-TRJ |

**DEFENDANT LOGMEIN, INC.'S MEMORANDUM IN SUPPORT OF ITS
*DAUBERT* MOTION TO EXCLUDE THE TESTIMONY OF DR. GRIMSHAW
REGARDING LOGMEIN'S ALLEGED INFRINGEMENT OF U.S. PATENT 6,928,479**

PUBLIC VERSION

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. LEGAL STANDARD............................................................................................................. 1

III. BACKGROUND ..................................................................................................................... 2

    A.    Dr. Grimshaw's Analysis Regarding LogMeIn's Alleged Infringement Of The '479 Patent ................................................................................................................ 2

IV. ARGUMENT........................................................................................................................... 4

    A.    This Court Should Exclude Any Testimony By Dr. Grimshaw Regarding LogMeIn's Alleged Infringement Of The '479 Patent .......................................... 4

        1.    In evaluating whether the accused products infringe the '479 patent an analysis of LogMeIn's source code is required. ......................................... 5

        2.    Dr. Grimshaw's infringement opinions are inadmissible because his analysis of LogMeIn's source code is based solely on his own *ipse dixit*.. 6

        3.    For the same reasons, 01 cannot show that Dr. Grimshaw's infringement opinions meet the requirements of Fed. R. Evid. 702.................................. 7

V. CONCLUSION........................................................................................................................ 8

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Bourjaily v. United States*,
    483 U.S. 171 (1983)..................................................................................................................1

*Cooper v. Smith & Nephew, Inc.*,
    259 F.3d 194 (4th Cir. 2001) ..................................................................................................1, 7

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993)............................................................................................................ passim

*ePlus, Inc. v. Lawson Software, Inc.*,
    764 F. Supp. 2d 807 (E.D. Va. 2011) .................................................................................2, 6, 7

*Fleming v. Escort, Inc. and Beltronics USA, Inc.*,
    2012 U.S. Dist. LEXIS 72190, Case No. 09-cv-105 (D. Idaho May 23, 2012) ....................7, 8

*General Electric Co. v. Joiner*,
    522 U.S. 136 (1997)..............................................................................................................2, 6

*In re Trasylol Products Liab. Litig.*,
    709 F. Supp. 2d 1323 (S.D. Fla. 2010) .....................................................................................8

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999).................................................................................................................2

*Westberry v. Gislaved Gummi AB*,
    178 F.3d 257 (4th Cir. 1999) ...................................................................................................6

**RULES**

Federal Rule of Evidence 702...............................................................................................1, 7, 8

**I.     INTRODUCTION**

Pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702, the opinions of 01's expert, Dr. Grimshaw, regarding infringement should be excluded from the trial of this case. As this Court is aware, this case is about computer software. It is undisputable that software—and proof of what software contains and what software actually does—is wholly embodied in the software's "source code." However, in his expert reports setting forth his opinions, Dr. Grimshaw does not quote *a single line of source code.* Instead, Dr. Grimshaw merely asserts his unsupported opinion of what functionality the LogMeIn software purportedly performs, without even attempting to identify any specific portion of the underlying source code as evidence to support those assertions. This failure of proof leaves the jury with no actual evidence to consider in weighing Dr. Grimshaw's opinions as to infringement, other than the mere *ipse dixit* of Dr. Grimshaw. This is impermissible as a matter of well-established law, and thus Dr. Grimshaw's opinions should be excluded by this Court.

**II.    LEGAL STANDARD**

Pursuant to Federal Rule of Evidence 702, an expert witness may offer opinion testimony *only* if: (i) the testimony is based on sufficient facts or data; (ii) the testimony is the product of reliable principles and methods; and (iii) the expert has reliably applied the principles and methods to the facts of the case. *See* Fed. R. Evid. 702(b)-(d). The burden of proving that an expert's testimony is admissible falls on the party offering the testimony. *See Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001).

When evaluating the admissibility of expert testimony, district courts are required to act as "gatekeepers," charged with the duty of "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597; *see also*

1

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148-49 (1999).  For example, if an expert's testimony will not be helpful to the trier of fact, or is not based upon a reliable foundation or evidence, then it should be deemed inadmissible.  *See Daubert*, 509 U.S. at 591-92.  In addition, courts should not admit an expert's testimony when it is based solely only on the *ipse dixit* of the expert.  *See Gen. El. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *ePlus, Inc. v. Lawson Software, Inc.*, 764 F. Supp. 2d 807, 813 (E.D. Va. 2011) (Payne, J.).

## III. BACKGROUND

### A. Dr. Grimshaw's Analysis Regarding LogMeIn's Alleged Infringement Of The '479 Patent

Dr. Grimshaw's purported infringement analysis in this case is set forth in four expert reports.  In these reports, he alleges that several of LogMeIn's products infringe the '479 patent, specifically LogMeIn Free, LogMeIn Pro, LogMeIn Ignition, IT Reach, and join.me.  (*See* Ex. 1 (1/21/11 Expert Report of Dr. Grimshaw).)[1]  All of these products are software programs developed by LogMeIn.

Dr. Grimshaw's opening report regarding infringement contains the vast majority of his analysis—but that report contains no identification of, or reference to, any specific lines or portions of source code that support his analysis.  His analysis of claim 5 (reproduced below) illustrates the general structure and approach that Dr. Grimshaw employs in analyzing LogMeIn's alleged infringement:

---

[1] Herein, "Ex." refers to exhibits attached to the Declaration of Charles B. Molster, III In Support of Defendant LogMeIn, Inc.'s *Daubert* Motion To Exclude The Testimony of Dr. Grimshaw, attached hereto.

2



In sum, Dr. Grimshaw's analysis follows this pattern: (1) he identifies any claim terms that were construed; (2) he then states the reasons why he believes that the claim elements have been met; and (3) he then asserts that he has "reviewed the pertinent source code" and that it confirms his opinions. However, not once does Dr. Grimshaw identify any specific line or portion of source code that purportedly supports his opinion—or would allow the jury or anyone else to evaluate

or rebut his conclusory assertions of "confirmation" of his opinions. (*See, e.g.,* Ex. 1 at ¶¶ 57, 63, 67, 71, 76, 106, 127, 132, 134, 146, 169, 176, 180, and 184.)

The remainder of Dr. Grimshaw's reports rely on the infringement analysis included in his opening report—and once again none of these reports identify any specific lines or portions of source code that purportedly demonstrate infringement. In fact, in his one-page supplemental report dated February 10, 2011, Dr. Grimshaw states that LogMeIn's IT Reach product infringes the asserted claims "for the reasons set forth in [his] January 21, 2011 expert report." (*See* Ex. 2 (2/10/11 Supplemental Expert Report of Dr. Grimshaw), ¶ 2.)

Similarly, in his February 28, 2011 rebuttal expert report, Dr. Grimshaw only mentions LogMeIn's source code once. While Dr. Grimshaw states that he has seen "communication channel data structures" in LogMeIn's source code (*see* Ex. 3 (2/28/11 Rebuttal Expert Report of Dr. Grimshaw), p. 6.), he does not even attempt to explain where in LogMeIn's source code these structures are supposedly found or how he concluded that LogMeIn's source code supposedly contains these structures.

Finally, in his supplemental report dated December 14, 2012, Dr. Grimshaw notes that the Gateway source code in LogMeIn's products has changed through the addition of a "CDNSUpdater file," but he nevertheless concludes that the changes to LogMeIn's source code do "not affect [his] infringement analysis as provided in [his] prior reports." (*See* Ex. 4 (12/14/12 Supplemental Expert Report of Dr. Grimshaw), ¶ 4.) Again, Dr. Grimshaw fails to identify what specific lines or portions of source code purportedly supported the infringement analysis in his prior reports.

IV. ARGUMENT

    A. **This Court Should Exclude Any Testimony By Dr. Grimshaw Regarding LogMeIn's Alleged Infringement Of The '479 Patent**

4

### 1. In evaluating whether the accused products infringe the '479 patent an analysis of LogMeIn's source code is required.

In this case, because the LogMeIn products accused of infringing the '479 patent are software, an analysis of LogMeIn's source code—the material that demonstrates what the software actually contains and performs—is required in order to support an opinion of patent infringement. Indeed, Dr. Grimshaw himself mentions LogMeIn's source code during his analysis of each of the asserted claims, thus demonstrating his own recognition of the importance of source code to analyzing purported infringement by software products.

Moreover, another of 01's own experts, Dr. Gregory Ganger, admitted as much during his deposition:



(*See* Ex. 5 (3/25/11 Ganger Dep. Tr.), p. 66:24-67:1.) Indeed, when Dr. Ganger was asked why he did not provide an infringement opinion in this case, Dr. Ganger claimed that

(*Id.*, p. 68:16-69:4) (emphasis added). Further, Andrew Cheung, an inventor of the '479 patent, gave similar testimony when asked about his opinions on the LogMeIn accused products:



█████████████████████████████████

████████████████████████

████████████████████████

(*See* Ex. 6 (1/26/11 Cheung Dep. Tr.), p. 214:7-19.) Thus, as admitted by Mr. Cheung and 01's own experts, an analysis of LogMeIn's source code is a crucial—and required—component of any infringement analysis.

        **2.    Dr. Grimshaw's infringement opinions are inadmissible because his analysis of LogMeIn's source code is based solely on his own *ipse dixit*.**

As the Supreme Court has held, "[n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *See Joiner*, 522 U.S. at 146; *see also Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999).

In this case, however, that is all that Dr. Grimshaw has offered. He never identifies any actual source code, and instead merely makes conclusory assertions about the source code without even attempting to provide any actual evidence that would allow the Court, the jury, or even LogMeIn to evaluate whether Dr. Grimshaw's conclusory assertions have any basis whatsoever, or for LogMeIn to have any ability to meaningfully rebut the assertions. In his analyses of many of the asserted claims, the entirety of what Dr. Grimshaw asserts about the source code is, "I have reviewed the pertinent LogMeIn source code, which confirms my opinions above." (*See, e.g.,* Ex. 1 at ¶¶ 57, 63, 67, 71, 76, 106, 127, 132, 134, 146, 169, 176, 180, and 184.) These assertions are not accompanied by an identification of the "pertinent LogMeIn source code" nor any explanation of how or why the source code purportedly "confirms" his opinions. Accordingly, Dr. Grimshaw's analysis of LogMeIn's source code is the quintessential *ipse dixit* testimony. *See, e.g., ePlus.*, 764 F. Supp. 2d at 813 (explaining that *ipse*

6

*dixit* testimony may be defined as "something asserted but not proved") (citation omitted). As a result, Dr. Grimshaw's testimony should be excluded. *See id* at 816 (granting a motion to exclude testimony at trial where the expert drew his conclusions based on an "*ipse dixit* method").

### 3. For the same reasons, 01 cannot show that Dr. Grimshaw's infringement opinions meet the requirements of Fed. R. Evid. 702.

As the party offering Dr. Grimshaw's testimony, 01 must be able to show by a preponderance of the evidence that his infringement opinions satisfy the requirements of Fed. R. Evid. 702. *See Cooper*, 259 F.3d at 199 (4th Cir. 2001). In particular, 01 must be able to show that Dr. Grimshaw's opinions are based on sufficient facts or data and are the product of reliable principles and methods. *See* Fed. R. Evid. 702(b),(c); *Daubert*, 509 U.S. at 597.

Because Dr. Grimshaw never even attempts to identify any particular lines or portions of LogMeIn's source code that he believes reflect the accused functionality, his opinions are not based on sufficient facts or data. Although he asserts in a conclusory manner that his opinions are "confirmed" by the "pertinent" source code, Dr. Grimshaw never discloses the specific portions of LogMein's source code that supposedly do so. This failure of proof renders Dr. Grimshaw's testimony inadmissible.

This failure of proof also establishes that 01 cannot show that Dr. Grimshaw's infringement opinions are the product of reliable principles and methods. Because he offers no explanation as to how or why he believes that LogMeIn's source code "confirms" his opinions, there is no basis for this Court to conclude that the underlying reasoning or methodology for his opinions is reliable or based on sufficient facts. *See, e.g., Fleming v. Escort, Inc.*, Case No. 1:CV 09-105-BLW, 2012 U.S. Dist. LEXIS 72190, at *7, (D. Idaho May 23, 2012) ("There is no way for the Court or the jury to evaluate [the expert witness'] methodology when he has failed to

7

explain how the source code works. In essence, his opinion is the classic 'black box' asserting that the source code makes the products non-infringing because he says so") (citation omitted); *see also In re Trasylol Prod. Liab. Litig.*, 709 F. Supp. 2d 1323, 1347 (S.D. Fla. 2010) (excluding testimony in part because the purported expert did not "adequately explain her analysis or methodology" in her reports or at the *Daubert* hearing).

In fact, the instant case is even more egregious than *Fleming*. There, the District Court concluded that the expert's citation—without explanation—to lines of source code was not a sufficient disclosure of the defendant's theories to permit the Court to evaluate whether the expert had properly employed reliable principles or methods. The *Fleming* Court therefore excluded the expert's testimony. Here, Dr. Grimshaw's opinions are even more "black box" because they fail to even identify any portion of the LogMeIn source code upon which Dr. Grimshaw purportedly relies in rendering his infringement opinions. Accordingly, 01 cannot meet its burden of proving by a preponderance of the evidence that Dr. Grimshaw's opinions meet the requirements for admissibility set forth in Fed. R. Evid. 702, and Dr. Grimshaw should be precluded from testifying before the jury in this case.

## V. CONCLUSION

For the foregoing reasons, LogMeIn respectfully requests that the Court preclude any testimony at trial by Dr. Grimshaw regarding LogMeIn's alleged infringement of the '479 patent.

Dated: February 22, 2013          Respectfully submitted,

/S/
Charles B. Molster, III
(VSB No. 23613)
Attorney for Defendant LogMeIn, Inc.
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C.  20006
Tel : (202) 282-5988
Fax : (202) 282-5100
Email: cmolster@winston.com

Wayne L. Stoner (admitted *pro hac vice*)
Vinita Ferrera (admitted *pro hac vice*)
Rachel Gurvich (admitted *pro hac vice*)
Silena Paik (admitted *pro hac vice*)
Alexandra Amrhein (admitted *pro hac vice*)
Leslie Pearlson (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Tel.:  (617) 526-6000
Fax:  (617) 526-5000
Email: Wayne.Stoner@wilmerhale.com
Email: Vinita.Ferrera@wilmerhale.com
Email: Rachel.Gurvich@wilmerhale.com
Email: Silena.Paik@wilmerhale.com
Email: Alexandra.Amrhein@wilmerhale.com
Email: Leslie.Pearlson@wilmerhale.com

Nathan Walker (admitted *pro hac vice*)
Arthur W. Coviello (admitted *pro hac vice*)
950 Page Mill Road
Palo Alto, CA 94304
Tel.:  (650) 858-6000
Fax:  (650) 858-6100
Email: Nathan.Walker@wilmerhale.com
Email: Arthur.Coviello@wilmerhale.com

Philip R. Seybold
(VSB#73596)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.:  (202) 663-6000

9

PUBLIC VERSION

                Fax:  (202) 663-6363
                Email: randy.seybold@wilmerhale.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this February 22, 2013, the foregoing document was served electronically upon the following counsel of record:

A. Neal Seth
John P. Corrado
Katherine Lea McKnight
BAKER & HOSTETLER LLP
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
Tel.: (202) 861-1500
Email: nseth@bakerlaw.com
Email: jcorrado@bakerlaw.com
Email: kmcknightbakerlaw.com

*Attorneys for Plaintiff 01
Communique Laboratory, Inc.*

/S/_____
Charles B. Molster, III
(VSB No. 23613)
Attorney for Defendant LogMeIn, Inc.
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel : (202) 282-5988
Fax : (202) 282-5100
Email: cmolster@winston.com