**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| 01 COMMUNIQUE LABORATORY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-cv-01007-CMH-TRJ |
| | ) | |
| LOGMEIN, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* #3**

## I.   INTRODUCTION

In accord with Federal Rule of Evidence 407, 01 Communique Laboratory, Inc. ("01")

does not intend to argue that the redesign by LogMeIn, Inc. ("LogMeIn") of LogMeIn's products

shows that the original design infringed U.S. Patent No. 6,928,479 ("the '479 patent").  Fed. R.

Evid. 407.  But Rule 407 allows evidence that a party redesigned its product to be admitted "for

another purpose."  *Id.*  Accordingly, LogMeIn's product redesign is relevant, and admissible, to

show 1) that each design infringed the '479 patent; 2) in the event the jury finds one or more

design does not infringe, that 01 is entitled to damages for time periods when LogMeIn was

producing the infringing designs; and 3) that LogMeIn willfully infringed the '479 patent.

## II.   ARGUMENT

### A.   Evidence Of LogMeIn's Redesign Efforts Is Relevant And Admissible To Show That Each Design Infringed

It is 01's burden to show that each different LogMeIn product infringes the '479 patent.

Rule 407 does not preclude 01 from offering evidence that each different LogMeIn product

design infringes.

Trial courts routinely find that Rule 407 does not limit a patentee's ability to prove that redesigned products infringe the patent. For example, in *GSI Group, Inc. v. Sukup Manufacturing Co.*, 641 F. Supp. 2d 732 (C.D. Ill. 2008), the accused infringer moved *in limine* for an order barring evidence of design changes to its products. *Id.* at 746-47. The court denied the motion, noting that "post-suit changes to Sukup's pins for its bin door are relevant to the issue of whether Sukup continues to infringe on the '271 patent." *Id.* at 746. Similarly, in *Tyco Healthcare Group LP v. Applied Medical Resources Corp.*, No. 9:09-cv-176, 2011 U.S. Dist. LEXIS 154685 (E.D. Tex. Sept. 23, 2011), cited by LogMeIn, the court noted that the plaintiff could not argue that the defendant's design change showed that the original design infringed. *Id.* at *7-8. But the court acknowledged that the "infringement analysis requires comparison of the accused products to the asserted claims." *Id.*; *see also Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 691 F. Supp. 2d 946, 966-1007 (N.D. Iowa 2010) (conducting in-depth analysis of infringer's changed design in order to determine whether infringement continued).

Like each plaintiff in the cases above, 01 should not be constrained in its ability to prove that each LogMeIn product design infringes the '479 patent. LogMeIn's motion *in limine* should be denied to the extent it seeks to do so.

**B.      LogMeIn's Redesign Is Relevant To 01's Damages**

Relatedly, if the jury finds that less than all of LogMeIn's system architectures infringe the '479 patent, 01 must demonstrate how much service, and during what period, was provided using that architecture. Rule 407 does not prohibit such evidence.

In *Plew v. Limited Brands*, No. 08 Civ. 3741, 2012 WL 379933 (S.D.N.Y. Feb. 6, 2012), cited by LogMeIn, the court granted the defendant's motion under 407 to preclude the plaintiff from arguing that defendant discontinuing its product showed infringement. *Id.* at *8. But the

2

court specifically permitted the plaintiff to "introduce the dates of sale for the limited purpose of showing the duration of the sales . . . presumably for damages purposes." *Id.* The court ruled that "[t]hat purpose is consistent with Rule 407." *Id.*; *see also Rolls-Royce PLC v. United Techs. Corp.*, No. 1:10-cv-457, 2011 U.S. Dist. LEXIS 48984, at *16-17 (E.D. Va. May 4, 2011) (Brinkema, J.) (noting that defendant would no longer be liable for damages for redesigned engines if the new design did not infringe).

01 similarly must be permitted to show when LogMeIn changed its product designs. Should the jury find that not every design infringed the '479 patent, such evidence will be essential for 01 to prove its damages.

### C.      LogMeIn's Redesign Is Relevant To 01's Willful Infringement Claim

The Federal Circuit set forth a two-prong test to determine willful infringement. *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). The first prong requires showing "by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* at 1371. The second prong requires showing that "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.*

Evidence of LogMeIn's design changes, and the reasons for those changes, are relevant to the second prong of the *Seagate* test. For example, in *Metso Minerals, Inc. v. Powerscreen Int'l Distribution, Ltd.*, 833 F. Supp. 2d 282 (E.D.N.Y. 2011), the jury found that the defendants willfully infringed the patent in suit. *Id.* at 290. In their post-trial motion for a judgment as a matter of law, the defendants argued that plaintiff failed to prove the second *Seagate* prong

because the defendants, *inter alia*, "undertook to design around" the patent.  *Id.* at 307.  The court looked at the evidence presented at trial, including defendants' effort to design its products to avoid infringement, and disagreed: "Defendants cannot escape a finding of willful infringement by evincing ostrich-like, head-in-the-sand behavior." *Id.* (internal quotation marks omitted).

Similarly, in *Parker-Hannifin Corp. v. Wix Filtration Corp.*, Nos. 1:07-cv-1374 & 1375, 2011 WL 976559 (N.D. Ohio Mar. 17, 2011) the defendants moved for a judgment as a matter of law overturning the jury's finding of willfulness.  *Id.* at *8.  Specifically, the defendants argued that "they made several changes to the [accused product] in an effort to design around the patent." *Id.* at *10.  But the court looked at the evidence presented about those design-around efforts and found that a "jury could have reasonably concluded that Defendants did not act in good faith in trying to avoid the patent." *Id.*; *see also Duhn Oil Tool, Inc. v. Cameron Int'l Corp.*, 2011 U.S. Dist. LEXIS 5711, at *3 (E.D. Cal. Jan. 13, 2011) (finding that patentee "may offer evidence of the design changes [the defendant] made to its mandrels on the issue of willful infringement, but cannot argue that these design changes are subsequent remedial measures within the meaning of Fed. R. Evid. 407") (internal quotation marks omitted); *Broadcomm Corp. v. Qualcomm Inc.*, No. CV05-467, 2007 U.S. Dist. LEXIS 62764, at *16 (C.D. Cal. Aug. 10, 2007) (noting that lack of any attempt to design around the patent was probative of willfulness), *vacated on other grounds*, 2007 U.S. Dist. LEXIS 86627 (C.D. Cal. Nov. 21, 2007).

01 must also be permitted to offer evidence about whether LogMeIn's product redesigns were legitimate efforts to avoid infringement, or "ostrich-like, head-in-the-sand behavior." *Metso Minerals*, 833 F. Supp. 2d at 307.

**D.**    **None Of The Cases Cited By LogMeIn Preclude Introducing
Evidence Of LogMeIn's Product Redesigns For Purposes
Other Than As A Subsequent Remedial Measure**

None of the cases cited by LogMeIn preclude introducing evidence of LogMeIn's

product redesigns for the purposes identified above.  In *Pall Corporation v. Micron Separations*,

66 F.3d 1211 (Fed. Cir. 1995), the Federal Circuit found that, when plaintiff introduced evidence

of defendant's product design change as evidence of willfulness, "by its terms[,] Rule 407 was

not violated."  *Id.* at 1221.  Although the Federal Circuit overturned the trial court's finding of

willfulness, the court did not preclude using redesign efforts as evidence of willfulness.  *Id.* at

1221-22.  In *Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641 (N.D. Ill. 1994), the court

addressed discovery requests, not admissibility, and the court also noted that the plaintiff had not

alleged willfulness.  *Id.* at 652.  Finally, as noted above, both *Plew*, 2012 WL 379933, at *8, and

*Tyco Healthcare*, 2011 U.S. Dist. LEXIS 154685, at *7-8, specifically authorized introducing

evidence of design changes as evidence of damages and infringement, respectively.

**III.    CONCLUSION**

01 does not intend to argue that LogMeIn's product redesigns are subsequent remedial

measures that show that LogMeIn infringed the '479 patent. But LogMeIn's product redesigns,

and the reasons for those redesigns, are relevant to 01's case for infringement, damages, and

willfulness. LogMeIn's motion *in limine*, to the extent it is granted at all, should be limited to

only to exclude arguments that LogMeIn's product redesigns are subsequent remedial measures

that demonstrate infringement.

Date: February 27, 2013

_____ /s/ _____
Baker & Hostetler LLP
John P. Corrado (VSB 20247)
Marc A. Antonetti (*pro hac vice*)
A. Neal Seth (VSB 47394)
Katherine L. McKnight (VSB 81482)

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5304
(202) 861-1500
(202) 861-1783 (facsimile)
jcorrado@bakerlaw.com
mantonetti@bakerlaw.com
nseth@bakerlaw.com
kmcknight@bakerlaw.com

Thomas H. Shunk (*pro hac vice*)

PNC Building, Suite 3200
1900 E. 9th Street
Cleveland, Ohio  44114
(216) 861-7592
(216) 696-0740 (facsimile)
tshunk@bakerlaw.com

*Counsel for Plaintiff,*
*01 Communique Laboratory, Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Opposition to Defendant's Motion *in Limine* #3 has been served electronically, on February 27, 2013, to the following counsel of record:

Philip R. Seybold
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
randy.seybold@wilmerhale.com

Charles B. Molster III
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100
cmolster@winston.com

*Counsel for LogMeIn, Inc.*


 */s/ Katherine L. McKnight*
Counsel for Plaintiff