IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-01007-CMH-TRJ |
| ) | |
| LOGMEIN, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* #6**

## I.  INTRODUCTION

Defendant LogMeIn, Inc.'s motion to read unspecified portions of this Court's prior summary judgment Memorandum Opinion to the jury, Mem. Op., May 4, 2011, ECF No. 137, and to preclude any evidence that conflicts with those portions of the Memorandum Opinion, should be denied.  01 Communique Laboratory, Inc. ("01") appealed the entirety of the Court's Order entering the Memorandum Opinion.  *See* Order, May 4, 2011, ECF No. 138; and, Notice of Appeal, May 13, 2011, ECF No. 139.  The Federal Circuit vacated that Order, leaving it without preclusive effect.  *01 Communique Lab., Inc. v. LogMeIn, Inc.*, 687 F.3d 1292, 1294 (Fed. Cir. 2012) ("[W]e vacate the judgment and remand for further proceedings.").

## II.  ARGUMENT

### A.  When The Federal Circuit Vacated The Court's Summary Judgment Opinion It Lost Any Preclusive Effect As Law Of The Case

The Court's prior Order and Memorandum Opinion granting summary judgment have no preclusive effect as law of the case. When the Federal Circuit vacated the Court's prior summary judgment Order, it lost any and all preclusive effect: "a vacated judgment 'has ***no preclusive***

*force* either as a matter of collateral or direct estoppel or ***as a matter of law of the case***.'"

*Rumsfeld v. Freedom NY, Inc.*, 329 F.3d 1320, 1332 (Fed. Cir. 2003) (emphasis added) (quoting *U.S. Phillips Corp. v. Sears Roebuck & Co.*, 55 F.3d 592, 598 (Fed. Cir. 1995) and *No E.-W. Highway Comm., Inc. v. Chandler*, 767 F.2d 21, 24 (1st Cir. 1985)). That includes any factual findings contained in the original summary judgment order. *See Gittner v. Cardiac & Thoracic Surgical Assocs., Ltd.*, 419 F. App'x. 365, 369-70 (4th Cir. 2011) (vacated summary judgment order had no preclusive effect as law of the case); *Zheng v. Liberty Apparel Co., Inc.*, 556 F. Supp. 2d 284, 294 (S.D.N.Y. 2008) (holding same).

LogMeIn's claim that 01 "did not appeal or attempt to dispute" the Court's findings of undisputed fact is incorrect. Def.'s Br. 2, ECF No. 307. The Federal Rules of Appellate Procedure require an appellant to file a notice of appeal with the trial court that "designate[s] the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(b). In its notice of appeal, 01 unequivocally appealed the entirety of the Court's order:

> Plaintiff 01 Communique Laboratory, Inc. hereby files this notice of appeal under 28 U.S.C. § 1295 to the United States Court of Appeals for the Federal Circuit from the final order entered in this action on May 4, 2011, and from all adverse interlocutory orders subsumed therein.

Notice of Appeal 1, May 13, 2011, ECF No. 139.

### B. The Fact That 01 Did Not Specifically Object To Any Particular Finding Does Not Mean That That Finding Survives As Law Of The Case

The fact that 01 did not specifically object to a particular fact does not mean that that fact survives as law of the case: "[w]here a judgment—or part thereof—is reversed or vacated on appeal, there is ***no final judgment as to issues not actually resolved by the appellate court***." *Berman v. Dep't of the Interior*, 447 F. App'x. 186, 191 (Fed. Cir. 2011) (emphasis added); *see*

2

*also City of Hobbs v. Nutmeg Insurance Co.*, 242 F.3d 388, 2000 WL 1763455, at *3 (10th Cir. 2000); *Jeffries v. Morgan*, No. 05-CV-66, 2009 WL 4891836, at *3 (E.D. Ky. 2009).

The Tenth Circuit rejected an attempt, similar to LogMeIn's, to resurrect favorable findings. *City of Hobbs*, 2000 WL 1763455, at *3. The plaintiff in *City of Hobbs* had successfully appealed the trial court's judgment, but not its ruling that plaintiff failed to prove punitive damages. At retrial after reversal by the Tenth Circuit, the defendant argued that, because the plaintiff never appealed the order on punitive damages, that holding became law of the case. The Tenth Circuit disagreed because the judgment had been reversed on appeal and, thus, had no effect: "[t]o "reverse" a judgment means to overthrow, vacate, set aside, make void, annul, repeal or revoke it. A judgment reversed by a higher court is without any validity, force, or effect, and ought never to have existed." *City of Hobbs*, 2000 WL 1763455, at *3.

Similarly, in *Jeffries*, the plaintiff argued, like LogMeIn, that a prior factual finding in a Magistrate Judge's prior opinion remained "the law of the case because the Commonwealth never objected to the finding." 2009 WL 4891836, at *3. The court rejected that argument because, when the Sixth Circuit had vacated the Magistrate's prior opinion, it lost all preclusive effect as law of the case:

> [T]he findings of the Magistrate Judge in his initial Report & Recommendation were vacated by the Sixth Circuit when it vacated this Court's opinion adopting them. . . . Accordingly, no party is bound by the Magistrate Judge's findings of fact made before this matter was appealed to the Sixth Circuit.

*Id.* That same principle includes any factual findings in a vacated order for summary judgment. *See Gittner*, 419 F. App'x. at 369-70 (finding Magistrate Judge "incorrectly applied law of the case" by relying on facts contained in prior summary judgment recommendation vacated by the Fourth Circuit); *Liberty Apparel*, 556 F. Supp. 2d at 294 (holding that factual findings from a

previous summary judgment order in same case had no preclusive effect because it was vacated by Second Circuit).

The cases cited by LogMeIn do not apply to the facts here. In *SCO Group, Inc., v. Novell, Inc.*, No. 2:04-cv-139 TS, 2010 WL 744571 (D. Utah Feb. 23, 2010), the trial court gave three alternative grounds for dismissing one of plaintiff's claims, only one of which plaintiff appealed. Thus, when the Tenth Circuit reversed on the only appealed grounds, the trial court treated its dismissal on the two remaining alternative, un-appealed grounds as binding at trial. *Id.* at *2. In this case, 01 appealed the entirety of the court's ruling on summary judgment, and thus every ground for the ruling, and any finding contained in the ruling, were vacated. In *Lorillard Tobacco Co. v. Yazan's Service Plaza, Inc.*, No. 05-70804, 2007 WL 1834714, at *8-9 (E.D. Mich. June 25, 2007), the court held that a party could not introduce evidence that contradicted the court's prior summary judgment ruling that, unlike here, had never been appealed or reconsidered by the trial court.

C. **Reading The Court's Findings Of Fact To The Jury Would Be Unfairly Prejudicial To 01**

At a minimum, the Court should reject LogMeIn's request that the Court's factual findings be read to the jury. The Fourth Circuit addressed an appeal in which the trial court had allowed "[p]ortions of the findings of fact [to be] read to the jury by plaintiffs' counsel during the direct examination of plaintiff." *Nipper v. Snipes*, 7 F.3d 415, 416 (4th Cir. 1993). The Fourth Circuit vacated the trial court's verdict because the findings should have been excluded under Federal Rule of Evidence 403: "judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." *Id.* at 418 (internal quotation and

citation omitted).  The risk of unfair prejudice is exacerbated here because, in *Nipper*, the findings came from a different case and a different judge than the trial court.  Here, the findings LogMeIn wants read to the jury would come from the Court itself.

## III.   CONCLUSION

The Court's prior summary judgment Order was vacated by the Federal Circuit and, thus, has no preclusive effect as law of the case. This includes and factual findings in that Order, regardless of whether 01 specifically objected to them or not. LogMeIn's motion *in limine* should be denied.

Date: February 27, 2013

                                                /s/
Baker & Hostetler LLP
John P. Corrado (VSB 20247)
Marc A. Antonetti (*pro hac vice*)
A. Neal Seth (VSB 47394)
Katherine L. McKnight (VSB 81482)

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5304
(202) 861-1500
(202) 861-1783 (facsimile)
jcorrado@bakerlaw.com
mantonetti@bakerlaw.com
nseth@bakerlaw.com
kmcknight@bakerlaw.com

Thomas H. Shunk (*pro hac vice*)

PNC Building, Suite 3200
1900 E. 9th Street
Cleveland, Ohio  44114
(216) 861-7592
(216) 696-0740 (facsimile)
tshunk@bakerlaw.com

*Counsel for Plaintiff,*
*01 Communique Laboratory, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing Opposition to Defendant's Motion *in Limine* #6 has been served electronically, on February 27, 2013, to the following counsel of record:

Philip R. Seybold
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
randy.seybold@wilmerhale.com

Charles B. Molster III
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100
cmolster@winston.com

*Counsel for LogMeIn, Inc.*

                */s/ Katherine L. McKnight*
                Counsel for Plaintiff