PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-01007-CMH-TRJ |
| ) | |
| LOGMEIN, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE* #5**

**I.   INTRODUCTION**

Defendant LogMeIn, Inc. ("LogMeIn") has requested that Dr. Andrew S. Grimshaw, an expert witness for 01 Communique Laboratory, Inc. ("01") "be precluded from testifying about LogMeIn's source code at trial." Def.'s Br. 1, ECF No. 304. LogMeIn contends that Dr. Grimshaw did not identify particular source code in his expert reports, that this constituted a failure to disclose information required by Rule 26 of the Federal Rules of Civil Procedure, and, therefore, that 01 should be sanctioned under Rule 37(c)(1) by precluding Dr. Grimshaw from testifying about "LogMeIn's source code." LogMeIn has not identified any actual ***failure*** to provide information under Rule 26(a), rather LogMeIn's actual challenge relates only to the *sufficiency* of such disclosures.

Because Dr. Grimshaw's reports are sufficiently detailed to have satisfied the discovery disclosure requirements set forth in Rule 26, and because LogMeIn deposed Dr. Grimshaw, but never challenged the sufficiency of the reports' disclosures in the more than two years that transpired from the time of Dr. Grimshaw's initial report until the eve of trial, LogMeIn is not

entitled to the relief it seeks under Rule 37(c)(1). Accordingly, LogMeIn's Motion *in Limine* #5 must be denied.

## II. FACTUAL BACKGROUND

Dr. Grimshaw's 54-page initial report (not counting its appendices), and his three additional reports, detailed at length the materials he reviewed, the testimony he relied upon, the analyses he performed, and the conclusions he reached. Dr. Grimshaw reviewed LogMeIn's source code to confirm his analysis and said as much, repeatedly, in his report. LogMeIn itself admits Dr. Grimshaw referenced his review of the source code ***fourteen*** (14) times in his initial report alone. Def.'s Br. 1-2, ECF No. 304. Plainly, there was no *failure* to disclose the fact that Dr. Grimshaw reviewed LogMeIn's source code to confirm his analysis and LogMeIn had more than adequate notice of that fact.

LogMeIn contends, however, that the basis and reasons for his opinions cannot be discerned from the report, as if each reference to Dr. Grimshaw's review of the source code was entirely divorced from any other accompanying analysis or explanation. This is simply untrue.

Dr. Grimshaw's initial report of January 21, 2011, discusses particular aspects of his investigation and analysis with respect to each patent claim addressed in the report. For example, with respect to Claim 1, Dr. Grimshaw discusses each of the steps he took to understand the operation of LogMeIn's systems using LogMeIn's own guides and white papers, the installation of the product, the tools he used to monitor the operation and interaction of his computers with LogMeIn systems and the transmission of data using those systems. Expert Report of Dr. Andrew S. Grimshaw ¶¶ 34, 37, 39, 43, 46, 52, 55, 56 (Jan. 21, 2011) (Def.'s Br. Ex. 1, ECF 304). He also confirmed his opinions with respect to the analyses he performed for Claim 1 by reviewing the "pertinent LogMeIn source code." *Id.* at ¶ 57. Thus, it is perfectly

2

clear what Dr. Grimshaw did with respect to Claim 1, one part of which was to review the pertinent code related to the prior steps he took in his analysis.

This process—the analysis of a particular claim set forth in the '479 patent, the recitation of documentary information reviewed related to that claim (if applicable), the analysis of particular aspects of the LogMeIn services, and the confirmation of conclusions through the review of the LogMeIn source code—was repeated for each claim discussed in Dr. Grimshaw's report.

Additionally, Dr. Grimshaw attended two depositions of LogMeIn's Chief Technology Officer at which source code was discussed at length. For example, Mr. Anka addressed:



3

███████████████████████████████████████

Dr. Grimshaw clearly stated his reliance on the first two of the Anka depositions in his supplemental report. Supplemental Expert Report of Dr. Andrew S. Grimshaw, Feb. 10, 2013 (Def.'s Br. Ex. 2, ECF 304).

Given these facts, it can hardly be said that LogMeIn lacked sufficient information so as to be able to assert its defenses and conduct whatever additional discovery it felt was appropriate.

LogMeIn eventually did conduct additional discovery. Dr. Grimshaw was deposed by LogMeIn on February 7, 2013. Notwithstanding his four expert reports totaling over 70 pages and his attendance and participation in two 30(b)(6) depositions on the LogMeIn source code, LogMeIn's counsel spent less than two hours on the record with Dr. Grimshaw. Grimshaw Dep. 1, 63:15-18, 87:12-13, Feb. 7, 2013 (excerpts attached as Ex. 2). During the course of the deposition, LogMeIn never asked Dr. Grimshaw to explain his analysis of the source code. In fact, Dr. Grimshaw's initial report was not even an exhibit to the deposition.

Moreover, at no point during the two years following its receipt of Dr. Grimshaw's initial report through Dr. Grimshaw's deposition, and at no point thereafter, did LogMeIn challenge the sufficiency of Dr. Grimshaw's report. Only on the eve of trial did LogMeIn, for the first time, raise such an issue when it filed the instant motion *in limine* and it contemporaneously filed a motion to exclude Dr. Grimshaw's testimony entirely. Def.'s Mot. to Exclude the Test. of Dr. Grimshaw, Feb. 22, 2013, ECF No. 315. LogMeIn had ample opportunity to seek any clarification it felt it needed but failed to raise any concerns about the sufficiency of the disclosures in Dr. Grimshaw's report, and deliberately avoided examining Dr. Grimshaw about his review of the source code at his deposition. LogMeIn's deliberate decision not to avail itself

of this opportunity to clarify any questions it had regarding Dr. Grimshaw's analysis should preclude the instant motion.

### III. ARGUMENT

Dr. Grimshaw's report satisfied the requirements of Rule 26. Rule 26(a)(2)(B) requires in pertinent part, that an expert provide a report which contains:

(i) a complete statement of all opinion the witness will express and the basis and reasons for them; [and]

(ii) the facts or data considered by the witness in forming them . . . .

Fed. R. Civ. P. 26(a)(2)(B)(i), (ii). A review of Dr. Grimshaw's four reports shows that he gave a complete statement of his opinions, the bases for them and what he considered in forming them. Rule 26 simply does not require Dr. Grimshaw to list each and every line of a computer source code he reviewed as part of confirming how LogMeIn's services worked. Indeed, "[t]he rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006). Because this case relates to the manner in which LogMeIn's services are performed, Dr. Grimshaw's description of his review of the source code to confirm his analysis of how the LogMeIn services function was entirely appropriate, and a line by line recitation of the source code would not be instructive.

To the extent LogMeIn either felt it needed more information to understand Dr. Grimshaw's opinions, or it simply wanted to further examine Dr. Grimshaw's analysis, it was free to do so using the other discovery mechanisms available to it, or to notify 01 that, absent further disclosures, it would seek to compel them for failure to make Rule 26(a) disclosures as provided by Rule 37(a)(3)(A) ("[i]f a party fails to make a disclosure required by Rule 26(a), any

5

other party may move to compel disclosure and for appropriate sanctions"). LogMeIn did neither, apart from conducting the perfunctory deposition of Dr. Grimshaw.

The cases cited by LogMeIn are unavailing and are entirely distinguishable from the facts in this case. For example, one case LogMeIn cites involved two experts' reports that collectively amounted to an opinion based on a "one and a half page chronology" and "cursory" two-paragraph analysis. *Sharpe v. United States*, 230 F.R.D. 452, 455 (E.D. Va. 2005) (Friedman, J.). Another case involved reports that were "boilerplate renditions which offer nothing to distinguish the testimony of one expert from another" and which "wholly fail to disclose, in any intelligible way, the facts and rational which underlie the opinions expressed" rendering no "assistance to opposing counsel in preparing" cross-examination. *Upsher-Smith Lab., Inc. v. Mylan Lab., Inc.*, 944 F.Supp. 1411, 1440 (D. Minn. 1996).

Similarly, LogMeIn relies on an unpublished case from the Middle District of Georgia involving a report "two paragraphs in length" which "offered ten conclusions." *United States v. GC Quality Lubricants, Inc.*, Civ. A. No. 5:01-cv-323-3(HL), 2002 WL 34376587 at *1. Indeed the proposition for which *GC Quality Lubricants* is cited by LogMeIn—that an "expert report must contain some discussion of the reasoning and thought process that led to the ultimate conclusion"—is more than satisfied in this case. *See id.* at *2.

LogMeIn also cites a decision in which the expert report in question appeared to consist entirely of conclusions and the evidence on which the expert would rely without any "reasoning" or "thought process." *Elder v. Tanner*, 205 F.R.D. 190, 192 (E.D. Tex. 2001). In *Elder*,

although the court granted the motion, it provided the plaintiffs with "an opportunity to cure the deficiencies in their expert reports by filing amended reports." *Id.* at 192.[1]

The relevant case law instead confirms that 01's disclosures regarding Dr. Grimshaw were more than sufficient. For example, one court in this District found that the requirements of Rule 26 were satisfied in a case in which the expert's opinion was contained in two affidavits that were supplemented with a three page report and an additional affidavit. *Washington v. McKee*, Civ. A. No. 4:06cv6, 2006 WL 2252064 at *2 (E.D. Va. Aug. 3, 2006) (Friedman, J.). The court noted that "[a]lthough a more detailed disclosure . . . would have been helpful, the disclosure satisfies the minimum requirements of Rule 26" and constituted "sufficient statement" of the "opinions and the basis and reasons for his opinions to eliminate any surprise at trial." *Id.* at *6.[2] The Court then reviewed precedents in which courts have found Rule 26 expert disclosures inadequate and found that the common thread in the those cases involved a party that

---

[1] LogMeIn also cites an unpublished Fourth Circuit decision that involved an expert opinion offered at trial and without supporting evidence and which "had not been previously disclosed." *Thomas v. Wash. Indus. Med. Ctr. Inc.*, 187 F.3d 631 (4th Cir. 1999) (table) (text of relevant portion of opinion available electronically at 1999 WL 507150 at *7-8). In addition to not being at all on point, it should be noted that, under the local rules of the Fourth Circuit, the citation of "unpublished dispositions issued prior to January 1, 2007, in briefs and oral arguments in this Court and in the district courts within this Court and in the district courts within this Circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case." Fourth Circuit Local Rule 32.1.

[2] Judge Friedman distinguished *Washington* from *Sharpe*, which as noted above is relied on by LogMeIn here and which was also decided by Judge Friedman. As noted in *Washington*, unlike the plaintiff's expert in *Sharpe*, the expert report though "brief" offered a "reasonably complete summary of his opinions . . . the actions . . . that . . . violated the standard of care, and the information [the expert] reviewed in forming his opinions." *Washington*, 2006 WL 2252064 at *5. Significantly, Judge Friedman noted that the defendant in *Sharpe* had "advised plaintiff of the inadequacy of the two reports," but no supplementation was forthcoming. *Id.* (citing *Sharpe*, 230 F.R.D. at 459). Unlike *Sharpe*, the defendants in *Washington* filed a motion to strike (rather than attempting to address the issue with the opposing party) and the plaintiff then supplemented the report in response. *Id.* The court found that *Washington* was therefore distinguishable from *Sharpe*, as this Court should find in this case. *See id.*

"*clearly* did not satisfy one or more requirements of Rule 26." *Id.* at *5 (emphasis added). That is not the case here.

Because 01 did not fail "to provide information . . . as required by Rule 26(a)" it should not be precluded from using that information at the trial of this case. *See* Fed. R. Civ. P. 37(c)(1). Given the fact that LogMeIn deposed Dr. Grimshaw, and the many opportunities LogMeIn previously had to raise the issues, any alleged deficiency in Dr. Grimshaw's disclosures was "harmless." *See* Fed. R. Civ. P. 37(c)(1); *see also McDonald v. Wal-Mart Stores East, LP*, Civ. A. No. 3:07cv425, 2008 WL 153782 at *3-5 (E.D. Va. Jan. 14, 2008) (Lauck, J.).

In *McDonald*, the court articulated the factors to be considered when determining if any harm results from an alleged non-disclosure of information:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*McDonald*, 2008 WL 153782 at *4. In rejecting the defendant's motion *in limine*, the court determined that each factor favored the plaintiff and that the alleged failure to disclose was harmless, finding:

- The plaintiff had "at least" alerted the defendant that testimony on a subject would be offered (first factor). *Id.*

- The defendant had the opportunity "to the extent that the designation did not alert [defendant] sufficiently," the defendant "had the opportunity to cure the surprise by deposing" the expert (second factor). *Id.*

- The "disclosure occurred well before any trial date" (third factor). *Id.*

- The testimony of the expert was important because it would "help the jury determine whether Plaintiff has proven her allegations" (fourth factor). *Id.*

The court also addressed the fifth factor noting that "at issue here is the extent of disclosure, rather than a failure to disclose altogether." *Id.* The court concluded that, because

the witness had been deposed, subjecting the expert witness' opinion to cross-examination, the fifth factor also "weighs in the plaintiff's favor." *Id.*

As in *McDonald*, each of the factors articulated above similarly weighs in 01's favor, especially given 01's much more expansive disclosures in this case. LogMeIn was informed of Dr. Grimshaw's opinions. Any conceivable surprise was cured by the opportunity to depose Dr. Grimshaw, even if LogMeIn's counsel chose not to ask any questions about Dr. Grimshaw's source code analysis. The disclosure of Dr. Grimshaw's opinions occurred well before the trial date and LogMeIn never complained about the alleged failure to disclose. Dr. Grimshaw's testimony is important. And, because this case does not involve "a failure to disclose," but the "extent of disclosure," the fact that a deposition was conducted, subjecting the expert to cross examination, further renders any alleged failure to disclose harmless. *See id.* As such, Dr. Grimshaw should be permitted to testify about the fact that he reviewed LogMeIn's source code and that the review confirmed his analysis.

## V.   CONCLUSION

For at least these reasons, Plaintiff respectfully requests that LogMeIn's Motion *in Limine* #5 be denied.

Date: February 27, 2013

                                                                                 */s/*

Baker & Hostetler LLP
John P. Corrado (VSB 20247)
Marc A. Antonetti (*pro hac vice*)
A. Neal Seth (VSB 47394)
Katherine L. McKnight (VSB 81482)

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
(202) 861-1500
(202) 861-1783 (facsimile)
jcorrado@bakerlaw.com
mantonetti@bakerlaw.com
nseth@bakerlaw.com
kmcknight@bakerlaw.com

Thomas H. Shunk (*pro hac vice*)

PNC Building, Suite 3200
1900 E. 9th Street
Cleveland, Ohio 44114
(216) 861-7592
(216) 696-0740 (facsimile)
tshunk@bakerlaw.com

*Counsel for Plaintiff,*
*01 Communique Laboratory, Inc.*

**PUBLIC VERSION**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Opposition to Defendant's Motion *in Limine* #5 has been served electronically, on February 27, 2013, to the following counsel of record:

Philip R. Seybold
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
randy.seybold@wilmerhale.com

Charles B. Molster III
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100
cmolster@winston.com

*Counsel for LogMeIn, Inc.*


                                            */s/ Katherine L. McKnight*
                                            Counsel for Plaintiff