**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| 01 COMMUNIQUE LABORATORY, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:10-cv-01007-CMH-TRJ |
| LOGMEIN, INC. | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO BIFURCATE**

As set out herein, Plaintiff 01 Communique Laboratory, Inc. ("01") respectfully requests that, pursuant to Federal Rule of Civil Procedure 42(b), and in order to avoid prejudice and economize proceedings, this Court order that Defendant LogMeIn, Inc.'s claim of inequitable conduct be bifurcated from the jury trial in this matter, and be decided, if necessary, in a bench trial. In this regard, Plaintiff respectfully suggests that a decision on Issues II and III set forth in Plaintiff's Memorandum in Support of its Motion in Limine, Pl.'s Br. 5-8, Feb. 22, 2013, ECF No. 316, which relate exclusively to defendant's inequitable conduct defense, and Section II of Plaintiff's Memorandum of Law in Support of its Motion to Exclude Defendant's Expert Testimony, Pl.'s Br. 9-15, Feb. 22, 2013, ECF No. 330, which likewise relates to defendant's proposed expert Stephen G. Kunin and his testimony related to defendant's inequitable conduct defense, be deferred for one week until a hearing is held on this Motion as the relief requested in both motions could then be tailored to fit a bifurcated trial.

It is well established that "[t]he defense of inequitable conduct in a patent suit, being entirely equitable in nature, is not an issue for a jury to decide." *Paragon Podiatry Lab., Inc. v.*

*KLM Labs., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993) (recognizing that, in fact, "[a] patentee has no right to a jury trial respecting the factual element of culpable intent as part of the defense of inequitable conduct" (citing *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1213 (Fed. Cir. 1987)). Stated another way, "[i]nequitable conduct is a matter for the court to decide." *ABT Systems, LLC v. Emerson Electric Co.*, 2013 WL 425399, at *1 (E.D. Mo. Feb. 4, 2013). The Federal Circuit repeatedly has made clear that the decision regarding inequitable conduct is to be made by the judge as this issue is equitable in nature and separate and distinct from the legal issues of validity and infringement. *Agfa Corp. v. Creo Prods., Inc.*, 451 F.3d 1366, 1371-73 (Fed. Cir. 2006), *aff'g*, *Gardco*, 820 F.2d at 1213 ("Thus the *conduct-of-the-applicant-in-the-PTO* issue raised in the nonjury trial and the separated infringement/validity issues are distinct and without commonality either as claims or in relation to the underlying fact issues.") (emphasis in original); *see also Telecomm. Sys., Inc. v. Mobile 365, Inc.*, 2008 WL 7555484, at *10, n.2 (E.D. Va. Sept. 25, 2008) (Spencer, J.) ("An inequitable conduct defense is not a jury issue; the court must make factual findings.").

  Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The Federal Circuit has held that bifurcation of inequitable conduct from other liability issues "is precisely the type [of bifurcation] contemplated by Rule 42(b)." *Gardco*, 820 F.2d at 1213 (affirming bifurcation of an inequitable conduct defense from a jury trial).

  These traditional considerations favoring the bifurcation of inequitable conduct claims from other liability issues have been enhanced by the Federal Circuit's strongly-worded decision in *Therasense, Inc. v. Becton, Dickenson and Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc)

("*Therasense*"). In *Therasense*, the Federal Circuit made it abundantly clear that the ubiquitous assertion of inequitable conduct must stop. *Id.* at 1290-91 (describing repeated and intensifying efforts by Circuit to "reduce the number of inequitable conduct cases before the courts" in order to address the harms, including "increased adjudication cost and complexity," and "burdened courts," caused by the "plague[]" of the inequitable conduct doctrine). Following *Therasense*, inequitable conduct claims require: (a) proof that the withheld reference was "but-for material," that is, that the PTO examiner would not have allowed the patent to issue if the examiner had been aware of the unsubmitted reference, *id.* at 1291; and, (b) proof, by clear and convincing evidence, that "the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id.* at 1290.

In this case, *Therasense* requires LogMeIn, Inc. ("LogMeIn") to prove that the Accolade reference (U.S. Patent Nos. 7,130,888 (the "'888 patent") is but-for material twice: first, LogMeIn must prove that the patent examiner would not have allowed the patent if the examiner had been aware of the Accolade reference; second, LogMeIn must prove that 01 ***knew*** that the Accolade reference was but-for material. Proof that 01 merely ***believed*** the reference was material, or that it ***should have known*** it was material, is no longer sufficient to support a claim of inequitable conduct under *Therasense*. *Id.* at 1290. ("Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO ***does not prove*** specific intent to deceive.") (emphasis added).

Notably, the *Therasense* court held that the plaintiff need not offer any evidence against the affirmative defense unless and until the defendant "'first . . . prove[s] a threshold level of intent to deceive by clear and convincing evidence.'" *Id.* at 1291 (quoting *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1368 (Fed. Cir. 2008)). For reasons more thoroughly

3

described below, this burden-shifting arrangement will add unnecessary complexity to this case and cause confusion to the jury because, before 01 need offer *any* evidence against LogMeIn's assertion of inequitable conduct, LogMeIn must first *prove* by clear and convincing evidence that 01 *knew* that the Accolade reference was but-for material.

Regarding the first type of but-for materiality—that the examiner would not have allowed the patent—the only probative evidence in this case regarding whether the examiner would have issued the '479 patent if the examiner had been aware of the Accolade Patent, would be a conclusion by the jury that at least one claim of the patent is invalid over the Accolade reference. Because no evidence exists which is probative of whether the examiner—who by statute cannot be called at trial[1]—would have disallowed the patent over the Accolade reference, LogMeIn must first prove, and the jury must first find, that at least one claim of the patent is invalid over the Accolade reference. Absent such a conclusion, the first type of but-for materiality cannot be established, and there is no need to consider 01's knowledge or intent.

Regarding the second type of but-for materiality in this case, LogMeIn will likely attempt to show the jury that plaintiff's Chief Executive Officer, Andrew Cheung, and possibly a member of the law firm representing 01, Kenneth Sheehan, intended to defraud the United States Patent and Trademark Office ("PTO"), based solely on the fact that Messrs. Cheung and Sheehan did not submit the Accolade reference to the PTO in a re-examination relating to another case. Even though Mr. Sheehan is not on LogMeIn's witness list, 01 may be forced to call Mr. Sheehan as a witness to rebut the suggestions of improper conduct. In turn, the jury will be exposed to examination, testimony and argument about inequitable conduct before LogMeIn has

---

[1] The presumption of validity of patents under 35 U.S.C. § 282 precludes Patent Office personnel from providing any opinion regarding the validity or patentability of a claim of an issued patent. *See* Manual of Patent Examining Procedures § 1701.

even proven the required foundational fact, that at least one claim is invalid as a result of the Accolade reference.

This is unfair and highly prejudicial to 01. Of great concern to the Federal Circuit was the fact that inequitable conduct claims "paint the patentee as a bad actor. Because the doctrine focuses on the moral turpitude of the patentee with ruinous consequences for the reputation of the patent attorney, it . . . deflects attention from the merits of validity and infringement issues." *Id.* at 1288. These are precisely the reasons why 01 would be prejudiced by introduction of this evidence to the jury in this matter.

This Court should not permit LogMeIn to argue inequitable conduct to the jury, or accuse 01 of having a specific intention to withhold a "known" material reference from the patent office, unless LogMeIn first proves that the Accolade reference is indeed "but-for material." Since the only probative proof of this point would be a jury determination that the Accolade patent would invalidate at least one claim of the '479 patent, this Court should bifurcate all discussion about inequitable conduct, and any suggestions that 01 intended to defraud the PTO, unless and until the jury first returns a finding that at least one claim of the patent is indeed invalid over the reference. This is the only way to prevent prejudice to 01 from using inequitable conduct as a cudgel to impugn 01 and its lawyers in the jury's eyes without having any foundation for saying that the Accolade patent is indeed but-for material.

Considerations of efficiency also favor granting this motion to bifurcate. In light of *Therasense*, if the Court does not bifurcate the inequitable conduct claim, the prejudice about which the Federal Circuit warned could infect the jury's decision on infringement and invalidity. If the Federal Circuit on appeal should subsequently determine that LogMeIn failed to offer clear and convincing proof of inequitable conduct, or that LogMeIn failed to meet the necessary

threshold for requiring 01 to rebut claims of inequitable conduct, curing that prejudice could only be done by a new trial on all issues, including infringement and invalidity. Conversely, if the matter is bifurcated, prejudice to 01 from raising the issue before the jury in the main case would be averted, and it would not then be necessary to retry the entire infringement and invalidity claims to a new jury. Accordingly, as Rule 42(b) provides, in order to "expedite and economize," bifurcation is appropriate.

Bifurcation also would encourage efficiency since, at a jury trial on this issue, 01 would be obligated to put on evidence about how LogMeIn "failed" to submit the same reference to the Patent Office under identical circumstances. Specifically, LogMeIn did not submit the '888 patent in a LogMeIn patent pending before the Patent Office between 2005 and 2009, U.S. Patent No. 7,558,862 (the "'862 patent"), even though LogMeIn was sued in the same 2007 Accolade lawsuit for infringement by the products covered by its '862 patent.[2] Presentation of this evidence would insert unnecessary delay and complication into the jury trial, resulting in a mini-trial in the jury's presence on an issue outside the jury's purview.

Simply stated, "[t]here is no need to burden and possibly prejudice the jury with evidence of issues that are to be decided by the court." *ABT Systems*, 2013 WL 425399 at * 2. Therefore, bifurcation of LogMeIn's inequitable conduct defense is appropriate to keep from the jury claims outside of its purview and to avoid inserting prejudice and delay into those portions of the case the jury must decide.

For these reasons, Plaintiff respectfully requests that its Motion be granted.

---

[2] Likely becoming aware of its inconsistent position on this point just prior to a scheduled trial in this matter, LogMeIn belatedly submitted to the Patent Office in its continued application for the '862 patent references to both 01's patent at issue in this case and the '888 patent.

Date: February 28, 2013

                                           */s/*
Baker & Hostetler LLP
John P. Corrado (VSB 20247)
Marc A. Antonetti (*pro hac vice*)
A. Neal Seth (VSB 47394)
Katherine L. McKnight (VSB 81482)

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
(202) 861-1500
(202) 861-1783 (facsimile)
jcorrado@bakerlaw.com
mantonetti@bakerlaw.com
nseth@bakerlaw.com
kmcknight@bakerlaw.com

Thomas H. Shunk (*pro hac vice*)

PNC Building, Suite 3200
1900 E. 9th Street
Cleveland, Ohio 44114
(216) 861-7592
(216) 696-0740 (facsimile)
tshunk@bakerlaw.com

*Counsel for Plaintiff,*
*01 Communique Laboratory, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion to Bifurcate has been served electronically, on February 28, 2013, to the following counsel of record:

Philip R. Seybold
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
randy.seybold@wilmerhale.com

Charles B. Molster III
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100
cmolster@winston.com

*Counsel for LogMeIn, Inc.*

              */s/ Katherine L. McKnight*
              *Counsel for Plaintiff*