**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC.,     )<br>            Plaintiff,      )<br>             )<br>       vs.          )<br>             )<br>LOGMEIN, INC.,       )<br>            Defendant.    )<br>             ) | Civil Action No. 1:10-cv-01007-CMH-TRJ |

**LOGMEIN, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION IN LIMINE #4**
**TO EXCLUDE CLAIMS BASED ON THE DOCTRINE OF EQUIVALENTS**

As this Court has already ruled, 01's assertion of infringement under the doctrine of equivalents was legally insufficient prior to the Federal Circuit's ruling, and it remains insufficient today.  This Court was correct in holding that 01 had not sufficiently plead its doctrine of equivalents argument (Dkt. No. 137)—indeed, 01 did not even appeal it and therefore cannot now challenge it under the mandate rule—and that ruling should be upheld now as law of the case.  And even if looking at the issues anew, 01's assertion under the doctrine of equivalents continues to be legally  insufficient, and 01 should be precluded from pursuing that assertion at trial, which could only prolong the trial and confuse the jury.

Because it did not appeal or argue this Court's ruling to the Federal Circuit, 01 is precluded from asserting the doctrine of equivalence under the mandate rule and doctrine of law of the case.  *See Jamesbury Corp. v. Litton Indus. Prods., Inc.*, 839 F.2d 1544, 1550 (Fed. Cir. 1988) (the law of the case doctrine "is a judicially created doctrine, the purposes of which are to prevent the relitigation of issues that have been decided").  As discussed fully in LogMeIn's Reply in Support of its Motion in Limine #6, because the Federal Circuit did not overturn or

even address the Court's ruling, it has now become law of the case, *regardless* of whether 01 raised the issue to the Federal Circuit or not.  Therefore, 01's argument that it somehow appealed the ruling that it never even mentioned to the Court of Appeals is irrelevant.  *See Daiichi Sankyo Inc. v. Apotex Inc.,* No. 03-cv-0937, 2009 WL 1437815, *6-8 (D.N.J. May 19, 2009) (rejecting Defendant's argument that the Federal Circuit's reversal applied to the entire judgment of the District Court including issues not addressed by the Federal Circuit.)

01 now asks this Court to ignore its prior ruling and look at the issue anew. Even if this is done, 01's "showing" in the issue is legally inadequate (as this Court ruled previously). In its complaint, 01 offered merely five words in support of its theory.  (Dkt. No. 1 at ¶ 16, 17).  In its technical expert's reports, Dr. Grimshaw's opening and rebuttal reports completely failed to describe the function, way, and result that LogMeIn's products allegedly operate in a way equivalent to the patent, either on a limitation-by-limitation basis, or otherwise.  (Opp. at 3-4).[1]

Such a conclusory assertion of the doctrine of equivalents, which is not supported by particularized linking testimony and argument is legally insufficient to support such a claim at trial.  *Texas Instr. Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567-68 (Fed. Cir. 1996) (requiring that the party asserting doctrine of equivalents identify, on a limitation-by-limitation basis, each claim limitation it believes is not literally present in an accused product, and further, to present "particularized testimony and linking argument" for each such limitation, showing "*how*" and "*why*" the differences between that limitation and a corresponding feature of an accused product are "insubstantial.") (emphasis added); *AquaTex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1326 (Fed.Cir.2007) (requiring a showing that "the accused product or method performs substantially the same function in substantially the same way with substantially

---

[1] Any claims that LogMeIn did not pursue a defense to 01's claims is misstated.  As a result of Dr. Grimshaw's failure to articulate any argument, LogMeIn's expert stated that he ***could not*** address the doctrine of equivalents claim, not that he "***chose not to***" as 01 alleges.  (Opp. at 1).

the same result as each claim limitation of the patented product or method."); *W.L. Gore & Associates, Inc. v. Medtronic, Inc.*, 874 F.Supp.2d 526 (E.D.Va. 2012) (Davis) ("The burden is on the patent owner to provide, on a limitation-by-limitation basis, particularized testimony or evidence of the insubstantiality of the differences or the satisfaction of the function-way-result test.")

Failing to make such a showing, 01 instead argues that mere "notice" of an unarticulated claim under the doctrine of equivalents is sufficient, and that courts "***routinely allow***" testimony under these circumstances.  (Opp. at 6).  This is not true, and both cases which 01 cites in support of this proposition do not apply here.  The ITC case which 01 cites has no bearing here, both because it does not have legal precedence—as 01 itself notes—and because of the ITC's far more liberal views on admissibility, in part due to the fact that all ITC cases are bench trials.

The other case which 01 cites is a reversed (on other grounds) District of Delaware case which actually supports the position that Dr. Grimshaw's testimony was insufficient.  In *McKesson Automation Inc. v. SwissLog Holding AG,* No. 06-cv-28, 2009 WL 368455 (D. Del. Oct. 30, 2009), the District Court allowed testimony regarding doctrine of equivalents because there, unlike what Dr. Grimshaw has done, "***for every claim limitation*** for which Dr. Brook concludes that doctrine of equivalents is applicable ***he describes the function, way and result of the Defendants' accused system for purposes of comparison to the relevant claim limitation.***" (emphasis added). *Id.*  This is what is required of a party purporting to assert infringement under the doctrine of equivalents, and this is what 01 has completely failed to do  in this case.

For the foregoing reasons, and the reasons stated in LogMeIn's Motion in Limine #3, 01 should be precluded from asserting infringement under the doctrine of equivalents at trial.

Dated:   February 28, 2013

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND
DORR LLP

/S/ _____

Philip R. Seybold
(VSB No. 73596)
Attorney for Defendant LogMeIn, Inc.
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.:  (202) 663-6000
Fax:  (202) 663-6363
Email:  randy.seybold@wilmerhale.com


Wayne L. Stoner (admitted *pro hac vice*)
Vinita Ferrera (admitted *pro hac vice*)
Rachel Gurvich (admitted *pro hac vice*)
Silena Paik (admitted *pro hac vice*)
Alexandra Amrhein (admitted *pro hac vice*)
Leslie Pearlson (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Tel.:  (617) 526-6000
Fax:  (617) 526-5000
Email:  Wayne.Stoner@wilmerhale.com
Email:  Vinita.Ferrera@wilmerhale.com
Email:  Rachel.Gurvich@wilmerhale.com
Email:  Silena.Paik@wilmerhale.com
Email:  Alexandra.Amrhein@wilmerhale.com
Email:  Leslie.Pearlson@wilmerhale.com

Nathan Walker (admitted *pro hac vice*)
Arthur W. Coviello (admitted *pro hac vice)*
950 Page Mill Road
Palo Alto, CA 94304
Tel.:  (650) 858-6000
Fax:  (650) 858-6100
Email:  Nathan.Walker@wilmerhale.com
Email:  Arthur.Coviello@wilmerhale.com

Charles B. Molster, III
(VSB No. 23613)
Attorney for Defendant LogMeIn, Inc.
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:  (202) 282-5988
Fax:  (202) 282-5100
Email:  cmolster@winston.com


*Attorneys for Defendant LogMeIn, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on this February 28, 2013, the foregoing document was served electronically upon the following counsel of record:

A. Neal Seth
John P. Corrado
Katherine Lea McKnight
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
Tel.:  (202) 861-1500
Email:  nseth@bakerlaw.com
Email:  ajsmith@bakerlaw.com
Email:  jcorrado@bakerlaw.com
Email:  kmcknightbakerlaw.com

*Attorneys for Plaintiff 01*
*Communique Laboratory, Inc.*

/S/_____
Philip R. Seybold
(VSB# 73596)
Attorney for Defendant LogMeIn, Inc.
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 2006
Tel.:  (202) 663-6000
Fax:  (202) 663-6363
Email:  randy.seybold@wilmerhale.com