IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| 01 COMMUNIQUE LABORATORY, INC. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:10-cv-01007-CMH-TRJ |
| LOGMEIN, INC. | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

### STIPULATION AND ORDER

Upon the agreement of the parties as set forth below, LogMeIn, Inc.'s Motion For A Protective Order With Respect To Plaintiff 01's 30(b)(6) Notice To LogMeIn is WITHDRAWN, and 01 Communique Laboratory, Inc.'s Notice of *de bene esse* Deposition is WITHDRAWN.

It is further agreed that:

A.  01 Communique Laboratory, Inc. ("01") and LogMeIn, Inc. ("LogMeIn") (collectively, "the Parties") will not assert at trial any authenticity objections to any exhibits;

B.  The Parties reserve relevance objections until trial; and,

C.  Each party agrees separately to the following:

II.  **LOGMEIN AGREES THAT:**

A.  With regards to Plaintiff's Exhibits numbered 43; 44; 47; 218; 190; 191; 196; 214; 218; 220; 221; 222; and 230, which contain e-mails from LogMeIn employees, and contain third-party articles, the Parties stipulate that any statements from the LogMeIn employees is authentic and non-hearsay. The Parties defer until trial the issue of whether or not the material from any third-party embedded in the document is hearsay;

B.  With regards to Plaintiff's Exhibit 229 (and other documents marked "Redacted"), the Parties agree to a mutual removal of any indication of "REDACTED" and instead will have blank boxes/white space only. Once Plaintiff's Exhibit 229 is cured in this manner, LogMeIn maintains its hearsay objection to the article

   contained within, but removes this objection to any statement by LogMeIn;

 C. With regards Plaintiff's Exhibits 69 and 203A (analyst call transcripts), LogMeIn withdraws its hearsay objections, except with regards to the "Question and Answer" sections which will be redacted out;

 D. With regards to Plaintiff's Exhibits 179; 180; 182; and 185, LogMeIn withdraws its objections, except to the extent that this is subject to LogMeIn's motion regarding confidentiality procedures, particularly with regards to product-by-product information.

 E. LogMeIn withdraws all objections other than relevance to Plaintiff's Exhibits 61; 172; and 183.

 F. Regarding Plaintiff's Exhibits 207 and 208, LogMeIn withdraws its hearsay objection if this obviates the need for a deposition of a Microsoft employee. LogMeIn maintains relevance objections to these exhibits.

III. **01 AGREES THAT:**

 A. With regards to Defendant's Exhibits 39; 40; 148; 150-153; 168; and 298, 01 withdraws authenticity and hearsay objections, but preserves relevance objections;

 B. With Regards to Prior Art Exhibits, Defendant's Exhibits 5; 18; 21-24; 26; 31-37; 41; 42 and 252, 01 withdraws its authenticity objections, but reserves until trial objections to hearsay, especially with respect to the dates of publication;

 C. With regard to Defendant's Exhibit 164 (Automated Business Companies complaint), 01 reserves hearsay objections until trial;

 D. With regards to Defendant's Exhibits 51; 59; 61; 62; 135; 159 and 250 (IDC reports), 01 reserves it objection to admission of these documents in evidence as a whole, but agrees that experts relying on portions can read statements from the documents into the record under FRE 803 (18)(B);

 E. With respect to Defendant's Exhibits 102-105 and 226-229, 01 reserves its hearsay objections until trial;

 F. With regards to Defendant's Exhibits 116; 147; 160; 166; 171; 176; and 206 (01's objections based on Motion *in Limine* grounds), if 01's Motions *in limine* are denied, 01 will withdraw all objections other than relevance (to the extent relevance has been asserted) except that 01 reserves its hearsay objections to 116; 160; 166; and 176 until trial if the motions *in limine* or to bifurcate are denied.

Any and all other stated objections to Exhibits referred to above shall be reserved for trial.

Date: March 13, 2013                                    So Ordered: /s/Thomas Rawles Jones, Jr.
                                                                    _____
                                                                    Honorable Thomas Rawles Jones
                                                                    United States Magistrate Judge

SEEN AND AGREED:

_____                               _____
Date: March 13, 2013                                    Date: March 13, 2013

John P. Corrado (VSB 20247)                             Philip R. Seybold
A. Neal Seth (VSB 47394)                                WILMER CUTLER PICKERING HALE
Marc A. Antonetti (*pro hac vice*)                      AND DORR LLP
Katherine L. McKnight (VSB 81482)                       1875 Pennsylvania Avenue NW
BAKER HOSTETLER LLP                                     Washington, DC 20006
Washington Square, Suite 1100                           Tel: (202) 663-6000
1050 Connecticut Avenue, N.W.                           Fax: (202) 663-6363
Washington, D.C. 20036-5304                             randy.seybold@wilmerhale.com
(202) 861-1500
(202) 861-1783 (facsimile)                              Charles B. Molster III
                                                        WINSTON & STRAWN LLP
jcorrado@bakerlaw.com                                   1700 K Street, N.W.
nseth@bakerlaw.com                                      Washington, DC 20006-3817
mantonetti@bakerlaw.com                                 Tel: (202) 282-5000
kmcknight@bakerlaw.com                                  Fax: (202) 282-5100
                                                        cmolster@winston.com
Thomas H. Shunk (*pro hac vice*)
                                                        *Counsel for LogMeIn, Inc.*
PNC Building, Suite 3200
1900 E. 9th Street
Cleveland, Ohio 44114
(216) 861-7592
(216) 696-0740 (facsimile)
tshunk@bakerlaw.com


*Counsel for Plaintiff,*
*01 Communique Laboratory, Inc.*