**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC., ) ) Plaintiff, ) ) vs. ) ) LOGMEIN, INC., ) ) Defendant. ) ) | Civil Action No. 1:10-cv-01007-CMH-TRJ |

**REPLY IN FURTHER SUPPORT OF LOGMEIN, INC.'S MOTION TO QUASH TRIAL
SUBPOENA TO JAMES KELLIHER**

**I.    INTRODUCTION**

01's opposition fails to address—as it must—the most obvious factor counseling against burdening Mr. Kelliher and LogMeIn by requiring Mr. Kelliher to attend trial: that 01 already has *two* deposition transcripts from Mr. Kelliher which it may use at trial. Instead, 01 states that Mr. Kelliher's presence in Alexandria is required because "Mr. Kelliher has knowledge of LogMeIn's finances. . . [which] cannot be readily elicited from any other witness." (Pl. Opp. at 6). Mr. Kelliher's testimony need not be elicited from other witnesses because 01 has Mr. Kelliher's *own testimony* to read to the jury. Requiring 01 to use this deposition testimony is far less burdensome than requiring Mr. Kelliher to unnecessarily travel over 500 miles, leaving LogMeIn without any of its three most senior officers for several days in order for 01 to question him for what it admits would be a short duration of time. (*Id.*) Mr. Kelliher should not be required to burden himself or LogMeIn in this fashion because 01 is not satisfied with the deposition testimony it obtained, or Mr. Kelliher's declaration, which it quotes for its own purposes in its opposition. Instead, because of both the undue burden to Mr. Kelliher and

1

LogMeIn and the impropriety of service of the subpoena, 01's trial subpoena on Mr. Kelliher should be quashed.

## II. REQUIRING MR. KELLIHER TO TESTIFY WOULD BE UNDULY BURDENSOME

01's allegations regarding the importance of Mr. Kelliher as a representative for LogMeIn and the magnitude of the litigation do nothing to address the fact that to require Mr. Kelliher to testify live at trial, instead of by deposition, would be extremely burdensome. As explained in LogMeIn's Memorandum, *see* Dkt. 413 at 5-6, with LogMeIn's Chief Executive Officer and Chief Technology Officer attending some or all of the trial,[1] Mr. Kelliher's absence from LogMeIn's corporate offices, particularly during the last two weeks of LogMeIn's fiscal quarter, will be a substantial burden to Mr. Kelliher and the company.

01 has not proven, or even addressed, the fact that this burden may be entirely avoided because 01 has the information it wants to put forth in the depositions and declaration of Mr. Kelliher himself. The fact that 01 has the information it needs supports quashing the subpoena. *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 2463.1 (3d ed. 2008). ("Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv) usually raises a question of the reasonableness of the subpoena. The determination of a subpoena's reasonableness requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider

---

[1] Although LogMeIn has told 01 numerous times, including in its original Memorandum in support of this motion and its opposition to 01's Motion to Compel the Testimony of LogMeIn's Chief Technology Officer (Dkt. No. 283) that Mr. Anka will testify at trial, 01 continues to assert—inexplicably—that Mr. Anka will apparently not appear. That the Court declined to order Mr. Anka to provide his testimony on the artificial, inefficient, and prejudicial terms that 01 demanded, *see* Dkt. No. 342, does not mean that Mr. Anka will not be present at trial and available for 01 to cross examine.

whether the information is necessary and whether it is available from any other source.") That 01 may wish, as a matter of courtroom theater, to have another LogMeIn corporate officer to cross-examine is not a reason for enforcing the subpoena in light of the preexisting deposition testimony and declaration of Mr. Kelliher, and because the information that Mr. Kelliher would presumably testify to—the raw financial data on which 01's damages claim is based—is readily available in numerous LogMeIn documents on both parties' exhibit lists (and those figures are generally not disputed by either party). Indeed, LogMeIn has proposed to 01 that the parties enter into a mutual stipulation regarding certain financial data that should entirely obviate the need for Mr. Kelliher's testimony, but 01 declined.

Further, 01's representation that it will present its case in 3 days does nothing to alleviate the fact that, without a clear indication that Mr. Kelliher will be testifying on a particular day, it would still require him to be present until called. Because 01 refuses to disclose the identity of the witnesses it actually intends to call until 6:00pm the night before the witness testifies, there is no way to determine when Mr. Kelliher will need to be at trial. This would require Mr. Kelliher to set aside his schedule and leave LogMeIn in order for 01 to avoid reading from the numerous pages of testimony it already has from the witness.

### III.    THE SUBPOENA REMAINS IMPROPER

Giving little attention to the burden to Mr. Kelliher, 01 instead tries unsuccessfully to claim that its subpoena was proper, however this too is not the case.[2] *First*, as 01 itself admits, requiring service in hand is the "majority rule." (Pl. Opp. at 3). While 01 offers suggestions of

---

[2] As supported by Mr. Kelliher's declaration, (Dkt. No. 413-3), 01's allegations that he was evading service are nothing but irrelevant mud-slinging. Further, as explained in Mr. Anka's declaration submitted in connection with another motion in which 01 has accused him of evading service, 01's claims as to Mr. Anka are not only completely irrelevant, but also false. *See* Dkt. No. 451-6.

minority rules practice, the Federal Rule still "requires delivering a copy *to the named person*." Fed. R. Civ. P. 45(b)(1) (emphasis added). Despite the fact that 01 had months to effectuate service, it failed to deliver a copy of the subpoena to Mr. Kelliher himself, and therefore service is improper.

*Second*, the subpoena must also be quashed under Federal Rule 45(c)(3)(A)(ii), which requires that a subpoena should be quashed if the witness is required to travel more than 100 miles from his place of residence. As explained in LogMeIn's Motion, "Rule 45(c)(3)(A) does not confer authority for service of a subpoena; it confers authority to quash or modify a subpoena. It provides an exception to Rule 45(b)(2), not an addition to that Rule." *See JamSport Entm't, LLC v. Paradama Prods., Inc.*, No. 02 C 2298, 2005 WL 14917, at *1–*2 (N.D. Ill. Jan. 3, 2005). Therefore 01's claims that Rule 45(c)(3)(A)(ii) somehow expands this Court's power to require Mr. Kelliher's attendance is not true.

While there are differing opinions on this matter, this District has not ruled on this issue.[3] *Rosenruist-Gestao*, which 01 offers in support of its position, is inapplicable here. *See Rosenruist-Gestao E Servicos LDA v. Virgin Enterprises Ltd.*, 511 F.3d 437, 443-444 (4th Cir. 2007). *Rosenruist* concerns whether a district court may compel the appearance of a *corporation*'s 30(b)(6) designee in a particular district under a deposition subpoena that was served *on the corporation* in a contested PTO matter. *Id.* at 444-446. Indeed, the validity of the subpoena was not at issue before the Fourth Circuit. *See id.* at 444 (stating that due to the failure to appeal an earlier order, it was "**established** for the purposes of this case **that the subpoena was valid** and [the corporation] was required to obey it." (emphasis added)). *Rosenruist* has no bearing on whether 01 may enforce a trial subpoena, served on a specific person (who has

---

[3] The remaining cases 01 cites for its position are a District Court case from Washington, and another from Maine. Neither are controlling here.

already provided two depositions) in a civil suit, and is not a determination of the proper scope of Rule 45(c)(3)(A)(ii), as 01 suggests. *Rosenruist* offers no support for 01's position, and therefore its subpoena must still be quashed.

## IV. CONCLUSION

For the foregoing reasons, LogMeIn respectfully requests that this court quash 01's subpoena for Mr. Kelliher to testify at trial.

Dated: March 14, 2013

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

/S/
Philip R. Seybold
(VSB No. 73596)
Attorney for Defendant LogMeIn, Inc.
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
Email: randy.seybold@wilmerhale.com

Wayne L. Stoner (admitted *pro hac vice*)
Vinita Ferrera (admitted *pro hac vice*)
Rachel Gurvich (admitted *pro hac vice*)
Silena Paik (admitted *pro hac vice*)
Alexandra Amrhein (admitted *pro hac vice*)
Leslie Pearlson (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
Fax: (617) 526-5000
Email: Wayne.Stoner@wilmerhale.com
Email: Vinita.Ferrera@wilmerhale.com
Email: Rachel.Gurvich@wilmerhale.com
Email: Silena.Paik@wilmerhale.com

Email: Alexandra.Amrhein@wilmerhale.com
Email: Leslie.Pearlson@wilmerhale.com

Nathan Walker (admitted *pro hac vice*)
Arthur W. Coviello (admitted *pro hac vice)*
950 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 858-6000
Fax: (650) 858-6100
Email: Nathan.Walker@wilmerhale.com
Email: Arthur.Coviello@wilmerhale.com

Charles B. Molster, III
(VSB No. 23613)
Attorney for Defendant LogMeIn, Inc.
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 282-5988
Fax: (202) 282-5100
Email: cmolster@winston.com

*Attorneys for Defendant LogMeIn, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2013, the foregoing document was served electronically upon the following counsel of record:

A. Neal Seth
John P. Corrado
Katherine Lea McKnight
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
Tel.: (202) 861-1500
Email: nseth@bakerlaw.com
Email: jcorrado@bakerlaw.com
Email: kmcknightbakerlaw.com

*Attorneys for Plaintiff 01*
*Communique Laboratory, Inc.*

/S/
Philip R. Seybold
(VSB# 73596)
Attorney for Defendant LogMeIn, Inc.
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 2006
Tel.: (202) 663-6000
Fax: (202) 663-6363
Email: randy.seybold@wilmerhale.com