IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-CV-01007-CMH-TRJ |
| ) | |
| LOGMEIN, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
ITS MOTION TO PRESENT AT TRIAL VIDEO EXHIBITS**

On Friday, March 8, Plaintiff 01 Communique Laboratory, Inc. ("01") filed its Motion to Present at Trial Video Exhibits (ECF No. 420), pursuant to Local Civil Rule 83.3(A)(1) and this Court's prior ruling (ECF No. 267) granting permission to present certain types of exhibits permitted to be shown using the courtroom's technology (the "Ruling"). Specifically, 01 sought relief from the Ruling to include permission to present a limited number of short video exhibits. As a basis for requesting this permission, 01 identified in its Motion the evidentiary value of these videos. Yesterday, Defendant LogMeIn, Inc. ("LogMeIn") filed its opposition brief focused on the admissibility of the video exhibits described by 01. Whereas 01's request for *permission* to show these video exhibits may and should be granted now, LogMeIn's assertions regarding the *admissibility* of these exhibits cannot and should not be resolved until the time of trial.

I.      **Logmein Did Not Object To The Permissibility Of Showing 01's Proposed Video Exhibits At Trial**

In its opposition brief, LogMeIn does not object to, let alone address, the permissibility of 01 using courtroom technology to show to the jury the videos specified in 01's Motion. For this reason, 01 respectfully requests that the Court treat this point as conceded by LogMeIn and proceed with assessing 01's request for relief from the Ruling based on this concession.

II.     **LogMeIn's Admissibility Objections Should Have Been Raised *In Limine* Or Be Raised And Resolved At The Time Of Trial**

LogMeIn makes a series of admissibility arguments in its opposition brief which are properly the subject of either a motion *in limine* or an objection at trial. Def.'s Br. 4-8, Mar. 13, 2013 (ECF. No. 442) ("Def.'s Br.") (asserting arguments against the ***admission*** of the three videos such as relevance, prejudice, hearsay). LogMeIn claims that the videos identified as Plaintiff's Exhibit ("PX") 19 and 51 should be precluded from trial because they were not produced during discovery, are prejudicial, constitute hearsay, and PX 51, in particular, was not addressed in Dr. Andrew Grimshaw's expert report. LogMeIn claims that PX 17 should be precluded from trial because it is hearsay and prejudicial. LogMeIn should not be permitted to turn their opposition brief to this Motion into a motion *in limine*, providing 01 with fewer than 24 hours to formulate its opposition in this reply brief. However, and without waiving any rights to additional arguments against LogMeIn's admissibility arguments at trial including but not limited to LogMeIn's misleading application of case law, there are several points in LogMeIn's opposition brief that require correction here.

First, and as a basis for most if not all of its objections related to prejudice, LogMeIn claims that it did not receive PX 19 and PX 51 during discovery. LogMeIn asserts that Dr. Grimshaw's expert report does not reference PX 51 and, therefore, he should not be permitted to

testify regarding PX 51 at trial. However, Dr. Grimshaw's infringement analysis included *actual use* of the LogMeIn system depicted in PX 51, and Dr. Grimshaw is the *user* in the PX 51 video. LogMeIn had sufficient time to examine Dr. Grimshaw's opinion regarding actual use of the LogMeIn system *during discovery* and their attempt to exclude PX 51 on this ground is without support. Similarly, Mr. Cheung, the *user* in the PX 19 video, and the inventor of the service at issue, was available *during discovery* to testify regarding the actual use of the 01 product had LogMeIn been interested in deposing him on this subject. LogMeIn's assertion that PX 19 and PX 51 were not produced during discovery is therefore misleading. The actual use of the services depicted in PX 19 and PX 51 were a, if not the primary, subject of discovery. Dr. Grimshaw and Mr. Cheung were available to discuss this topic during discovery and they will be available to discuss this topic again at trial.

     LogMeIn's assertions that PX 19 and PX 51 are "nonverbal" hearsay are, without exaggeration, completely unfounded. Andrew Cheung and Dr. Andrew Grimshaw prepared these videos and they will be available at trial to testify as to the recording of the video exhibits. "Nonverbal" hearsay "means a *person's* [ . . .] nonverbal conduct." Fed. R. Evid. 801(a). In fact, the very definition of hearsay is limited to "statements," as defined by the Rule, by a *person* or a *party*. Fed. R. Evid. 801. That the services depicted in PX 19 and PX 51 react in a certain way to Mr. Cheung's and Dr. Grimshaw's prompts is not "a *person's*" conduct but rather the conduct of the services at issue. Moreover, even if the performance of LogMeIn's service, as depicted in PX 51, was deemed a "statement" under Rule 801(a), which it is not, this "statement" was "made" by LogMeIn and therefore would be deemed one of the "Statements That Are Not Hearsay" under Rule 801(d)(2) (excluding from the definition of hearsay statements those made by, and asserted against, an opposing party). LogMeIn's assertions of hearsay against PX 19

and PX 51 should be disregarded.

Notably, LogMeIn does not object to the accuracy of the proposed video exhibits and *admits* that "[t]he videos show a similar user experience on the computer screen when using either the 01 or the LogMeIn product." Def.'s Br. 6. LogMeIn uses words like "apparently," "allegedly," and "purportedly," to qualify its description of what PX 19 and PX 51 show but never claims that the videos are inaccurate representations of the actual exercise of the services at issue. Def.'s Br. 2-3. Moreover, LogMeIn's arguments that these videos "apparently," "allegedly," or "purportedly," show certain things all go to the *weight* not the *admissibility* of the evidence, arguments which LogMeIn can make to the jury.

**III.    The Videos Should Be Permitted At Trial For The Reasons Identified In 01's Motion**

01's request for permission to present video exhibits at trial, as supported and discussed in 01's Motion, is uncontroverted by LogMeIn. LogMeIn's objections as to the *admissibility* of these exhibits are unsupported for some of the reasons identified *supra*, at section II, but, regardless of their merit, these objections should be addressed at the time of trial considering LogMeIn's failure to file a motion *in limine* regarding the same.

WHEREFORE, 01 respectfully requests that its Motion be GRANTED.

4

Date: March 14, 2013

                               */s/*
Baker & Hostetler LLP
John P. Corrado (VSB 20247)
Marc A. Antonetti (*pro hac vice*)
A. Neal Seth (VSB 47394)
Katherine L. McKnight (VSB 81482)

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5304
(202) 861-1500
(202) 861-1783 (facsimile)
jcorrado@bakerlaw.com
mantonetti@bakerlaw.com
nseth@bakerlaw.com
kmcknight@bakerlaw.com

Thomas H. Shunk (*pro hac vice*)

PNC Building, Suite 3200
1900 E. 9th Street
Cleveland, Ohio  44114
(216) 861-7592
(216) 696-0740 (facsimile)
tshunk@bakerlaw.com

*Counsel for Plaintiff,*
*01 Communique Laboratory, Inc.*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Plaintiff's Reply Brief In Support Of Its Motion To Present At Trial Video Exhibits has been served electronically, on March 14, 2013, to the following counsel of record:

Philip R. Seybold
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
randy.seybold@wilmerhale.com

Charles B. Molster III
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100
cmolster@winston.com

*Counsel for LogMeIn, Inc.*

                              /s/

A. Neal Seth (VSB 47394)
John P. Corrado (VSB 20247)
Katherine L. McKnight (VSB 81482)

*Counsel for Plaintiff*