# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

01 COMMUNIQUE LABORATORY, INC.,

    Plaintiff,

v.                           Civil Action No. 1:10-cv-1007

LOGMEIN, INC.,

    Defendant.

FILED JUN 25 2013 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff 01 Communique Laboratory, Inc.'s Combined Motion for Judgment as a Matter of Law, New Trial, and for Correction of Judgment and Defendant LogMeIn, Inc.'s Renewed Motion for Judgment as a Matter of Law, Motion for Judgment of Unenforceability and Conditional Motion for New Trial.

Plaintiff 01 Communique Laboratory, Inc. ("01") is the holder of U.S. Patent No. 6,928,479 ("the '479 Patent"). LogMeIn, Inc. ("LogMeIn") is a supplier of computer remote access products. 01 brought suit against LogMeIn alleging infringement of the '479 patent which involves technology enabling one computer to access another computer remotely via the Internet. This Court granted summary judgment of noninfringement in favor of Defendant LogMeIn in May 2011. The

1

United States Court of Appeals for the Federal Circuit vacated the judgment and remanded for further proceedings based on the claim construction of location facility. After a jury trial in March 2013, the jury made a finding of non-infringement of claim 24 of the '479 patent by the LogMeIn architecture in favor of Defendant LogMeIn, and made a finding of validity as to claim 24 of the '479 patent in favor of Plaintiff 01. Following trial, both 01 and LogMeIn submitted the instant motions to dispose of the issues remaining in the case.

The issues now raised by both parties were in dispute at the time of trial, and the facts and evidence went before the jury. There was ample evidence to support the verdict and the verdict was reasonable. Therefore, a new trial is not warranted and LogMeIn's Renewed Motion for Judgment as a Matter of Law with respect to the invalidity of claim 24 of the '479 patent should be denied.

Additionally, 01's Motion for Judgment as a Matter of Law as to infringement should be denied for the aforementioned reasons and because LogMeIn did not introduce improper facts or evidence in relation to the claim construction of location facility or to its own patents, and the Court properly instructed the jury on the definition of location facility and the issue of Defendant's patents. Bifurcation of the trial as to the inequitable conduct issue was not required in this case,

and the decision not to bifurcate also does not provide grounds for a new trial.

As to LogMeIn's affirmative defenses of laches and equitable estoppel, and its assertion that 01's failure to present sufficient evidence to establish a reasonable royalty or any other award of damages and assertion that 01's failure to present evidence from which any reasonable juror could find that any infringement by LogMeIn was willful, are all rendered moot by the Court's entry of judgment of no infringement in favor of LogMeIn on April 2, 2013.

The final issue in the case is whether inequitable conduct occurred during the prosecution of the '479 patent, due to the nondisclosure of U.S. Patent No. 7,130,888 ("'888 patent"), rendering the '479 patent unenforceable. LogMeIn contends that Andrew Cheung ("Cheung"), one of the inventors of the '479 patent and the CEO of 01, was aware that the '888 patent was material and failed to disclose it. LogMeIn argues that Cheung was aware of the materiality of the '888 patent based on the fact that 01 was sued for infringement of the '888 patent by Accolade, the owner of the '888 patent, prior to the reexamination of the '479 patent, and thereafter 01 entered into a settlement agreement.

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent."

3

Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1285 (Fed. Cir. 2011). LogMein raised inequitable conduct as an affirmative defense and was required to establish two separate elements: "the materiality of the withheld reference and the applicant's intent to deceive the [Patent Office.]" Aventis Pharma S.A. v. Hospira, Inc., 675 F.3d 1324, 1334 (Fed. Cir. 2012). "Prior art is but-for material if the [Patent Office] would not have allowed a claim had it been aware of the undisclosed prior art." Therasense, Inc., 649 F.3d at 1291.

LogMeIn failed to present direct evidence of wrongful intent to withhold disclosure of the '888 patent, thus in order "to meet the clear and convincing evidence standard, the specific intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'" Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1290 (Fed. Cir. 2011) (quoting Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d 1357, 1366 (Fed. Cir. 2008)). "Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the Patent Office does not prove specific intent to deceive." Id.

Dr. Gregory Ganger, technical expert for 01, provided detailed testimony that the '888 patent did not anticipate claim 24 of the '479 Patent. He testified that the '888 patent does not disclose, as required by claim 24 of the '479 patent, at

4

least the following limitations: "determining a then current location of the personal computer", "location facility", "whether the personal computer is linked to the Internet. . .with a publicly unaddressable dynamic LAN IP address", and "creat[e] a communication channel between the remote computer and the personal computer" when the personal computer has a publicly un-addressable IP address. Dr. Ganger also testified that a reasonable examiner would not have found the '888 patent material to the patentability of claim 24 of the '479 patent, or in conflict with any argument made by 01 in the course of prosecuting the '479 patent. Though Dr. Samrat Bhattacharjee, technical expert for LogMeIn, testified to his opinion that each of the elements of claim 24 of the '479 patent could be found in the '888 patent specification, his opinion was flawed, as Dr. Ganger explained, because Dr. Bhattacharjee's opinion was based on an incorrect assumption about the functioning of the Java applets referenced in the '888 patent. The evidence did not show that the PTO would not have allowed a claim had it been aware of the undisclosed prior art, and thus "but for" materiality of the '888 patent was not sufficiently established.

Further, Andrew Cheung, one of the inventors of the '479 patent, testified that although he was aware of the '888 patent during the reexamination of his '479 Patent, he did not bring the '888 patent to the attention of the Patent Office during the

reexamination because it did not occur to him to bring it to the examiner's attention as the technology of the '888 patent was unrelated to the '479 patent. Various inferences can be made from Cheung's actions, but the single most reasonable inference to be drawn from the evidence presented is not intent to deceive the Patent Office. Defendant did not establish that Cheung knew that the '888 was material and made a deliberate decision to withhold it with intention to deceive the Patent Office. In addition, "often the patentability of a claim will be congruent with the validity determination . . ." Therasense, 649 F.3d, at 1292. The jury considered the evidence presented at trial and found the '479 patent to be valid. LogMeIn did not adequately prove the defense of inequitable conduct and the '479 patent is enforceable, thus LogMeIn's Motion for Judgment of Unenforceability due to inequitable conduct should be denied. An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
June 25, 2013